**Exhibit C**

**PTIF Board Resolution**

# BOARD RESOLUTION

# PORTUGAL TELECOM INTERNATIONAL FINANCE B.V.

## DATED May, 30, 2025

**1  Introduction**

This is a resolution by the entire management board (the **Board**) of **Portugal Telecom International Finance B.V.**, having its official seat (*statutaire zetel*) in Amsterdam, the Netherlands, registered with the Dutch trade register under number 34108060 (the **Company**).

**2  Background**

2.1  The Company is a subsidiary of Oi S.A. (**Oi**). In the recent years, Oi and its group companies (which includes the Company) (the **Group**) have experienced financial and economic difficulties and the Group suffers and continues to suffer from a large amount of indebtedness.

2.2  On 31 January 2023, Oi and a number of its subsidiaries, including the Company, filed for a Brazilian judicial, in-court restructuring, the *recuperacao judicial* (the **RJ**) that is pending before the applicable Brazilian bankruptcy court of jurisdiction, pursuant to Law No. 11.101/05 and other applicable laws (the **Brazilian Proceeding**), as well as appointed and granted power of attorney to Antonio Reinaldo Rabelo Filho to act as 'foreign representative' for the Brazilian Proceeding, including powers for seeking any relief available (i) to a foreign representative, as defined in the US Code, title 11 (the **US Bankruptcy Code**), Chapter 15, and (ii) to a foreign representative, as defined in Article 2 of the Cross Border Insolvency Regulations 2006, in accordance therewith or other applicable laws, the Foreign Representative (as defined below) being authorized in the aforementioned matters to act as the Company's representing agent in the Brazilian Proceeding, including to commence, if and when needed, any ancillary recognition or other proceeding in support of the Brazilian Proceeding (each a: **Supporting Foreign Proceeding**).

2.3  On 8 February 2023, Antonio Reinaldo Rabelo Filho filed petitions with the US Bankruptcy Court for the Southern District of New York (the **NY Court**) for recognition of the Brazilian Proceeding in the United States and commenced cases under Chapter 15 of the US Bankruptcy Code (the **Chapter 15 Cases**) for Oi, the Company and affiliate Oi Brasil Holdings Coöperatief U.A. (together, the **Chapter 15 Debtors**).

2.4  On 29 March 2023, the NY Court granted recognition in the United States of the Brazilian Proceeding as a 'foreign main proceeding' with respect to all Chapter 15 Debtors. The Chapter 15 Cases are still pending before the NY Court.

**3  Proposal**

3.1  It is proposed that the Company revokes the power of attorney which was granted to <u>Antonio Reinaldo Rabelo Filho</u> on 31 January 2023, following which Antonio Reinaldo Rabelo Filho was appointed as 'foreign representative' of the Company (**Current Power of Attorney**).

3.2  It is furthermore proposed that the Company:

(a)  appoints <u>Rodrigo Caldas de Toledo Aguiar</u>, acting independently, as its foreign representative with full powers to represent the Company in the Netherlands and abroad, and act as the representative of the Company (i) in the Brazilian Proceeding, (ii) the Chapter 15 Cases and (iii) in any other Supporting Foreign Proceeding (**Foreign Representative**); and

(b) approves that the Foreign Representative takes any and all action on behalf of the Company (to extent allowed under Dutch law) that the Foreign Representative deems necessary for such relief and any further related relief that he deems prudent to seek in any Brazilian Proceeding, the Chapter 15 Cases, and/or Supporting Foreign Proceeding, as well as to perform all acts necessary for the faithful execution of this power of attorney,

(together: **New Power of Attorney**).

## 4 Resolution

4.1 The Board resolves to revoke the Current Powers of Attorney, with effect as per the date of the execution of this resolution.

4.2 The Board hereby resolves to appoint Rodrigo Caldas de Toledo Aguiar as Foreign Representative with effect as per the date of the execution of this resolution and resolves to approve that Rodrigo Caldas de Toledo Aguiar in said capacity is hereby granted the New Power of Attorney.

## 5 Acts by the Company

5.1 To the extent required, the Board, acting on behalf of the Company, revokes the Current Power of Attorney with effect as per the date of the execution of this resolution.

5.2 To the extent required, the Board, acting on behalf of the Company, irrevocably appoints Rodrigo Caldas de Toledo Aguiar, as its Foreign Representative under the New Power of Attorney, with effect as per the date of the execution of this resolution.

5.3 The Company indemnifies Rodrigo Caldas de Toledo Aguiar and any person designated by him against any liability incurred in connection with the New Power of Attorney.

5.4 The New Power of Attorney also applies to situations where Rodrigo Caldas de Toledo Aguiar also acts as the Company's counterparty (*Selbsteintritt*) or as a representative of the Company's counterparty and the New Power of Attorney has also been granted for the benefit of the Company's counterparty.

5.5 The Company, when so requested, will ratify whatever Rodrigo Caldas de Toledo Aguiar shall lawfully do or cause to be done pursuant to the powers conferred to Rodrigo Caldas de Toledo Aguiar under the New Power of Attorney.

5.6 The New Power of Attorney is governed by Dutch law.

## 6 Confirmations by the Board

6.1 The Board confirms that the articles of association of the Company do not preclude the adoption of board resolutions without holding a meeting.

6.2 The Board confirms that:

(a) no resolution has been adopted concerning a statutory merger or demerger involving the Company as disappearing entity, a conversion or the voluntary liquidation of the Company;

(b) the Company has not been dissolved, declared bankrupt, granted a suspension of payments, subjected to any composition proceeding or subjected to any other insolvency proceeding and no corporate action, legal proceeding or other procedure or step has been taken in relation thereto;

2

(c) the Company has not received a notice concerning its dissolution in accordance with Section 2:19a of the Dutch Civil Code that the assets of the Company have not been placed under administration; and

(d) the Company has its centre of main interests in the Netherlands.

6.3 The Board confirms that there are no board regulations (*directiereglement*) containing provisions which would preclude the Board from validly adopting this resolution.

6.4 The Board confirms that the general meeting of the Company has not subjected any resolution of the Board to its approval.

6.5 The Board confirms that the Company has not established, has not been requested to establish nor is in the process of establishing any works council (*ondernemingsraad*) and that there is no works council which has jurisdiction over these resolutions.

**7** **Confirmations by members of the Board**

The sole member of the Board confirms:

(a) not to have a direct or indirect personal interest in respect of this resolution which conflicts with the interest of the Company and the enterprise connected with it; and

(b) not to have been imposed with a civil law director disqualification or suspension to act as a director and not to be aware of any request for such disqualification or suspension.

*Signature page follows*



**Signature page**

Signed by the sole member of the Board.

Signed for and on behalf of **CVTEL B.V.** by,

| | |
|---|---|
| *Assinado por:* *Marcelo José Milliet* — 9E53305DD8A841E... | *Signed by:* *Rodrigo Caldas De Toledo Aguiar* — B6937D50660B447... |
| Name: **Marcelo José Milliet** | Name: **Rodrigo Caldas de Toledo Aguiar** |
| Title: Managing Director B | Title: Director A |

4