**Current Hearing Date: August 6, 2025, 2025 at 10:00 a.m.**
**Current Objection Deadline: July 30, 2025, 2025 at 4:00 p.m.**

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Michael Carlinsky
Benjamin I. Finestone
Mario O. Gazzola
Jeremy Baldoni
Lindsay Weber
295 5th Avenue, 9th Floor
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
mariogazzola@quinnemanuel.com
jeremybaldoni@quinnemanuel.com
lindsayweber@quinnemanuel.com
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

K. John Shaffer (*pro hac vice pending*)
865 S Figueroa St, 10th Floor
Los Angeles, CA 90017
johnshaffer@quinnemanuel.com
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Oi S.A. *et al.*,<br><br>Debtors in a Foreign Proceeding.[1] | Chapter 15<br><br>Jointly Administered<br><br>Case No. 23-10193 (JPM) |

**NOTICE OF BRAZILIAN APPELLATE COURT DECISION AND REQUEST FOR CONTINUANCE OF HEARING AND OBJECTION DEADLINE [ECF 46]**

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Oi S.A. (01-43 – Brazil), Oi Brasil Holdings Coöperatief U.A. (8447 – Netherlands), Portugal Telecom International Finance B.V. (5023 – Netherlands).

BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A. ("V.tal") is an administrative, postpetition creditor in the Brazilian judicial reorganization of Oi S.A. and its affiliates (the "Debtors"). V.tal holds over $156,449,909.60 in claims that were authorized by the Brazilian court, in a proceeding that was recognized by this Court in its chapter 15 recognition order [ECF 30] and its order enforcing the Brazilian plan [ECF 42].[2]

V.tal wishes to advise this Court of significant developments in the Debtors' Brazilian judicial reorganization and, on the basis of those developments, respectfully requests a continuance of the August 6 hearing and the July 30 objection deadline for the Debtors' *Motion To Terminate The Recognition Order And Dismiss The Chapter 15 Cases*, ECF 46 ("Chapter 15 Termination Motion" or "Mot.").[3] To be clear, V.tal believes that the Chapter 15 Termination Motion ultimately will be denied on multiple grounds, and that any chapter 11 case in the United States would be both an affront to Brazilian sovereignty and nearly ten-years of restructuring efforts in that country, and ineffective in any event. For now, however, V.tal simply asks that this Court respect the Brazilian court's request—described below—that the Court defer any action on the Chapter 15 Termination Motion.

Earlier today, Judge Monica Maria Costa di Piero of the Court of Justice of the State of Rio de Janeiro ("Judge Monica Costa" and "Brazilian Appellate Court")—which hears appeals in the Debtors' judicial reorganization—issued the attached order, which, among other things, respectfully requests that:

---

[2]    The Court's Order (I) Granting Full Force And Effect To The Brazilian RJ Plan In The United States And (II) Granting Related Relief [ECF 42] made the Debtors' Brazilian plan obligations "enforceable obligations of the Chapter 15 Debtors that are not subject to any modification or override except in accordance with their express terms" (at ¶ 17).

[3]    Pursuant to the Court's Chambers Rules, V.tal will email Chambers with this request for adjournment.

2

> [B]efore issuing any decision in Oi Group's Chapter 15 proceeding, [this Court should] await… (i) the decision of the Brazilian Court on the verification and consequences of the previously reported non-compliance with the Plan for Court-Supervised Reorganization (JRP) and (ii) the request for amendment of the JRP in the main proceeding underway in Brazil.

Decision of Judge Monica Costa of the First Chamber of Private Law of the Court of Justice of the State of Rio de Janeiro, Interlocutory Appeal No. 0059754-91.2025.8.19.0000, Exhibit C at 1 (certified translation of the decretal portions of the Decision); *see also* Exhibits A (original Portuguese) at 19, and B (unofficial English translation) at 19.[4]

As explained by Judge Monica Costa, this request is conveyed:

> in order to preserve legal certainty and the authority of the national jurisdiction, while respecting the sovereignty of the countries involved and the harmonization of the cross-border legal system …

Exhibit B at 19.

Judge Monica Costa's Decision details how the Brazilian restructuring process remains ongoing—contrary to the Debtors' inaccurate assertions to this Court that their plan has been "sufficiently implemented", Mot. at ¶ 47—and the yet-to-be-determined results of that process are critical not only to creditors such as V.tal, but also to the Brazilian public and numerous governmental agencies. The ongoing process includes not only the plan amendments sought by the Debtors, but also a detailed investigation of the Debtors' finances ordered by the Brazilian bankruptcy court. Among other things, the Brazilian courts learned that, at the same time that the Debtors were asserting that they were running out of cash, they approved an "extreme increase of the bonus of the Executive Board." *See* ECF 54-1, at 8 of 12. In addition to temporarily

---

[4] Given time constraints, V.tal was only able to obtain a certified translation of the decretal portions of the Decision, which is attached hereto as Exhibit C. V.tal will file a certified translation of the entire Decision when it is available. As to the remainder of the Decision, and pending a complete certified translation, V.tal is using a computer-generated translation with minor corrections, which is attached hereto as Exhibit B.

