**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, 9th Floor, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7102**

WRITER'S EMAIL ADDRESS
**mariogazzola@quinnemanuel.com**

July 31, 2025

**By ECF Filing**

Hon. John P. Mastando
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Re:  *In re Oi S.A., et al.* Case No. 23-10193 (JPM)

Dear Your Honor:

We write on behalf of our clients BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A. (collectively, "V.tal"), interested parties in this chapter 15 case, regarding developments in discovery in connection with the *Motion to Terminate the Recognition Order and Dismiss the Chapter 15 Cases* [ECF No. 46] (the "Motion") filed by Rodrigo Caldas de Toledo Aguiar, the foreign representative with respect to the jointly-administered judicial reorganization ("Foreign Representative") of Oi S.A. ("Oi"), on July 7, 2025, and currently scheduled for hearing on August 6, 2025 (the "Hearing").

On July 22, 2025, V.tal served discovery requests and noticed depositions of three key witnesses in connection with the Motion: the Foreign Representative (who is also Oi's CFO), and the two individuals who filed declarations in support of the Motion.[1]  In a meet and confer on July 30, 2025, counsel to Oi expressed that Oi *may* be able to begin producing documents on a "rolling" basis starting on Friday, August 1, 2025—just one business day before depositions commence—but could not make any promises any production would be ready in time.  Counsel to Oi also represented that the majority of Oi's production is likely to be in Portuguese, which documents will need to be translated before they can be used in a deposition.  These two issues alone make it impractical—if not impossible—for depositions noticed for August 4, 2025 to proceed. Additionally, Oi has noticed depositions of ***five*** different individuals from V.tal, meaning the

---

[1] V.tal also served a 30(b)(6) notice, with the expectation that the topics would be divided between the three individual witnesses, which Oi has since confirmed.

Parties must fit depositions of eight individuals into two days.[2] There is simply not enough time to complete all of this discovery—most of it propounded by Oi—before August 6, 2025.

Complicating matters further, there are several brewing discovery disputes between the Parties. Among other things:

1. Despite leading the argument section of the Motion with a section titled "The Grounds for Granting The Recognition Order Have Ceased to Exist …," Oi has not agreed to produce documents in response to V.tal's Request For Production No. 26, requesting documents "relating to the 'grounds for granting' Chapter 15 recognition and whether, and how, such grounds were or were not 'fully or partially lacking or have ceased to exist,'"[3] Ex. A (Oi Responses and Objections to V.tal's Requests For Production), or to produce a 30(b)(6) witness on the same topic, Ex. B (Oi Responses and Objections to V.tal's 30(b)(6) topics);

2. Oi has asserted generally that any documents relating to the center of main interests or the grounds for recognition are irrelevant;

3. Oi has not yet confirmed that all three of its deponents are available to travel to New York[4] for their depositions, having asserted that one purportedly has a conflict[5];

4. Oi has thus far refused to give V.tal a list of all participants in the purported June 11, 2025 meeting between certain unnamed Oi "representatives and counsel" and the "Brazilian RJ Court and the reporting Justice from the Court of Appeals," ECF 48 ¶ 24 n.6. Counsel for

---

[2] Oi noticed V.tal's declarant, Thiago Braga Junqueira, as well as four V.tal board members and executives: Bruno Giovenazzi, Antonio Secondo Mazzola, Felipe Campos, and Mariana Nishimura. V.tal questions whether *any* of the non-declarant witnesses are relevant to Oi's motion to terminate, and believes they were all noticed purely for tactical purposes. Indeed, on July 31, 2025, Oi offered to withdraw its requests to depose Mr. Giovenazzi, Mr. Campos, and Ms. Nishimura, if V.tal would agree to withdraw its notice to the Foreign Representative, making clear that Oi's intent in noticing five depositions was a ploy to avoid the deposition of the witness best positioned to testify about Oi's financial condition—which Oi cites as purportedly supporting the extraordinary relief it seeks.

[3] At the Parties' July 30, meet and confer, counsel for Oi suggested Oi would not "exclude" documents responsive to this request if such documents hit upon search terms, but would not affirmatively search for documents responsive to this request, and indeed, Oi proposed no search terms for this request.

[4] It is illegal to take depositions in Brazil, including video depositions of witnesses located in Brazil. U.S. Department of State – Bureau of Consular Affairs, *Brazil Judicial Assistance Information*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Brazil.html (*see* "Taking Voluntary Depositions of Willing Witnesses"); *id.* ("Brazilian law views the taking of depositions for use in foreign courts as an act that may be undertaken in Brazil only by Brazilian judicial authorities. The Government of Brazil asserts that, under Brazilian Constitutional Law, only Brazilian judicial authorities are competent to perform acts of a judicial nature in Brazil. Brazil has advised it would deem taking depositions in Brazil by foreign persons to be a violation of Brazil's judicial sovereignty. Such action potentially could result in the arrest, detention, expulsion, or deportation of the American attorney or other American participants. . . . It is the State department's understanding that the Brazilian prohibition on taking depositions by foreign persons extends to telephone or video teleconference depositions initiated from the United States of a witness in Brazil."); *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 430 (N.D. Cal. 2008) (ordering Brazilian witnesses to travel for depositions in the U.S. because "it apparently is illegal for American lawyers to take depositions in Brazil and they do so at risk of imprisonment"); *id.* at 430 n.3 (prohibition against deposition testimony in Brazil extends to telephonic and video conference depositions).

