WHITE & CASE

August 1, 2025

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

**BY ECF FILING**
Hon. John P. Mastando
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Re:    *In re Oi S.A., et al.*,[1] Case No. 23-10193 (JPM) (Bankr. S.D.N.Y.)

Dear Judge Mastando:

      We write on behalf of Rodrigo Caldas de Toledo Aguiar (the "**Petitioner**" or "**Foreign Representative**"), the duly-authorized foreign representative of the Chapter 15 Debtors in the above-captioned matter, in response to the letter filed on July 31, 2025 (the "**V.tal Letter**") [ECF No. 63] by BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A. (collectively, "**V.tal**") concerning the hearing currently scheduled for August 6, 2025 (the "**Hearing**") on the Foreign Representative's *Motion to Terminate the Recognition Order and Dismiss the Chapter 15 Cases* (the "**Motion**") [ECF No. 46]. The Foreign Representative requests that the Hearing proceed as scheduled. As explained below, any delay is of V.tal's own making and V.tal's numerous mischaracterizations concerning "brewing discovery disputes" and the status of the Brazilian proceedings are meritless.

      *First*, V.tal's complaints about the current discovery schedule are entirely caused by V.tal's own delay.[2] V.tal served thirty-seven requests for the production of documents and four deposition notices (including a Rule 30(b)(6) notice on more than twenty topics) on July 22—***fifteen days after*** the Foreign Representative filed the Motion. V.tal's requests were not only extensive in quantity: this discovery sought documents and testimony spanning nine and a half years and relating to the Chapter 15 Debtors earlier chapter 15 cases. In the ten days since receiving V.tal's discovery requests, the Foreign Representative has worked diligently to respond to V.tal's requests, coordinate with custodians on document collection, and begin reviewing responsive

---

[1]   The debtors in the above-captioned cases (the "**Chapter 15 Cases**"), along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Oi S.A. – Em Recuperação Judicial (01-43 – Brazil), Oi Brasil Holdings Coöperatief U.A. – Em Recuperação Judicial (8447 – Netherlands), Portugal Telecom International Finance B.V. – Em Recuperação Judicial (5023 – Netherlands) (collectively, the "**Chapter 15 Debtors**" or the "**RJ Debtors**").

[2]   V.tal's apparent intent on causing additional delay to use as leverage in seeking an adjournment is evidenced by, among other things, having responded to the Foreign Representative's ten narrowly-tailored document requests just minutes before its deadline last night and inventing disputes between the Parties through its unusual demand that the Chapter 15 Debtors cover the costs associated with V.tal's witnesses' travel to New York.

Hon. John P. Mastando
August 1, 2025

documents.[3]  While the Foreign Representative would welcome more time under different circumstances, as noted in its response to V.tal's request for continuance of hearing,[4] the Chapter 15 Debtors face a severe liquidity crisis, and delaying the Hearing risks serious harm to the Company.[5]

***Second***, the factual issues relevant to the Motion are limited and predominantly legal.  The Foreign Representative is working to produce discovery that is both appropriate and proportionate to those issues.  V.tal's characterization that the Motion requires the Parties to relitigate the basis for this Court's determination of the Chapter 15 Debtors' center of main interests ("**COMI**") and Recognition Order[6] is incorrect.  The Foreign Representative is not disputing that the Chapter 15 Debtors' COMI remains in Brazil or that the Foreign Representative was validly appointed (both of which supported the entry of the Recognition Order in the first place).  To the extent V.tal wants to spend its time reviewing testimony or pleadings on these issues, it is welcome to review the publicly available documents on the docket.  Suggesting that the Chapter 15 Debtors need to expend the time and resources to identify and produce materials not publicly available is burdensome, irrelevant, and not proportional to the needs of the Motion.

***Third***, V.tal's alleged grievances over the "brewing discovery disputes" are based on misrepresentations of the Foreign Representative's positions.  To be clear, none of these "disputes" have stalled the Foreign Representative's ongoing efforts to respond to V.tal's discovery requests.  But, in light of V.tal creating an imprecise record, the Foreign Representative responds to each dispute below:

1. To the extent V.tal's RFP No. 26 targets documents relating to COMI and the factual bases for the Recognition Order, which, as noted above, are not at issue in the Motion, the Foreign Representative will not produce such documents.  As counsel for the Foreign Representative represented during the Parties' meet and confer, the Foreign Representative is willing to produce responsive, non-privileged documents that hit on search terms that also respond to RFP No. 26.[7]

---

[3]  V.tal is fully aware that the Company is a Brazilian entity and that the individuals it seeks to depose are Brazilian nationals.  That the Foreign Representative's productions would include documents in Portuguese should have been no surprise to V.tal, itself a Brazilian entity.  V.tal's concerns about its ability to translate documents into English before the Hearing should have been considered before they belatedly sent such extensive discovery.

[4]  *See Foreign Representative's Response to V.tal's Statement and Request for Continuance of Hearing and Objection Deadline* [ECF No. 57].

[5]  V.tal should not be permitted to use delay as a weapon against the Chapter 15 Debtors by raising baseless discovery disputes when the impact of the Motion—which is simply a dismissal of the Chapter 15 Cases—on V.tal is negligible at best.  Its claims of reliance on the Recognition Order are belied by the fact that V.tal holds no U.S. law governed debt obligations that have been or would be impacted by the Chapter 15 Cases.  Dismissal of cases that never effected V.tal's claims cannot possibly impact its position now.  That none of the creditors who actually benefited from the relief granted in the Chapter 15 Cases have objected to the Motion speaks volumes as to V.tal's credibility.

