**WHITE & CASE**

August 4, 2025

**BY ECF FILING**
Hon. John P. Mastando
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

Re:    *In re Oi S.A., et al.*,[1] Case No. 23-10193 (JPM)

Dear Judge Mastando:

We write on behalf of Rodrigo Caldas de Toledo Aguiar (the "**Petitioner**" or "**Foreign Representative**"), the duly-authorized foreign representative of the Chapter 15 Debtors in the above-captioned matter, in response to the letter filed on August 3, 2025 (the "**V.tal Letter**") by BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A. (collectively, "**V.tal**") requesting—for the third time—that this Court adjourn the hearing currently scheduled for August 6, 2025 (the "**Hearing**") on the Foreign Representative's *Motion to Terminate the Recognition Order and Dismiss the Chapter 15 Cases* (the "**Motion**") [ECF No. 46]. The Foreign Representative requests that this Court deny V.tal's adjournment request.

*First*, as the Foreign Representative will make clear in the forthcoming reply, the Motion largely raises a question of law. Most of the facts presented by the Foreign Representative were included only to provide relevant context. While the Foreign Representative continues to diligently engage in discovery related to the Motion, this discovery is not required to grant the relief requested.

*Second*, as explained in the Foreign Representative's August 1, 2025 letter (the "**August 1 Letter**") [ECF No. 64], V.tal is manufacturing disputes for the sole purpose of delaying the Hearing.[2] There is no better evidence of V.tal's improper motives than their rejection of the Foreign Representative's reasonable offer to produce documents on the agreement that V.tal *temporarily* abide by the terms of Oi's July 30 proposed protective order ("**Proposed Protective**

---

[1]  The debtors in the above-captioned cases (the "**Chapter 15 Cases**"), along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Oi S.A. – Em Recuperação Judicial (01-43 – Brazil), Oi Brasil Holdings Coöperatief U.A. – Em Recuperação Judicial (8447 – Netherlands), Portugal Telecom International Finance B.V. – Em Recuperação Judicial (5023 – Netherlands) (collectively, the "**Chapter 15 Debtors**").

[2]  However, time is of the essence. The Chapter 15 Debtors are facing a severe liquidity crisis and lack liquidity to meet their short-term obligations. *See* [ECF No. 48] ¶ 22.

**Order**"), pending this Court's entry of a governing order.  The Foreign Representative did not require that V.tal concede on any of the issues over which the Parties disagree with respect to the Proposed Protective Order with no further contest.  Recognizing that the Parties had reached an impasse and that the Hearing was approaching, the Foreign Representative provided a solution in good faith.  V.tal rejected Oi's effort to provide V.tal the discovery it requested, opting instead to complain to this Court about prejudice and delay.

**Third,** the Foreign Representative's Proposed Protective Order provides customary protections: Parties can only use discovery exchanged in this proceeding for use within this proceeding.  This is standard.  *See Bayer AG and Miles, Inc. v. Barr Laboratories, Inc.*, 162 F.R.D. 456, 458 (S.D.N.Y. 1995) (clauses limiting the use of confidential information "solely for the purposes of this litigation" are "typical in confidentiality agreements and orders, particularly in cases between business competitors where parties must have access through discovery to trade secrets and similar commercially-sensitive information…"); S.D.N.Y. Model Stipulation and Protective Order ¶ 9 (recipients of confidential information "may only use such material solely for the prosecution and defense of this action"); *see also* August 1 Letter at 3-4.

V.tal's purported precedent suggesting otherwise grossly misrepresents those courts' holdings.  In *In re Petroforte Brasileiro de Petroleo Ltda.*, 542 B.R. 899 (S.D. Fla. 2015), the court only temporarily allowed discovery sought to be used in the Brazilian insolvency proceedings.  It held that because the "issue was the subject of limited briefing and little or no oral argument. . . *for now*, Movants request will be granted in part without prejudice to the Trustee's right to seek relief from the[se] restrictions." *Id*. at 913 (emphasis added).  Even more telling is that the Trustee in *Petroforte* filed for chapter 15 bankruptcy with the explicit "purpose of investigating suspected misappropriated assets" using U.S. discovery requests issued under 11 U.S.C. 1521(a)(4) and Fed. R. Bankr. Pr. 2004 ("**Rule 2004**").  *Id*. at 902.  V.tal's reliance on *In re Platinum Partners Value Arbitrage Fund, L.P.*, 583 B.R. 803 (Bankr. S.D.N.Y. 2018) is equally misplaced.  In *Platinum* the Court addressed whether the requested discovery was contrary to Cayman law and thus whether the requested discovery violated international comity.  *Id.* at 815-16.  Nowhere did the Court decide—let alone analyze—any dispute concerning *in which proceedings* the parties may use any permitted discovery.  *Id.*  Further, like *Petroforte*, the discovery was not issued in connection with a contested matter and was governed by different rules.  *Id.* at 811 (noting that the discovery was sought under 11 U.S.C. §§ 105(a), 542(e), and 1521(a) and Rule 2004; not Rule 9014).

The Foreign Representative's inclusion of an "advisors' eyes only" designation is also standard and warranted under the circumstances.  V.tal is both a creditor and now a potential competitor.[3]  The Company also holds interests in V.tal that it is working to sell.  An "advisors' eyes only" designation gives Oi the option to ensure certain sensitive information is properly protected.  V.tal is not prejudiced by this provision because the Proposed Protective Order

---

[3] *See Foreign Representative's Resp. to V.tal's Statement and Req. for Continuance of Hearing and Obj. Deadline* [ECF No. 57], ¶ 20; *Obj. and Opp'n to Mot. to Terminate the Recognition Order and Dismiss the Chapter 15 Cases* [ECF No. 58] at 5 n.2 (conceding that V.tal purchased the competitor entity).



Hon. John P. Mastando
August 4, 2025

contemplates a mechanism for V.tal to seek de-designation of any documents it alleges was mis-designated.[4]  *See* [ECF No. 66-1], ¶¶ 12-13.

  ***Fourth***, Brazil has its own system through which parties may seek discovery within its jurisdiction.  To the extent V.tal wants to seek discovery in Brazil for use there, it is free to do so.  The Proposed Protective Order does not strip V.tal of the chance to obtain discovery for use within the Brazilian RJ proceedings.

  The Foreign Representative respectfully submits that V.tal's request for adjournment should be denied.

Respectfully submitted,

/s/ *Philip M. Abelson*

Counsel for Rodrigo Caldas de Toledo Aguiar,
as Petitioner and Foreign Representative

---

[4] V.tal also raised a dispute about the definition of "Discovery Material" in its August 3, 2025 letter.  The Foreign Representative has no objection to adopting V.tal's proposed definition instead.

3