**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
Philip M. Abelson
Ricardo M. Pasianotto
Claire M. Campbell (*pro hac vice* pending)
David Kim
Peter Strom (*pro hac vice* pending)

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)

111 South Wacker Drive, Suite 5100
Chicago, IL 60606
(312) 881-5400
Jason N. Zakia (admitted *pro hac vice*)

*Attorneys for Rodrigo Caldas de Toledo Aguiar,*
*as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 23-10193 (LGB) |
| Oi S.A., *et al.*,[1] | ) |
| | ) Chapter 15 |
| Debtors in a Foreign Proceeding. | ) (Jointly Administered) |
| | ) |

**STATEMENT NOTIFYING THE COURT OF DEVELOPMENTS**
**IN THE BRAZILIAN RJ PROCEEDING PURSUANT TO 11 U.S.C. § 1518**

---

[1]    The debtors in the above-captioned cases (the "**Chapter 15 Cases**"), along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Oi S.A. – Em Recuperação Judicial (01-43 – Brazil), Oi Brasil Holdings Coöperatief U.A. – Em Recuperação Judicial (8447 – Netherlands), Portugal Telecom International Finance B.V. – Em Recuperação Judicial (5023 – Netherlands).

1.      Rodrigo Caldas de Toledo Aguiar (the "**Petitioner**" or "**Foreign Representative**"), the duly-authorized foreign representative with respect to the jointly-administered judicial reorganization (*recuperação judicial* or "**RJ**") proceeding (the "**Brazilian RJ Proceeding**")[2] of Oi S.A. – Em Recuperação Judicial ("**Oi**"), Oi Brasil Holdings Coöperatief U.A. – Em Recuperação Judicial ("**Coop**"), and Portugal Telecom International Finance B.V. – Em Recuperação Judicial ("**PTIF**") (collectively, the "**RJ Debtors**" and, together with their non-debtor affiliates, the "**Oi Group**" or the "**Company**"), commenced on March 1, 2023, under Federal Law No. 11.101 of February 9, 2005, as amended (the "**Brazilian Bankruptcy Law**") of the laws of the Federative Republic of Brazil before the 7th Business Court of the City and State of Rio de Janeiro, Brazil (the "**Brazilian RJ Court**"), respectfully submits this statement pursuant to section 1518 of title 11 of the United States Code to provide the United States Bankruptcy Court for the Southern District of New York (the "**Court**") with a status update on the Brazilian RJ Proceeding.

2.      On August 4, 2025, the Brazilian RJ Court issued a ruling (the "**August 4 Ruling**"), expressly stating that it will ***not*** prohibit the RJ Debtors from pursuing insolvency proceedings in a foreign jurisdiction, including chapter 11 cases in this Court.  The August 4 Ruling is attached - hereto as **Exhibit A**.[3]

3.      The August 4 Ruling was issued, in part, in response to multiple petitions filed by V.tal - Rede Neutra de Telecomunicações S.A. ("**V.tal**").  In addressing V.tal's concerns regarding the RJ Debtors' proposed restructuring strategy, the Brazilian RJ Court acknowledged the RJ

---

[2]      The case number for the Brazilian RJ Proceeding before the Brazilian RJ Court is 0090940-03.2023.8.19.0001 (formerly 0809863-36.2023.8.19.0001).

[3]      The Foreign Representative will provide the Court with a certified English translation of the August 4 Ruling as soon as it is available.

Debtors' intention to (i) terminate recognition and withdraw the Chapter 15 Cases; (ii) amend the Brazilian RJ Plan; and (iii) seek to restructure claims not covered by the Brazilian RJ Proceeding in a potential chapter 11 filing.  The Brazilian RJ Court emphasized that access to the judiciary is a fundamental constitutional right and expressed a willingness to address any difficulties arising from parallel proceedings in due course.

