**Exhibit A**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| Oi S.A. *et al.*,[1] | ) Case No. 23-10193 (LGB) |
|  | ) |
|  | ) Chapter 15 |
| Debtors in a Foreign Proceeding. | ) (Jointly Administered) |
|  | ) |

**ORDER TERMINATING THE RECOGNITION ORDER**
**AND DISMISSING THE CHAPTER 15 CASES**

Upon the *Motion To Terminate the Recognition Order and Dismiss the Chapter 15 Cases* (the "**Motion**"),[2] submitted by Rodrigo Caldas de Toledo Aguiar (the "**Petitioner**" or "**Foreign Representative**"), the duly-authorized foreign representative with respect to the jointly-administered judicial reorganization (*recuperação judicial* or "**RJ**") proceeding (the "**Brazilian RJ Proceeding**")[3] of Oi S.A. – Em Recuperação Judicial ("**Oi**"), Oi Brasil Holdings Coöperatief U.A. – Em Recuperação Judicial ("**Coop**"), and Portugal Telecom International Finance B.V. – Em Recuperação Judicial ("**PTIF**") (collectively, the "**Chapter 15 Debtors**" or "**RJ Debtors**" and, together with their non-debtor affiliates, the "**Oi Group**" or the **"Company"**), commenced on March 1, 2023, under Federal Law No. 11.101 of February 9, 2005, as amended (the "**Brazilian Bankruptcy Law**") of the laws of the Federative Republic of Brazil before the 7th Business Court of the City and State of Rio de Janeiro, Brazil (the "**Brazilian RJ Court**"), requesting entry of this

---

[1] The debtors in the above-captioned cases (the "**Chapter 15 Cases**"), along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Oi S.A. – Em Recuperação Judicial (01-43 – Brazil), Oi Brasil Holdings Coöperatief U.A. – Em Recuperação Judicial (8447 – Netherlands), Portugal Telecom International Finance B.V. – Em Recuperação Judicial (5023 – Netherlands).

[2] Capitalized terms not otherwise defined in this Order shall have the meanings given to such terms in the Motion and unless otherwise specified, all citations to ECF docket numbers herein are in reference to case number 23-10193.

[3] The case number for the Brazilian RJ Proceeding before the Brazilian RJ Court is 0090940-03.2023.8.19.0001 (formerly 0809863-36.2023.8.19.0001).

Order (the "**Order**"): (i) terminating the Recognition Order; (ii) dismissing the Chapter 15 Cases; and (iii) granting related relief as may be just and proper; and it appearing that this Court has jurisdiction to consider the Motion under §§ 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.) (the "**Amended Standing Order**"); and this Court having reviewed the Motion, the *Declaration of Paulo Calil Franco Padis* (the "**Padis Declaration**"), the *Declaration of Marcelo José Milliet* (the "**Milliet Declaration**") and the statements of counsel with respect to the Motion at a hearing before this Court (the "**Hearing**"); and appropriate and timely notice of the filing of the Motion and the Hearing having been given; and no other or further notice being necessary or required; and this Court having determined that the legal and factual bases set forth in the Motion, the Padis Declaration, and the Milliet Declaration, and all other pleadings and papers in this case establish just cause to grant the relief ordered herein, and after notice and a hearing and due deliberation therefor;

**THIS COURT HEREBY FINDS AND DETERMINES THAT**:

A. The district court has jurisdiction to hear bankruptcy matters under 28 U.S.C. § 1334. The district court has referred jurisdiction over this proceeding to this Court under 28 U.S.C. § 157 and the Amended Standing Order. This is a core proceeding under 28 U.S.C. § 157(b) and (2)(P). Venue is proper in this Court under 28 U.S.C. § 1410.

B. On February 8, 2023, the Foreign Representative filed the Verified Petition with this Court and commenced these Chapter 15 Cases to seek recognition of the Brazilian RJ Proceeding as the foreign main proceeding of the Chapter 15 Debtors.

C. On March 29, 2023, the Court held a hearing to consider the Verified Petition and entered the *Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief* [ECF No. 30] (the "**Recognition Order**") that, among other things, found that the center of main interest of each of the Chapter 15 Debtors is in Brazil and recognized the Brazilian RJ Proceeding as a "foreign main proceeding" of each of the Chapter 15 Debtors.

D. On May 29, 2024, after entry of the Brazilian Confirmation Order, the Foreign Representative filed a motion with this Court seeking an order granting comity and giving full force and effect to the Brazilian RJ Plan and the Brazilian Confirmation Order in the territorial jurisdiction of the United States.

E. On June 17, 2024, this Court entered the FFE Order, granting full force and effect to the Brazilian RJ Plan and the Brazilian Confirmation Order in the territorial jurisdiction of the United States.

F. On July 7, 2025, the Foreign Representative filed the Motion, requesting that this Court enter this Order: (i) terminating the Recognition Order; (ii) dismissing the Chapter 15 Cases; and (iii) granting related relief as may be just and proper, for the reasons set forth more fully therein.

In light of the foregoing, and for the reasons stated by the Court at the hearing and reflected in the record thereof, and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is hereby granted.

2. Pursuant to sections 105(a), 305(a), 1507(a), 1517(d) and 1521(a) of the Bankruptcy Code, the Recognition Order is **TERMINATED** and the Chapter 15 Cases are **DISMISSED.**

3. This Order shall not in any way retroactively nullify or otherwise affect the events that occurred after this Court's entry of the FFE Order, including but not limited to consummation of the Brazilian RJ Plan, the issuance of securities, including the New Priority Secured Notes, Roll-Up Notes, New Shares, and ADSs (each as defined in the FFE Order) and all related sales, transfers and other transactions thereunder, including without limitation payments, transfers of assets, issuance of securities, creation and transfer of UPIs, and the granting of liens and other rights and interests pursuant to the Brazilian RJ Plan.

4. A copy of this Order, confirmed to be true and correct, shall be served by the Foreign Representative, by facsimile, electronic mail or regular mail, upon all persons listed in <u>Exhibit B</u> attached to the Motion and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

5. This Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order or requests for any additional relief in or any adversary proceeding brought in and through these cases.

Dated: _____, 2025
New York, New York

                                            HONORABLE LISA G. BECKERMAN
                                            UNITED STATES BANKRUPTCY JUDGE