**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
Michael Carlinsky
Benjamin Finestone
Mario O. Gazzola
Jeremy Baldoni
Lindsay Weber
M. Margaret O'Leary
295 5th Avenue, 9th Floor
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
mariogazzola@quinnemanuel.com
jeremybaldoni@quinnemanuel.com
lindsayweber@quinnemanuel.com
maggieoleary@quinnemanuel.com
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

K. John Shaffer (*pro hac vice pending*)
865 S Figueroa St, 10th Floor
Los Angeles, CA 90017
johnshaffer@quinnemanuel.com
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A.*

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Oi S.A. *et al.*,<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Jointly Administered<br><br>Case No. 23-10193 (JPM) |

**NOTICE OF FILING OF AUGUST 12, 2025 RULING**

V.tal hereby informs the Court of a recent ruling in Oi's Brazilian judicial reorganization ("RJ Proceeding"). On August 12, 2025, the Lower Court of the Judicial District of Rio De Janeiro (where Oi's RJ Proceeding has been and continues to remain pending, the "Brazilian Court") issued the decision attached as Exhibit **A** (with a machine translation attached as Exhibit **B**[1]).

In the decision, Judge Simone Gastesi Chevrand acknowledges Oi's undisputed breaches of obligations covered by, and not covered by, the confirmed RJ Plan, the pendency of Oi's motion to amend its RJ Plan and of creditors' petitions requesting Oi's liquidation, as well as the important public interest services provided by Oi in Brazil. After noting that "*[a]ll these matters must be handled by the utmost caution by the [Brazilian] Judiciary considering factors such as preservation of the company and its social relevance, creditors, and the potential damage caused by an interruption of public services that would result from [falencia]*", Judge Chevrand ordered the imposition of a stay[2] of the enforceability of obligations subject to Oi's motion to amend and reaffirmed that any sale or encumbrance of Oi's assets must be approved by the Brazilian court.

The Brazilian court further ordered Oi "to present a public service transition plan" and reiterated that it is awaiting "the opinions of key parties [in interest]", which parties include significant Brazilian government entities (ANATEL and the Federal Court of Accounts), "including on any potential transition plans to avoid interruptions in public services", as well as the report of the independent "watchdog."

The decision reflects that: (i) the RJ proceeding remains actively pending—such that there is absolutely no basis for termination of this Court's Recognition Order, (ii) unlike a "substantially

---

[1] In view of the impending hearing scheduled for August 14, V.tal believed it important to provide the machine translation without awaiting a certified translation.

[2] The stay was ordered until August 31, 2025, which "may be extended depending on developments in the" RJ Proceeding.

2

consummated" chapter 11 plan, the RJ Plan remains subject to amendment, and Oi's assets remain under the Brazilian Court's jurisdiction, and (iii) the Brazilian court is "*gradual[ly], thoughtful[ly], and based on careful reflection*" considering the appropriate and lawful outcome of Oi's RJ proceeding based on Brazilian law—such that there is no basis to offend international comity and graft inapplicable U.S. law onto proceedings that have absolutely no nexus to the U.S.  Indeed, a chapter 11 filing, and the putative imposition of the U.S. Bankruptcy Code's automatic stay and putative *in rem* jurisdiction over Brazilian assets that are still being administered in the RJ Proceeding, would do nothing but inject chaos, confusion, and uncertainty into a matter critically important to the country of Brazil.  Oi's motion to terminate should be swiftly denied in furtherance of international comity.[3]

---

[3] *JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 424 (2d Cir. 2005) ("We have repeatedly held that U.S. courts should ordinarily decline to adjudicate creditor claims that are the subject of a foreign bankruptcy proceeding…. In such cases, deference to the foreign court is appropriate so long as the foreign proceedings are procedurally fair and [] do not contravene the laws or public policy of the United States."); *Finanz AG Zurich v. Banco Economico S.A.*, 192 F.3d 240, 246 (2d Cir. 1999) ("Since `[t]he equitable and orderly distribution of a debtor's property requires assembling all claims against the limited assets in a single proceeding,' American courts regularly defer to such actions."); *In re Maxwell Commc'n Corp. plc by Homan*, 93 F.3d 1036, 1053 (2d Cir. 1996) ("[C]omity argues decidedly against the risk of derailing … cooperation [of parallel bankruptcy proceedings] by the selfish application of our law to circumstances touching more directly upon the interests of another forum."); *Allstate Life Ins. Co. v. Linter Group Ltd.*, 994 F.2d 996, 999 (2d Cir. 1993) ("[We have recognized that comity is particularly appropriate where, as here, the court is confronted with foreign bankruptcy proceedings."); *Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 713 (2d Cir. 1987) ("American courts have long recognized the particular need to extend comity to foreign bankruptcy proceedings.").

<table>
<tr><td>Dated: August 13, 2025<br>New York, New York</td><td>**Quinn Emanuel Urquhart &amp; Sullivan, LLP**<br><br>/s/  Benjamin I. Finestone<br>Michael Carlinsky<br>Benjamin I. Finestone<br>Mario O. Gazzola<br>Jeremy Baldoni<br>Lindsay Weber<br>M. Margaret O'Leary<br>295 5th Avenue, 9th Floor<br>New York, NY 10016<br>michaelcarlinsky@quinnemanuel.com<br>benjaminfinestone@quinnemanuel.com<br>mariogazzola@quinnemanuel.com<br>jeremybaldoni@quinnemanuel.com<br>lindsayweber@quinnemanuel.com<br>maggieoleary@quinnemanuel.com<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>John K. Shaffer (*pro hac pending*)<br>865 S Figueroa St, 10th Floor<br>Los Angeles, CA 90017<br>johnshaffer@quinnemanuel.com<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>*Counsel to BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A.*</td></tr>
</table>