**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
Philip M. Abelson
Ricardo M. Pasianotto
Claire M. Campbell (*pro hac vice* pending)
David Kim
Peter Strom (*pro hac vice* pending)

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)

111 South Wacker Drive, Suite 5100
Chicago, IL 60606
(312) 881-5400
Jason N. Zakia (admitted *pro hac vice*)

*Attorneys for Rodrigo Caldas de Toledo Aguiar,
as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | )<br>) |
| Oi S.A., *et al.*,[1] | ) Case No. 23-10193 (LGB)<br>)<br>) Chapter 15 |
| Debtors in a Foreign Proceeding. | ) (Jointly Administered)<br>) |

**STATEMENT NOTIFYING THE COURT OF DEVELOPMENTS
IN THE BRAZILIAN RJ PROCEEDING PURSUANT TO 11 U.S.C. § 1518**

---

[1] The debtors in the above-captioned cases (the "**Chapter 15 Cases**"), along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Oi S.A. – Em Recuperação Judicial (01-43 – Brazil), Oi Brasil Holdings Coöperatief U.A. – Em Recuperação Judicial (8447 – Netherlands), Portugal Telecom International Finance B.V. – Em Recuperação Judicial (5023 – Netherlands).

1. Rodrigo Caldas de Toledo Aguiar (the "**Petitioner**" or "**Foreign Representative**"), the duly-authorized foreign representative with respect to the jointly-administered judicial reorganization (*recuperação judicial* or "**RJ**") proceeding (the "**Brazilian RJ Proceeding**")[2] of Oi S.A. – Em Recuperação Judicial ("**Oi**"), Oi Brasil Holdings Coöperatief U.A. – Em Recuperação Judicial, and Portugal Telecom International Finance B.V. – Em Recuperação Judicial (collectively, the "**RJ Debtors**" and, together with their non-debtor affiliates, the "**Oi Group**" or the **"Company"**), commenced on March 1, 2023, under Federal Law No. 11.101 of February 9, 2005, as amended, of the laws of the Federative Republic of Brazil before the 7th Business Court of the City and State of Rio de Janeiro, Brazil (the "**Brazilian RJ Court**"), respectfully submits this statement (this "**Statement**") pursuant to section 1518 of title 11 of the United States Code (the "**Bankruptcy Code**"), to provide the United States Bankruptcy Court for the Southern District of New York (the "**Court**") with an update on the Brazilian RJ Proceeding.

2. On August 12, 2025, the Brazilian RJ Court partially granted the RJ Debtors' request and issued a ruling (the "**August 12 Ruling**") suspending the enforceability of certain payment obligations under the RJ Debtors' plan of reorganization ("**Brazilian RJ Plan**") and staying enforcement actions against the RJ Debtors' assets. The stay takes effect on August 13, 2025 and will remain in effect until August 31, 2025, subject to additional extensions depending on developments in the Brazilian RJ Proceeding.

### The August 12 Ruling

3. The obligations subject to the stay (the "**Stayed Obligations**") relate to the RJ Debtors' proposed amendment of the Brazilian RJ Plan ("**Brazilian RJ Plan Amendment**"),

---

[2] The case number for the Brazilian RJ Proceeding before the Brazilian RJ Court is 0090940-03.2023.8.19.0001 (formerly 0809863-36.2023.8.19.0001).

1

which request remains pending as the court-appointed watchdog prepares a report to clarify the Company's financial viability.  The August 12 Ruling is attached hereto as **Exhibit A** both in its original form and in certified English translation.  The Stayed Obligations, which are subject to the Brazilian RJ Proceeding and consist mainly of claims owed to local vendors and employees, were previously unimpaired by the Brazilian RJ Plan.  Notably, however, the Brazilian RJ Plan Amendment does not propose any changes to the vast majority of the RJ Debtors' debt obligations, including their U.S. law-governed indebtedness.  *See* Decl. of Paulo Calil Franco Padis, Ex. A, ECF No. 47.

4. In recognizing the urgent need for a stay, the Brazilian RJ Court explicitly acknowledged that the RJ Debtors have not complied with certain obligations under the Brazilian RJ Plan as well as other obligations not subject to the Brazilian RJ Proceeding.  Nevertheless, the Brazilian RJ Court reaffirmed the RJ Debtors' social importance and the potential harm that could result from the interruption of public services in the event of the RJ Debtors' bankruptcy. The Brazilian RJ Court noted that the RJ Debtors continue to provide essential public services throughout Brazil, including fixed telephone access at thousands of locations, critical three-digit emergency services, such as emergency medical response and police support, and the operation of approximately 70% of the air traffic control system across Brazil's air traffic control centers.

5. The August 12 Ruling further provides that, before the suspension period ends, the National Telecommunications Agency (*Agência Nacional de Telecomunicações* or ANATEL) and the Federal Court of Accounts (*Tribunal de Contas da União* or TCU) shall comment on the most recent developments in the Brazilian RJ Proceeding, including to prevent any interruption to the RJ Debtors' provision of public services.  The Brazilian RJ Court also instructed that the RJ Debtors submit a transition plan to ensure continuity in the delivery of such services.

**Brief Response to V.tal's August 13 Statement**

6.  On August 13, 2025, BCG Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A. ("**V.tal**") filed its *Notice of Filing of August 12, 2025 Ruling* [ECF No. 89], attaching the August 12 Ruling and providing its own spin. The Foreign Representative disagrees with V.tal's mischaracterizations of the Brazilian RJ Court's decision and believes that this backdoor attempt to litigate against the *Motion to Terminate the Recognition Order and Dismiss the Chapter 15 Cases* [ECF No. 46] (the "**Motion**") is inappropriate. Indeed, V.tal goes beyond reporting the substance of the August 12 Ruling,[3] including legal arguments and even cites to five more decisions regarding comity. As all of these arguments already have been addressed by the parties in their prior filings and will be further argued at the upcoming hearing on the Motion, the Foreign Representative will not address them individually in this Statement. If, however, V.tal's position is that the Brazilian RJ Proceedings "have absolutely no nexus to the U.S.", then the relief requested in the Motion—the termination of recognition and dismissal of the Chapter 15 Cases—should be granted and V.tal will not be harmed by such relief.

7.  The Foreign Representative will continue to keep the Court apprised of further developments with respect to the Brazilian RJ Proceeding.

---

[3] Keeping this Court up to date on further developments in the Brazilian RJ Proceeding is the obligation of the Foreign Representative under section 1518 of the Bankruptcy Code, which the Foreign Representative has and will continue to discharge as further developments arise.

3

Dated: August 13, 2025
      New York, New York

           Respectfully submitted,

           By:    */s/ Philip M. Abelson*
                   Philip M. Abelson

**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
Philip M. Abelson
Ricardo M. Pasianotto
Claire M. Campbell (*pro hac vice* pending)
David Kim
Peter Strom (*pro hac vice* pending)

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)

111 South Wacker Drive, Suite 5100
Chicago, IL 60606
(312) 881-5400
Jason N. Zakia (admitted *pro hac vice*)

*Attorneys for Rodrigo Caldas de Toledo Aguiar,
as Petitioner and Foreign Representative*

4