**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Michael Carlinsky
Benjamin I. Finestone
Mario O. Gazzola
Jeremy Baldoni
Lindsay Weber
M. Margaret O'Leary
295 5th Avenue, 9th Floor
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
mariogazzola@quinnemanuel.com
jeremybaldoni@quinnemanuel.com
lindsayweber@quinnemanuel.com
maggieoleary@quinnemanuel.com
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

K. John Shaffer (*pro hac vice* application pending)
865 S Figueroa St, 10th Floor
Los Angeles, CA 90017
johnshaffer@quinnemanuel.com
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A.*

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Oi S.A. *et al.*,<br><br>Debtors in a Foreign Proceeding.[1] | Chapter 15<br><br>Jointly Administered<br><br>Case No. 23-10193 (LGB) |

**V.TAL'S RESPONSE TO OI'S STATEMENT [ECF 96] REGARDING
BRAZILIAN RJ PROCEEDING**

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Oi S.A. (01-43 – Brazil), Oi Brasil Holdings Coöperatief U.A. (8447 – Netherlands), Portugal Telecom International Finance B.V. (5023 – Netherlands) ("Oi").

BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A. ("V.tal"), a pre- and post-petition creditor in the Brazilian judicial reorganization of Oi S.A. and its affiliates, submit this response to Oi's statement (ECF 96) regarding an August 18 ruling in the Brazilian RJ proceedings ("August 18 Ruling").

In the August 18 Ruling, Appellate Judge Monica Maria Costa de Piero (the "Brazilian Appellate Court") ruled that there is no "legal obstacle or impediment arising from this court relating to matters that ***do not fall within the Brazilian jurisdiction***." ECF No. 96-1 at 7 (emphasis added). Oi's notice not only misunderstands the Brazilian Appellate Court's July 25 ruling,[2] it ignores the core of the August 18 Ruling, whereupon that Brazilian Appellate Court reaffirmed the prevalence of Brazilian jurisdiction:

> I clarify that it is incumbent upon this reporting justice to analyze the claims of Oi Group's judicial reorganization, listed therein by virtue of the general creditors matrix, and those subject to the judicial reorganization plan, approved by the majority of creditors at the General Creditors Meeting ("AGC"), and judicially confirmed.

ECF No. 96-1 at 7 (emphasis added). Oi wrongly states that the only "claims affected by an RJ proceeding are prepetition obligations that are not otherwise exempt from RJ . . . or that voluntarily adhered to the debtor's RJ plan." ECF No. 96 ¶ 6. In fact, as the testimony in this case made clear, several other credits and collateral that Oi plans to impair or encumber in a Chapter 11 filing are subject to the judicial reorganization plan, including: (1) "DIP financing that was approved pursuant to the RJ plan itself," Aug. 14 Hr'g Tr. 102:20-23; (2) "the sale of UPI V.tal," *id.* 16:25-17:3; (3) the FTTH obligations, which the Brazilian RJ plan "requires . . . to be paid," *id.* 22:14-16; (4) lease payments to tower and satellite creditors that "arise out of the RJ plan," *id.* 24:6-8;

---

[2] Reporting Justice Costa's July 25 recommendation never purported to be a "legal obstacle or impediment." Rather, it was, and it remains today, a respectful recommendation in furtherance of international comity. *See* 11 U.S.C. § 1501(a)(1).

2

(5) take or pay contracts that are "required as well by the RJ plan," *id.* 24:18-23; (6) proceeds from the sale of real estate plan that, pursuant to "a waterfall in the JR plan," secure credits of the tower creditors, the roll-up debt, and the new money DIP financing in Brazil, *id.* 30:10-20; *see also* 36:4-11 (explaining that the real estate sale proceeds are also implicated by "a proposal in the amendment to the RJ to restructure it again"); and (7) credits "subject to the RJ plan in Brazil that are collateralized by Oi's stake in V.tal," *id.* 40:25-41:16.