3

suspending these "inappropriate" bonuses, the Brazilian bankruptcy court has ordered a "WatchDog" to investigate the Debtors' actions for "possible practice of abuse or fraud," and also "to assess the accuracy of the [financial] data provided" by the Debtors. *See id.* at 8 of 12.

The Brazilian Appellate Court also reaffirms that nearly *all* of the Debtors' assets remain in Brazil, and that "[t]here is *no doubt* … that the entire operational activity of the OI Group is located in Brazil." Exhibit B at 18 (emphasis added). Accordingly, the court noted that both the Brazilian and U.S. courts on multiple times have found Brazil to be the Debtors' center of main interests, including in this chapter 15 case. Exhibit B at 16-18. The Brazilian Appellate Court also found that:

> The prevalence of Brazilian jurisdiction in this case is also supported by the legal interests involved, which are strongly linked to issues of public order, the provision of a public communication service, social issues and the social function of the Oi Group, including obligations before the TCU [Brazil's Budget Oversight Court] and public bodies at various levels of the Brazilian national federation.

Exhibit B at 18. The Brazilian Appellate Court thus concluded:

> Therefore, considering that we are in the period of sovereignty of the Brazilian jurisdiction and the approved plan has not been fully implemented by the Recovering Parties, it must be concluded, as a matter of principle, that the measure brought before the Foreign Court [Southern District of New York] could have a direct impact on the credits restructured in this judicial reorganization. This is why it is necessary, given the seriousness and urgency of the matter, and in order not to suppress the case, to simply order that the [above quoted] communication addressed to the United States Federal Bankruptcy Court, Southern District of New York, be added.

*Id.*

The Brazilian Appellate Court's Decision also raises *extremely troubling* concerns about the Debtors' Chapter 15 Termination Motion and the representations they have made to this Court about the Brazilian proceedings. Among other things, the Debtors' CEO, Marcelo José Milliet, declared *under penalty of perjury* that "[t]he Oi Group has discussed this possibility of filing chapter 11 cases in the United States," and that "the reporting Justice from the Court of Appeals,

4

and the judges expressed support for the strategy." Declaration Of Marcelo José Milliet, ECF 48, at ¶ 24 & n.6. That is not true. Neither the Brazilian Bankruptcy Court nor the Appellate Court has "expressed support" for chapter 11 during the pendency of the Brazilian RJ. To the contrary, in addition to recommending that this Court defer consideration of dismissal of the chapter 15 case until after the Brazilian plan amendment process and investigation of the Debtors' non-compliance with the Brazilian plan are completed, Judge Monica Costa of the Appellate Court stated:

> Nevertheless, send a copy of the present decision to the Federal Bankruptcy Court of the United States, Southern District of New York… with the reservation that ***there is no judicial pronouncement by this jurisdiction agreeing to the initiation of other proceedings involving the restructuring of OI Group in other jurisdictions.***

Exhibit C, at 1 (emphasis added). And the Brazilian Bankruptcy Court has issued no ruling supporting a Chapter 11.

The Debtors similarly have provided misleading information about the status of the Brazilian proceedings, including in "*Statement Notifying The Court Of Developments In The Brazilian RJ Proceeding Pursuant To 11 U.S.C. § 1518*" [ECF 52] filed just two days ago. Although the Debtors attach an unofficial English translation, they say nothing about the investigation the Brazilian bankruptcy court ordered for possible "abuse or fraud," and the accuracy of the Debtors' financial reporting. ECF 52-1 at 17 of 19. Nor did the Debtors properly convey the bankruptcy court's message to this Court, which was not only that the Debtors were not in compliance with their Brazilian plan, but that such noncompliance was "*without justification*." ECF 54-1 at 10 of 12 (emphasis added).

## CONCLUSION

V.tal respectfully requests that this Court honor the Brazilian Appellate Court's request that it defer consideration of the Chapter 15 Termination Motion pending the decision of the Brazilian

5

Courts regarding both the verification and consequences of non-compliance with the Brazilian reorganization plan, and the Debtors' pending request for an amendment to the Brazilian reorganization plan. V.tal also requests that during such deferral, the Court continue the hearing on the motion and the objection deadline.

| | |
|---|---|
| Dated: July 25, 2025<br>New York, New York | **QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP**<br><br>*/s/ Benjamin Finestone*<br>Michael Carlinsky<br>Benjamin I. Finestone<br>Mario O. Gazzola<br>Jeremy Baldoni<br>Lindsay Weber<br>295 5th Avenue, 9th Floor<br>New York, NY 10016<br>michaelcarlinsky@quinnemanuel.com<br>benjaminfinestone@quinnemanuel.com<br>mariogazzola@quinnemanuel.com<br>jeremybaldoni@quinnemanuel.com<br>lindsayweber@quinnemanuel.com<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>K. John Shaffer (*pro hac vice pending*)<br>865 S Figueroa St, 10th Floor<br>Los Angeles, CA 90017<br>johnshaffer@quinnemanuel.com<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>*Counsel to BGC Fibra Participações S.A. and<br>V.tal – Rede Neutra de Telecomunicações S.A.* |