[5] In light of Oi's last-minute attempt to barter away the Foreign Representative's deposition for those of three V.tal witnesses, V.tal suspects that the witness that has a "conflict" is the Foreign Representative himself.

    Oi has also stated it cannot make such individuals document custodians (even for the limited requests relating to the June 11, 2025 meeting only), but conceded that if Oi had a couple more weeks, it could have produced those documents[6];

5. Oi has taken the position that it will not produce documents unless V.tal agrees to a protective order that prohibits full transparency with the Brazilian RJ Court, by prohibiting using documents produced in these chapter 15 proceedings in the Brazilian RJ Proceedings this proceeding was initiated to support;

6. Oi has refused to produce key, readily available documents, such as deposition and testimony transcripts from Oi's prior chapter 15 proceedings—presumably because Oi does not want to produce its prior testimony in which Oi witnesses explain that Oi's restructuring should occur in Brazil;

V.tal is hopeful that the Parties could resolve these disputes without Court intervention if they have more time. But, with depositions coming up on Monday, August 4, and Tuesday, August 5, for a Wednesday, August 6 hearing, there is simply no time to do so.

Without resolution of these disputes and production of the requested materials, V.tal will be unable to take the noticed depositions on August 4 without suffering substantial prejudice. The information sought is essential to V.tal's ability to present its position regarding the Motion, particularly given V.tal's significant interests as a major creditor in the Brazilian RJ proceeding.

There is no good reason for the timeline to be this compressed. On July 25, 2025, Judge Costa of the RJ Appellate Court issued an order respectfully requesting that this Court, "before issuing any decision in Oi Group's Chapter 15 proceeding, await" *two* decisions: "(i) the decision of the Brazilian Court on the verification and consequences of the previously reported non-compliance with the Plan for Court-Supervised Reorganization (JRP) and (ii) the request for amendment of the JRP in the main proceeding underway in Brazil." ECF 56-1 at 17.

Oi, in its response to V.tal's filing of the July 25, 2025 order, argued that the Hearing should be held on August 6, 2025 by wrongly asserting that the "Brazilian Amendment Motion is fully briefed and awaiting a ruling from the Brazilian RJ Court." ECF 57 at 2. In fact, the Brazilian RJ Court is awaiting *at least* two more briefs to that motion: Oi's Trustee's deadline to respond to that Motion is August 4, 2025, and the Brazilian Public Prosecutors' Office's deadline for submitting its opinion on Oi's motion is August 18, 2025. ECF 59 ¶ 87. Additionally, at least six other creditors have filed motions requesting additional time to respond to Oi's motion. *Id.*

Additionally, in its July 28, 2025 response, ECF 57, Oi failed to address the *second* decision Judge Costa respectfully requested this Court to await—the decision on the verification and consequences of Oi's non-compliance with the JRP. The investigation that was ordered into Oi's noncompliance is not complete, and likely will not be complete in advance of the August 6, 2025 hearing.

Given the pending briefing deadlines before the Brazilian RJ Court, and Judge Costa's request that this Court defer its ruling on Oi's Motion to Terminate until the Brazilian Court is able

---

[6] Counsel for Oi explained on the July 30, 2025 meet and confer that if V.tal had served document requests two weeks earlier, Oi would have been able to produce documents from these custodians.

to issue the two decisions described above, there is no need to hold a hearing until, at a minimum, August 19, 2025, which is the earliest possible date that the Brazilian Court could rule on the Brazilian Amendment Motion, after the final brief is filed. Those additional two weeks would give the parties the time they need to work out any discovery disputes, produce documents in advance of depositions, and even to permit V.tal to obtain discovery from the other individuals present in Oi's purported June 11 meeting with the Brazilian judges. *Supra* p.2-3 ¶ 4, n.5 (counsel to Oi conceded it could produce this discovery given a couple more weeks).

In sum, given the need to complete discovery before the Hearing, and the absence of prejudice from adjourning the Hearing until at least August 19, 2025 in light of the pending motions before the Brazilian RJ Court, V.tal respectfully requests that the Court adjourn the Hearing to allow sufficient time for the orderly completion of discovery.

We appreciate the Court's consideration of this request and are available at the Court's convenience.


Respectfully,

/s/ *Mario O. Gazzola*

Mario O. Gazzola
Counsel to BGC Fibra Participações S.A. and
V.tal – Rede Neutra de Telecomunicações S.A.

cc:     Counsel to the Foreign Representative (via email and ECF)