[6]  *See Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief* [ECF No. 30].

[7]  During the meet and confer on July 30, 2025, counsel to the Foreign Representative agreed to provide V.tal with its proposed search terms and to consider any of V.tal's proposed additions.  Consistent with that commitment,

**WHITE & CASE**

Hon. John P. Mastando
August 1, 2025

2. As noted above, the Foreign Representative fundamentally disagrees with V.tal that facts related to whether the elements required to establish a foreign main proceeding were met are relevant to the relief sought in the Motion.

3. The individuals subject to V.tal's deposition notices, including Mr. Aguiar as the Foreign Representative, are prepared to travel to New York for deposition. Contrary to V.tal's inappropriate "suspicion," it was Mr. Padis who initially had a conflict. Given the critical importance of this Hearing, Mr. Padis adjusted his schedule to resolve that conflict. Separately, the Foreign Representative offered to reduce the number of depositions on both sides as an attempt to reduce costs and accommodate the discovery timeline. V.tal rejected that offer.

4. V.tal's assertion that the Foreign Representative has "refused" to give V.tal a list of participants in the June 11, 2025 meeting is wrong. The Foreign Representative has confirmed—both in its written responses and objections and during the Parties' meet and confer—that it would produce documents sufficient to identify those individuals. *See* V.tal Letter at Ex. A, p. 19 [ECF No. 63-1] (responding to RFP No. 17). As the Foreign Representative made clear during the meet and confer, while it would be willing to consider additional custodians, V.tal will receive all non-privileged and responsive documents concerning the June 11 meeting to the extent any exist. But counsel also stated that the document custodians—*i.e.*, the individuals V.tal identified as deponents—are more than sufficient to respond to V.tal's requests insofar as they are relevant to the issues raised in the Motion.

5. It is entirely permissible and consistent with comity to limit the use of discovery exchanged in a chapter 15 proceeding for use only within the same U.S. proceeding. Judges in this Court frequently enter protective orders to this effect, including in Oi's prior chapter 15. *See, e.g.*, *In re Oi S.A.*, No. 16-11791 (Bankr. S.D.N.Y. Aug. 11, 2017) [ECF No. 38], ¶ 8 ("All . . . Discovery Materials disclosed in the Chapter 15 Proceedings shall be used *solely in connection with the Chapter 15 Proceedings* . . . Discovery Materials produced in the Chapter 15 Proceedings may not otherwise be used in connection with any other litigation, judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose") (emphasis added); *In re: InterCement Brasil S.A.*, No. 24-11226 (Bankr. S.D.N.Y. Oct. 11, 2024) [ECF No. 48], ¶ 14 ("All Designated Material shall be used by the Receiving Parties *solely for the purposes of the Proceedings* and not for any other purpose" and defining "Proceedings" as "proceedings, including but not limited to investigations, contested matters, adversary proceedings and other disputes . . . for which the Parties or certain other persons or entities may seek Discovery Material *during the course of the Debtors' Chapter 15 bankruptcy proceedings*") (emphases added). In addition, the purpose of a protective order would be undermined if V.tal

---

the Foreign Representative sent its proposed search terms later that day. V.tal sent its proposed additions only moments ago—a day and a half later.

Hon. John P. Mastando
August 1, 2025

WHITE & CASE

      6.      is permitted to use discovery obtained in a U.S. proceeding under U.S. discovery rules in a foreign proceeding, with no guarantee of maintaining its confidentiality.

      6.      For the reasons stated above, the Foreign Representative disagrees that transcripts from depositions and hearing testimony from the Chapter 15 Debtors' prior Chapter 15 proceedings are relevant—let alone "key"—to the Motion. Nor is such discovery proportionate to the issues raised in the Motion, particularly as the hearing transcripts are publicly available on the docket.

*Finally*, the Foreign Representative maintains that V.tal's request to continue the Hearing should be denied. As explained more fully in the Foreign Representative's *Response to V.tal's Statement and Request for Continuance of Hearing and Objection Deadline* [ECF No. 57], V.tal is incorrect in contending that the Foreign Representative has not kept this Court informed and "failed to address" the Brazilian Appellate Court's recommendations. The Foreign Representative provided this Court with a certified translation of the decision—it is impossible to be more transparent. *See id.*, Ex. A-2.

V.tal also errs in asserting that August 19, 2025 is the "earliest possible date" that the Brazilian RJ Court can issue a decision on the RJ Debtors' proposed amendment to the Brazilian RJ Plan (the "**Brazilian Amendment Motion**"). It remains true that a decision on the Brazilian Amendment Motion is imminent. The Brazilian RJ Judge is allowed to issue a decision *prior to* the briefing dates applicable to the independent judicial supervisor (the "**Judicial Supervisor**") and Brazilian Public Prosecutor's Office, especially considering the urgency of the matter pending with the Brazilian RJ Court. Further, as the RJ Debtors stated to the Brazilian RJ Court, the appropriate time for creditor objections to the RJ Debtors' Brazilian Amendment Motion is *after* the amendment to the Brazilian RJ Plan is processed by the Brazilian RJ Judge and creditors are formally summoned to respond.

The Foreign Representative respectfully submits that the hearing should proceed as scheduled.

Respectfully submitted,

/s/ *Philip M. Abelson*

Counsel for Rodrigo Caldas de Toledo Aguiar,
as Petitioner and Foreign Representative