4.      The August 4 Ruling also (i) provisionally approved the RJ Debtors' sale of certain real property and (ii) confirmed that the RJ Debtors' request to amend the Brazilian RJ Plan remains pending and subject to a forthcoming report on the RJ Debtors' financial viability and compliance with the Brazilian RJ Plan.[4]

5.      The August 4 Ruling concluded with a formal warning to V.tal regarding its litigation conduct.  The Brazilian RJ Court observed that V.tal had filed multiple successive petitions, requesting that the Brazilian RJ Court express its position on the RJ Debtors' potential Chapter 11 filing and seeking formal statements on the RJ Debtors' alleged non-compliance with the Brazilian RJ Plan. The Court also noted that V.tal raised these issues through multiple channels, including direct petitions to both the Brazilian RJ Court and the appellate court, which created procedural complications and administrative burden in the proceedings.   Accordingly, the Brazilian RJ Court instructed V.tal to abstain from filing petitions so frequently in the Brazilian RJ Proceeding concerning non-urgent matters.

6.      In the interests of collaboration with this Court, the Brazilian RJ Court authorized the judicial administrators to share the August 4 Ruling with this Court.  Consistent with the

---

[4]    *See Statement Notifying the Court of Developments in the Brazilian RJ Proceeding Pursuant to 11 U.S.C. § 1518* [ECF No. 52]; *Notice of Filing of Certified Translation of the July 18, 2025 Brazilian RJ Court Order* [ECF No. 54].

Brazilian RJ Court's directive, the Foreign Representative expects that the judicial administrators[5] will make another filing with respect to the August 4 Ruling in the near future.  The Foreign Representative will continue to keep the Court apprised of further developments with respect to the Brazilian RJ Proceeding.

*[Remainder of page intentionally left blank]*

---

[5]    A judicial administrator is a private professional or institution appointed by the relevant Brazilian court in a Brazilian RJ proceeding to monitor such proceeding, provide reports on the debtor's activities, promptly provide all information requested by interested creditors, and assist in the verification of claims.  *See* ECF No. 4 ¶ 19. The judicial administrator is akin to a court-appointed examiner and therefore does not influence or otherwise interfere with the activities of the debtor, nor does the judicial administrator provide any binding orders or opinions during the RJ proceeding.

Dated: August 5, 2025
New York, New York

Respectfully submitted,

By:      */s/ Philip M. Abelson*
         Philip M. Abelson

**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
Philip M. Abelson
Ricardo M. Pasianotto
Claire M. Campbell (*pro hac vice* pending)
David Kim
Peter Strom (*pro hac vice* pending)

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)

111 South Wacker Drive, Suite 5100
Chicago, IL 60606
(312) 881-5400
Jason N. Zakia (admitted *pro hac vice*)

*Attorneys for Rodrigo Caldas de Toledo Aguiar,*
*as Petitioner and Foreign Representative*

## Exhibit A

**August 4 Ruling**

**Exhibit A-1**

Estado do Rio de Janeiro Poder Judiciário
Tribunal de Justiça
Comarca da Capital
Cartório da 7ª Vara Empresarial
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185   e-mail:
cap07vemp@tjrj.jus.br


Tribunal de Justiça do Estado do Rio de Janeiro
Página
**117355**
Certificado Eletronicamente

**Fls.**

Processo: 0090940-03.2023.8.19.0001

# Processo Eletrônico

Classe/Assunto: Recuperação Judicial - Administração Judicial; Recuperação Judicial

Autor: OI S.A.
Autor: PORTUGAL TELECOM INTERNATIONATIONAL FINANCE B.V.
Autor: OI BRASIL HOLDINGS COOPERATIEF U.A.
Administrador Judicial: WALD ADMINISTRAÇÃO DE FALÊNCIAS E EMPRESAS EM ADMINISTRAÇÃO JUDICIAL LTDA
Administrador Judicial: K2 CONSULTORIA ECONOMICA
Administrador Judicial: PRESERVAR ADMINISTRACAO JUDICIAL, PERICIA E CONSULTORIA EMPRESARIAL LTDA
Interessado: BANCO BTG PACTUAL S A
Interessado: VITAL S/A
Interessado: LIGGA TELECOMUNICAÇÕES S.A