On the same day as the August 18 Ruling, the Brazilian Supreme Court, in a decision determining whether to give force to judgments issued by an English Court against a Brazilian entity,[3] issued a ruling (the "Brazilian Supreme Court Ruling") refusing to give effect to those English Court judgments, pronouncing that:

> III) foreign laws, administrative acts, executive orders, and similar texts do not produce effects in relation to: ***a) natural persons for acts in Brazilian territory; b) legal relationships entered into in Brazil; c) property located, deposited, or stored in Brazil; and d) companies operating here***. A different understanding requires an express provision in Brazilian domestic law and/or a decision by the competent Brazilian judicial authority;
>
> IV) any violation of parts II and III constitutes a violation of national sovereignty, public policy, and proper customs. ***Therefore, the ineffectiveness of such laws, acts and sentences originating in a foreign country is presumed. This presumption can only be overturned, from now on, by an express decision of the [Supreme Federal Court] STF, in the context of a Constitutional Complaint, offered by an aggrieved party***, or other appropriate legal action, without prejudice to the jurisdiction provided for in Article 105, I, "i", of the [Federal Constitution]…

---

[3] In the matter subject to the Brazilian Supreme Court Ruling, the Brazilian Mining Institute ("IBRAM") sought to prevent Brazilian municipalities from filing lawsuits abroad relating to events that occurred in Brazil and are governed by Brazilian law, such as the Mariana and Brumadinho accidents caused by dam failures in Brazil. On February 22, 2025, IBRAM requested a preliminary injunction preventing the Brazilian municipalities from proceeding with actions abroad. On March 3, 2025, several Brazilian municipalities obtained injunctive relief from an English Court ordering IBRAM to withdraw its request for injunctive relief before the Brazilian Supreme Court. The Brazilian Supreme Court Ruling declared that the injunction granted by the English Court is ineffective within the Brazilian territory.

3

Exhibit A at 13 (certified translation); *see also* Exhibit B at 18 (original). The Brazilian Supreme Court Ruling applies not just to the case before it but also to "all others in which a foreign jurisdiction – or another body of a foreign state – seeks to impose unilateral acts, in Brazilian territory, over the authority of Brazil's sovereign bodies." Ex. A at 13. The Brazilian Supreme Court Ruling underscores the concerns voiced by V.tal in this matter with regard to the threat of inconsistent legal rulings, making clear that, any foreign judgments affecting legal relationships or assets in Brazil are presumed ineffective absent a ruling from the Brazilian Supreme Court. In addition to the DIP financing, this would of course include all assets, claims, and contracts in Brazil that Oi intends to impair in a Chapter 11 filing, Aug. 14 Hr'g Tr. 26:23-29:25, as well as any judgments impairing Oi's real estate portfolio, of which "[e]very single one of those 7,000 properties is in Brazil," *id.* 30:4-9.

Finally, contrary to Oi's suggestion, nowhere in the August 18 Ruling did the Brazilian Appellate Court modify its July 25, 2025 recommendation that:

> [B]efore issuing any decision in Oi Group's Chapter 15 proceeding, [this Court should] await… (i) the decision of the Brazilian Court on the verification and consequences of the previously reported non-compliance with the Plan for Court-Supervised Reorganization (JRP) and (ii) the request for amendment of the JRP in the main proceeding underway in Brazil.

ECF No. 56-1 at 17. The reasons for that recommendation—particularly in light of the evidence developed at trial and the Brazilian Supreme Court Ruling—remain sound. But, to the extent that there is any ambiguity whether that request remains pending or not, the only ruling this Court could issue that would not implicate matters that "fall within the Brazilian jurisdiction," ECF No. 96-1 at 7, would be a ruling *denying* Oi's motion to terminate, which, would preclude Oi from seeking to establish a misguided parallel restructuring proceeding that would now implicate the recent pronouncements and requirements of the Brazilian Supreme Court Ruling.

4

| | |
|---|---|
| Dated: August 20, 2025<br>New York, New York | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>*/s/ Benjamin I. Finestone*<br>Michael Carlinsky<br>Benjamin I. Finestone<br>Mario O. Gazzola<br>Jeremy Baldoni<br>Lindsay Weber<br>M. Margaret O'Leary<br>295 5th Avenue, 9th Floor<br>New York, NY 10016<br>michaelcarlinsky@quinnemanuel.com<br>benjaminfinestone@quinnemanuel.com<br>mariogazzola@quinnemanuel.com<br>jeremybaldoni@quinnemanuel.com<br>lindsayweber@quinnemanuel.com<br>maggieoleary@quinnemanuel.com<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>K. John Shaffer (*pro hac vice* application pending)<br>865 S Figueroa St, 10th Floor<br>Los Angeles, CA 90017<br>johnshaffer@quinnemanuel.com<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>*Counsel to BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A.* |