---

Nesta data, faço os autos conclusos ao MM. Dr. Juiz
Simone Gastesi Chevrand

Em 04/08/2025

## Despacho

Processo nº 0090940-03.2023.8.19.0001

- I - ID 117.244: Petição de REAL ESTATE EMPREENDIMENTOS IMOBILIÁRIOS E SERVIÇOS LTDA.:

Pede providências para conclusão de negócio de venda de imóvel designado por Lote 71-A, da Avenida Joaquim da Costa Lima, s/n, Belford Roxo.

Despacho: A Administração Judicial e ao Ministério Público.

- II - ID 116.966, ID 117.289 e ID 117.339: Petições da V.Tal.

A V.Tal - Rede Neutra de Telecomunicações S.A., inicialmente, no ID 116.966, requer intimação da AJ e do MP para que se manifestem sobre a possibilidade de ajuizamento de pedido de restruturação perante o Poder Judiciário norte-americano (Chapter 11), e noticia interposição de agravo de instrumento.

Após despacho de ID 117.234, que evidenciou inexistir pedido dirigido a este Juízo, veio a petição de ID 117.289. Nela, após tecer considerações sobre o procedimento em curso perante o Juízo norte-americano e dificuldades que adviriam da coexistência de dois procedimentos recuperacionais, pede que seja ele oficiado de modo a ser informado sobre pendência de manifestação do Ministério Público acerca do eventual descumprimento do PRJ pelas recuperandas; inexistência de decurso de prazo para manifestação dos credores acerca do aditamento ao plano apresentado; e reiterada recomendação expedida pelo Tribunal ad

SIMONEGASTESI



Estado do Rio de Janeiro Poder Judiciário
Tribunal de Justiça
Comarca da Capital
Cartório da 7ª Vara Empresarial
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185   e-mail:
cap07vemp@tjrj.jus.br

Página
117356

quem no âmbito de agravo de instrumento, além de este Juízo jamais proferiu manifestação formal em apoio ao ajuizamento do Chapter 11 pelo Grupo Oi.

Junta documento (tradução de manifestação feita pelo Grupo Oi perante Tribunal norte-americano - ID 117.293).

Sobre tais petições, manifestou-se espontaneamente a recuperanda, conforme ID 117.335, opondo-se ao pretendido pela V.Tal.

Esta, por sua vez, apresentou a petição de ID 117.339, refutando alegações da Oi.

Pois bem.

É necessário enfrentar, desde já, questões trazidas de forma reiterada pela V.Tal. que estão fundadas em alegação de urgência, diante da iminência da realização de audiência integrante de procedimento de desistência ao Chapter 15 deflagrado pelo Grupo Oi junto a Vara Federal de Falências dos Estados Unidos, Distrito Sul de Nova York.

Importante lembrar que a V.Tal direcionou seus requerimentos ao processo principal - e, antes, a e. 2ª instância, o que acabou por fazer com que não fossem entranhados ao incidente cuja abertura este Juízo determinou para juntada de petições apresentadas por credores da recuperanda, os quais se opõem ao processamento do aditamento ao PRJ (aos quais se alinha).

No apontado incidente, como afirmado em despacho prévio, em momento anterior à determinação do prosseguimento ao procedimento do aditamento, terão os credores assegurado prazo prévio para manifestação, em atenção ao direito ao contraditório pleno.

Aqui se analisará requerimentos formulados pela V.Tal. no sentido de informar o Juízo norte-americano acerca do ocorrido neste processo.

Antes de mais nada, é imprescindível frisar que não irá este juízo determinar a quem quer que seja que se abstenha de distribuir ação (procedimento judicial) perante qualquer jurisdição.

A inafastabilidade do Judiciário é pedra fundamental de um Estado Democrático de Direito. Aqui vivemos em um, e o exercício da jurisdição pode até ser eventualmente condicionado ao atendimento de requisitos prévios.

(Nesse sentido é a orientação firmada pelo e. Supremo Tribunal Federal em sede de recurso repetitivo. Inclusive isto foi adotado no âmbito deste mesmo processo para disciplinar o procedimento a ser adotado nas milhares de habilitações recebidas).

Mas não pode ser legitimamente vetado a quem quer que seja. O princípio inserto na Constituição da República (art. 5º, XXXV, CR) há de nortear a decisão de qualquer juiz brasileiro no âmbito dos processos que o incumbe atuar. Descabe, pois, impor obrigação, a recuperanda, de que se abstenha de apresentar ao juízo de qualquer país pedido que entenda adequado, sob pena de negativa de vigência a premissa elementar ao Estado de Direito brasileiro.

Evidentemente, não importa isto dizer que a deflagração de procedimento fora do país não irá repercutir em processos que aqui tramitem. E eventuais dificuldades que venham a decorrer da simultaneidade de exercício de jurisdições, serão oportunamente enfrentadas por ambos, no exercício de seus misteres, em natural atenção aos princípios constitucionais e legais orientadores do processo judicial. Afinal, tampouco cabe ao Judiciário se omitir de enfrentar as questões, ainda que deveras complexas e inovadoras, que venham a ser-lhe apresentadas. A propósito, parecer ser nesse mesmo sentido o parecer apresentado por V.Tal, da lavra do prof. Daniel Cárnio, no que se aplica a este momento processual.

SIMONEGASTESI





Estado do Rio de Janeiro Poder Judiciário
Tribunal de Justiça
Comarca da Capital
Cartório da 7ª Vara Empresarial
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185   e-mail: cap07vemp@tjrj.jus.br

Posto isso, passo a tecer algumas considerações acerca do curso do presente processo de recuperação judicial, aliado ao aditamento ao PRJ apresentado e à notícia da possível deflagração do Chapter 11 perante o Judiciário norte-americano.

No âmbito do processo da segunda recuperação judicial do Grupo Oi existente neste Juízo, narram as recuperandas que, diante da ausência de caixa a curto e médio prazo, encontraram como solução para recompor suas contas, visando ao soerguimento da empresa, a adoção de duas providências. São elas, o aditamento ao Plano de Recuperação Judicial apresentado pelos credores em 2024 e homologado por este Juízo em maio de 2024, e a restruturação de créditos não abarcados pelo presente processo, através da propositura de procedimento recuperacional, denominado Chapter 11, perante Juízo norte-americano. Para tanto, requereram a desistência do procedimento do Chapter 15 (que buscava reconhecimento da competência da jurisdição brasileira), desistência esta necessária para apresentação do Chapter 11, segundo legislação local.

Ao sentir das recuperandas, a estratégia para a recomposição de caixa, com curso do soerguimento, passa pelo somatório das providências acima indicadas. Ou seja, entende necessário que ambas sejam adotadas simultaneamente.

Na parte que toca a este Juízo (o aditamento ao PRJ), o que se verificou, à luz do RMA de julho de 2025, juntado aos autos do incidente próprio, é que a recuperanda deixou de cumprir obrigações assumidas no PRJ em execução. Isto foi corroborado por diversas outras notícias que chegaram a este Juízo através de ações recebidas, por distribuição por dependência, informando inexistência de pagamentos vencidos, sem justa causa.

Por este motivo, foi nomeado WatchDog para ingressar na empresa e informar a este Juízo sobre uma série de fatos reputados relevantes. Dentre eles, ficou definida a necessidade de ser aferir a mínima viabilidade financeira da empresa em recuperação e, por final, o provável descumprimento de obrigações assumidas no PRJ homologado.

Afinal, como já dito anteriormente, em nosso país configura pressuposto lógico ao deferimento da recuperação judicial de uma empresa a análise de sua mínima viabilidade financeira. É o que preceitua o art. 47 da Lei de regência que foca na efetiva possibilidade de soerguimento da empresa. E isto igualmente se aplica ao Aditamento ao PRJ. Ademais, igualmente necessário para manutenção da recuperação judicial o cumprimento das obrigações assumidas pela empresa perante seus credores.

Portanto, encontra-se este Juízo em compasso de espera da manifestação que advirá do WatchDog acerca do acima delineado para, então, deflagrar, ou não, o procedimento inerente ao aditamento ao PRJ apresentado.

Para tanto, foi inicialmente fixado prazo de 30 dias para o WatchDog apresentar seu laudo, prazo este que recentemente teve início e pode vir a ser majorado, haja vista magnitude do seu escopo.

Veja-se que não desconhece este Juízo a possibilidade de aqui vir a se verificar a hipótese de recuperação transnacional, norteada essencialmente pelo princípio da colaboração e da inviabilidade de cumprimento de normas violadoras de direitos fundamentais dos países envolvidos. E por este motivo - o qual acredito ter orientado a decisão monocrática da Em. Desembargadora Relatora, reputo prudente informar ao colega magistrado da Vara de Falência do Distrito de Nova York todo o acima delineado.

Desnecessário reiterar ponderações colocadas pela Desembargadora em sua decisão, já devidamente encaminhada ao Juízo americano, notadamente quanto aos deveres de recuperanda de cumprimento de serviços públicos (relacionados a telefonia em milhares de localidades do país que são apenas por ela servidas (cerca de 9.000 localidades, atualmente), até o ano de 2028), a qual reflete a solução dada pela segunda instância do nosso Judiciário à



Estado do Rio de Janeiro Poder Judiciário
Tribunal de Justiça
Comarca da Capital
Cartório da 7ª Vara Empresarial
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185    e-mail:
cap07vemp@tjrj.jus.br

Página

117358

hipótese.

Reputo oportuno, ainda, salientar que em nosso país não é permitido ao juiz se manifestar fora dos autos. Ou seja, a atividade jurisdicional é exercida dentro do processo, vedadas manifestações fora dele, inclusive antecipação de decisões ou orientação às partes.

A imparcialidade do juiz é garantia de todo cidadão, inserta no art. 5º, XXXVII da CR/88, e dever previsto em sua Lei orgânica (art. 36, III da LC 35/1979), assim como em seu Código de Ética. Segundo as normas que orientam o exercício da magistratura, o exercício da função e sua natural imparcialidade são incompatíveis com a prestação de consultoria.

Portanto, não poderia esta magistrada emitir qualquer posicionamento, extra autos, acerca da anuência com deflagração de procedimento recuperacional perante jurisdição estrangeira.

Colocadas tais considerações, autorizo o encaminhamento de sua tradução para a língua inglesa pela Administração Judicial, como colaboração com o d. Juízo norte-americano.

Destarte, eventuais fatos ocorridos no âmbito deste processo podem ser objeto de requerimento de emissão de certidão de objeto e pé pelo interessado, a ser emitida pelo Cartório, uma vez recolhidas as custas necessárias.


- III - ID 117.326: Petição da Recuperanda - junta documento e sua tradução juramentada, bem como reitera requerimento de expedição de certidão de inteiro teor de ato processual:

Despacho: Quanto aos documentos que instruem a peça, releva salientar que este Juízo, ante alegação de urgência, autorizou a alienação pretendida. Naturalmente, a decisão possui caráter precário. Assim, diga a Administração Judicial e o watchdog, em prazo simultâneo e, em seguida, o Ministério Público.

Quanto a expedição de certidão, cuida-se de ato dirigido ao Cartório que deverá atender ao solicitado, uma vez recolhidas custas inerentes ao ato.


- IV - Sucessivas petições de V.Ta.:

Por fim, ALERTO A V.Tal que deverá se ABSTER de peticionar com tanta frequência nestes autos, salvo hipótese de urgência, porquanto a apresentação de inúmeras e sucessivas petições acaba por dificultar seu curso, especialmente adoção de providências cartorárias necessárias ao regular prosseguimento.


Rio de Janeiro, 04/08/2025.


**Simone Gastesi Chevrand - Juiz Titular**

_____

Autos recebidos do MM. Dr. Juiz

Simone Gastesi Chevrand

Estado do Rio de Janeiro Poder Judiciário
Tribunal de Justiça
Comarca da Capital
Cartório da 7ª Vara Empresarial
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185    e-mail: cap07vemp@tjrj.jus.br

Em ____/____/_____

Código de Autenticação: **4742.7WNS.86JB.4EA4**
Este código pode ser verificado em: www.tjrj.jus.br – Serviços – Validação de documentos

SIMONEGASTESI



**Exhibit A-2**



State of Rio de Janeiro Judiciary Court of Justice

District of the Capital
Notary's Office of the 7th Business Court
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185 e-mail: cap07vemp@tjrj.jus.br

Fls.

Process: 0090940-03.2023.8.19.0001

# Electronic Process

Class/Subject: Judicial Recovery - Judicial Administration; Judicial Recovery

Author: OI SA
Author: PORTUGAL TELECOM INTERNATIONAL FINANCE BV
Author: OI BRASIL HOLDINGS COOPERATIEF UA
Judicial Administrator: WALD BANKRUPTCY ADMINISTRATION AND COMPANIES IN ADMINISTRATION
JUDICIAL LTDA
Judicial Administrator: K2 ECONOMIC CONSULTING
Judicial Administrator: PRESERVE JUDICIAL ADMINISTRATION, EXPERTISE AND BUSINESS CONSULTANCY LTDA

Interested party: BANCO BTG PACTUAL SA
Interested: VITAL S/A
Interested party: LIGGA TELECOMUNICAÇÕES SA

_____

On this date, I submit the case to the Honorable Dr. Judge Simone
Gastesi Chevrand

On 08/04/2025

# Dispatch

Case No. 0090940-03.2023.8.19.0001

- I - ID 117,244: Petition from REAL ESTATE REAL ESTATE ENTERPRISES AND SERVICES LTDA.:

Requests measures to conclude the sale of a property designated as Lot
71-A, on Joaquim da Costa Lima Avenue, s/n, Belford Roxo.

Order: The Judicial Administration and the Public Prosecutor's Office.

- II - ID 116,966, ID 117,289 and ID 117,339: Petitions of V.Tal.

V.Tal - Rede Neutra de Telecomunicações SA, initially, in ID 116.966, requests notification of the AJ and
the MP to express their opinion on the possibility of filing a restructuring request before the North American
Judiciary (Chapter 11), and reports the filing of an appeal.

After the ruling of ID 117,234, which demonstrated the absence of a request addressed to this Court,
came the petition of ID 117,289. In it, after making considerations about the procedure underway before the
North American Court and difficulties that would arise from the coexistence of two recovery proceedings, it
requests that the Court be notified so that it is informed about the pending statement by the Public Prosecutor's
Office regarding the possible non-compliance with the PRJ by the recovering companies; the lack of expiry of
the deadline for the creditors to express their opinion regarding the amendment to the presented plan; and
reiterated the recommendation issued by the Court ad



State of Rio de Janeiro Judiciary Court of Justice

**117356**

District of the Capital
Notary's Office of the 7th Business Court
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185 e-mail: cap07vemp@tjrj.jus.br

who, in the context of an appeal, in addition to this Court, never made a formal statement in support of the filing of Chapter 11 by the Oi Group.

Attached document (translation of statement made by the Oi Group before the Court) North American - ID 117,293).

Regarding such petitions, the recovering party spontaneously expressed its opinion, as per ID117,335, opposing what was intended by V.Tal.

This, in turn, filed petition ID 117,339, refuting Oi's allegations.

Well then.

It is necessary to address, from now on, issues repeatedly raised by V.Tal. that are based on claims of urgency, given the imminent holding of a hearing as part of the Chapter 15 withdrawal procedure initiated by the Oi Group at the United States Bankruptcy Court, Southern District of New York.

It is important to remember that V.Tal directed its requests to the main proceedings - and, before that, to the 2nd instance, which ended up preventing them from being included in the incident whose opening this Court ordered for the attachment of petitions presented by creditors of the recovering party, who oppose the processing of the amendment to the PRJ (with which it aligns).

In the aforementioned incident, as stated in a prior ruling, prior to the determination to proceed with the amendment procedure, creditors will have been granted a prior period to respond, in accordance with the right to full adversarial proceedings.

Here we will analyze requests made by V.Tal in order to inform the North American Court about what happened in this process.

First of all, it is essential to emphasize that this court will not order anyone to refrain from filing an action (judicial procedure) before any jurisdiction.

The inalienability of the Judiciary is a cornerstone of a democratic state governed by the rule of law. Here we live in one, and the exercise of jurisdiction may even be subject to the fulfillment of certain prerequisites.

(This is the guidance established by the Supreme Federal Court in the context of repetitive appeals. This was even adopted within the scope of this same process to regulate the procedure to be adopted in the thousands of qualifications received).

But it cannot be legitimately vetoed by anyone. The principle enshrined in the Constitution of the Republic (art. 5, XXXV, CR) must guide the decision of any Brazilian judge in the proceedings in which he or she is responsible. It is therefore inappropriate to impose an obligation on the debtor to refrain from submitting any request it deems appropriate to the court of any country, under penalty of denying the validity of the basic premise of the Brazilian rule of law.

Of course, this doesn't mean that the initiation of proceedings outside the country will not affect cases pending here. Any difficulties arising from the simultaneous exercise of jurisdiction will be addressed by both parties in due course, in the exercise of their respective responsibilities, with natural observance of the constitutional and legal principles guiding the judicial process. Ultimately, the Judiciary also has no business refusing to address the issues, however complex and innovative, that may be presented to it. Incidentally, the opinion presented by you, authored by Professor Daniel Cárnio, appears to be along these lines, as it applies to this procedural moment.





23-10193-lgb   Doc 72   Filed 08/05/25   Entered 08/05/25 11:27:40   Main Document
Pg 16 of 18

State of Rio de Janeiro Judiciary Court of Justice

District of the Capital
Notary's Office of the 7th Business Court
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185 e-mail: cap07vemp@tjrj.jus.br

117357

That said, I will now make some considerations about the course of the current judicial recovery process, combined with the amendment to the PRJ presented and the news of the possible initiation of Chapter 11 before the North American Judiciary.

As part of the Oi Group's second judicial reorganization proceeding before this Court, the companies under reorganization report that, faced with a short- and medium-term cash flow, they have adopted two measures to restore their accounts and revive the company. These measures are: an amendment to the Judicial Reorganization Plan submitted by creditors in 2024 and approved by this Court in May 2024, and the restructuring of claims not covered by this proceeding by filing a Chapter 11 reorganization proceeding in a US court. To this end, they requested the withdrawal of the Chapter 15 proceeding (which sought recognition of Brazilian jurisdiction), a withdrawal required for filing a Chapter 11 petition, according to local law.

According to the companies under reorganization, the strategy for replenishing cash flow, as the recovery progresses, involves the combination of the measures outlined above. In other words, it is considered necessary that both measures be adopted simultaneously.

Regarding this Court's case (the amendment to the PRJ), based on the July 2025 RMA, filed with the relevant incident file, it was found that the debtor failed to fulfill its obligations under the PRJ under execution. This was corroborated by several other reports that reached this Court through lawsuits received, through distribution by dependency, reporting the non-existence of overdue payments without just cause.

For this reason, a Watchdog was appointed to enter the company and inform this Court of a series of deemed relevant facts. Among them, it was determined that the company's minimum financial viability was assessed and, finally, the likely noncompliance with obligations assumed in the approved PRJ.

After all, as previously stated, in our country, a logical prerequisite for granting a company's judicial reorganization is the analysis of its minimum financial viability. This is what is mandated by Article 47 of the governing law, which focuses on the company's effective recovery potential. This also applies to the Amendment to the PRJ. Furthermore, compliance with the obligations assumed by the company to its creditors is equally necessary for maintaining the judicial reorganization.

Therefore, this Court is awaiting the opinion that will come from WatchDog regarding the above outlined in order to then trigger, or not, the procedure inherent to the amendment to the PRJ presented.

To this end, a 30-day deadline was initially set for WatchDog to present its report, a deadline that recently began and may be increased, given the magnitude of its scope.

It should be noted that this Court is not unaware of the possibility of a transnational recovery being considered here, guided essentially by the principle of collaboration and the impossibility of enforcing regulations that violate the fundamental rights of the countries involved. For this reason—which I believe guided the single-judge decision of the Honorable Rapporteur Justice—I consider it prudent to inform my fellow judge of the Bankruptcy Court for the District of New York of all of the above.

It is unnecessary to reiterate the considerations made by the Judge in her decision, already duly forwarded to the American Court, notably regarding the debtor's duties to comply with public services (related to telephony in thousands of locations in the country that are only served by it (approximately 9,000 locations, currently), until the year 2028), which reflects the solution given by the second instance of our Judiciary to

110                                              SIMONEGASTESI



State of Rio de Janeiro Judiciary Court of Justice

District of the Capital
Notary's Office of the 7th Business Court
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185 e-mail: cap07vemp@tjrj.jus.br

hypothesis.

I also consider it appropriate to emphasize that in our country, judges are not permitted to speak outside the court records. In other words, the judicial function is exercised within the proceedings, and any expressions outside of them are prohibited, including the anticipation of decisions or guidance to the parties.

The impartiality of a judge is a guarantee for every citizen, enshrined in Article 5, XXXVII of the Constitution of 1988, and a duty provided for in its Organic Law (Article 36, III of Constitutional Law 35/1979), as well as in its Code of Ethics. According to the rules that guide the exercise of the judiciary, the exercise of the function and its natural impartiality are incompatible with the provision of consultancy services.

Therefore, this judge could not issue any position, outside the proceedings, regarding the consent to the initiation of recovery proceedings before a foreign jurisdiction.

Having made these considerations, I authorize the forwarding of its translation into the language English by the Judicial Administration, as a collaboration with the North American Court.

Therefore, any facts that occur within the scope of this process may be subject to a request for the issuance of a certificate of object and footing by the interested party, to be issued by the Registry Office, once the necessary costs have been paid.

- III - ID 117,326: Petition of the Recovering Party - attaches document and its sworn translation, as well as reiterates the request for the issuance of a certificate of the full content of the procedural act:

Ruling: Regarding the supporting documents, it is important to note that this Court, given the urgency of the matter, authorized the intended sale. Naturally, the decision is provisional. Therefore, the Court Administration and the watchdog must act simultaneously, followed by the Public Prosecutor's Office.

Regarding the issuance of a certificate, this is an act addressed to the Registry Office, which must comply with the request, once the costs inherent to the act have been paid.

- IV - Successive petitions from V.Tal:

Finally, I WARN YOU that you should abstain from petitioning so frequently in these proceedings, except in cases of urgency, since the presentation of numerous and successive petitions ends up hindering their progress, especially the adoption of notarial measures necessary for their regular continuation.

Rio de Janeiro, 08/04/2025.

**Simone Gastesi Chevrand - Chief Judge**

_____

Records received from the Honorable Judge

Simone Gastesi Chevrand

State of Rio de Janeiro Judiciary Court of Justice

Tribunal de Justiça do Estado do Rio de Janeiro
Página
**117359**
Certificado Eletronicamente

District of the Capital
Notary's Office of the 7th Business Court
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185 e-mail: cap07vemp@tjrj.jus.br

In _____/_____/_____

Authentication Code: **4742.7WNS.86JB.4EA4**

This code can be verified at: www.tjrj.jus.br – Services – Document validation

SIMONEGASTESI