**WHITE & CASE**

August 21, 2025

<u>Via Email and ECF</u>

Honorable Lisa G. Beckerman
United States Bankruptcy Judge, Southern District of New York
One Bowling Green, Rm. 623
New York, NY 10004-1408
beckerman.chambers@nysb.uscourts.gov

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

Re:  *Oi S.A., et al.* – Case No. 23-10193 (LGB)

Dear Judge Beckerman:

We write on behalf of Mr. Rodrigo Caldas de Toledo Aguiar, the foreign representative (the "<u>Foreign Representative</u>") of the debtors in these chapter 15 cases (the "<u>Chapter 15 Debtors</u>")[1] in connection with the *Motion to Terminate the Recognition Order and Dismiss the Chapter 15 Cases* [ECF No. 46] (the "<u>Termination Motion</u>").[2]

As instructed by the Court,[3] the Chapter 15 Debtors have transmitted to the Brazilian RJ Court this Court's recommendation that the Brazilian RJ Court consider requiring the Chapter 15 Debtors and V.tal – Rede Neutra de Telecomunicações S.A. and BGC Fibra Participações S.A. (collectively, "<u>V.tal</u>") to participate in a mediation in Brazil. The Foreign Representative sincerely appreciates the Court's assistance in trying to foster a settlement of the parties' disputes and will participate in good faith in any mediation as directed by the Brazilian RJ Court. As this Court is aware, the Chapter 15 Debtors and their advisors have been attempting to engage with V.tal for over a month. But V.tal has demanded that, as a precondition to discussing *any* topic regarding the Oi Group's financial situation, the Foreign Representative withdraw the Termination Motion. If the Brazilian RJ Court orders mediation, the Foreign Representative is hopeful that V.tal will participate and the parties are able to have a constructive dialogue that leads to a mutually beneficial resolution.

Unfortunately, time is not on the Chapter 15 Debtors' side. As made clear by the evidence submitted by the Foreign Representative at the hearings to consider the Termination Motion, the Oi Group's financial condition is extremely precarious with a severe liquidity crisis that requires the further restructuring of its balance sheet.[4] The Oi Group's situation is becoming more urgent as time goes on. And at some point in the very near future, the Oi Group's only available option

---

[1]   The Chapter 15 Debtors are as follows: Oi S.A. – Em Recuperação Judicial, Oi Brasil Holdings Coöperatief U.A. – Em Recuperação Judicial, Portugal Telecom International Finance B.V. – Em Recuperação Judicial.

[2]   Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Termination Motion.

[3]   *See Order Directing Parties Pursuant to 11 U.S.C. § 1525* [ECF No. 99] (the "<u>Mediation Order</u>").

[4]   *Declaration of Paulo Calil Franco Padis* [ECF No. 47] ¶¶ 20–24; the *Declaration of Marcelo José Milliet* [ECF No. 48] ¶¶19–22; Aug. 14, 2025 Hr'g Tr. at 62:6–25, 63:1–25, 64:1–7, 82:6–14; Aug. 18, 2025 Hr'g Tr. at 31:5–7, 71:19–25, 72:1–5, 133:13–19, 134:15–18.

Honorable Lisa G. Beckerman, p. 2

will be to commence a liquidation (*falência*) in Brazil if it runs out of liquidity. The Foreign Representative continues to believe that a liquidation will be extremely detrimental to the Oi Group's ability to maximize value for all stakeholders, as well as maintain its ongoing business operations, protect its 14,000 employees, and continue providing critical services to its customers, including essential Brazilian government entities. While the Chapter 15 Debtors are committed to participating constructively in any mediation ordered by the Brazilian RJ Court, the Oi Group will suffer irreparable harm by the mere passage of time absent a ruling with respect to its Chapter 15 Cases.

Therefore, in the spirit of this Court's Mediation Order, the Foreign Representative is willing to withdraw the Termination Motion (as V.tal has repeatedly demanded) and close the Chapter 15 Cases in lieu of the relief specifically requested in the Termination Order. As Your Honor suggested at the recent hearing on the Termination Motion, the standard for closing the Chapter 15 Cases under sections 350 and 1517(d) of the Bankruptcy Code and Bankruptcy Rule 5009(c) have been satisfied in this case.

Although the Termination Motion did not specifically request that this Court close the Chapter 15 Cases, the Foreign Representative and the Chapter 15 Debtors respectfully submit the Court has the discretion to close these cases *sua sponte* under 11 U.S.C. § 350(a),[5] and it also has the authority to do so on shortened notice. *See* Fed. R. Bankr. P. 9006(c)(1).

Here, the only pending matter in these Chapter 15 Cases is the Termination Motion. With that motion withdrawn, there would no longer be any "outstanding motions, contested matters or adversary proceedings" in the Chapter 15 Cases. *See In re OneTRADEx, Ltd.*, 645 B.R. 184, 187 (Bankr. S.D.N.Y. 2022); *In re Luptatech S.A.*, 611 B.R. 496, 503 (Bankr. S.D.N.Y. 2020). Upon withdrawal of the Termination Motion, the purpose of Foreign Representative's appearance before this Court in these cases will be complete.[6]

We submit the Termination Motion constitutes a "final report" for purposes of Bankruptcy Rule 5009(c), as it comprehensively describes the nature and results of all actions taken by the Foreign Representative in these Chapter 15 Cases and explains all measures associated with the Brazilian RJ Plan that required relief by this Court under the Bankruptcy Code. *See* Termination Mot. ¶¶ 13–28, 45; *see also In re Nexii Building Sols. Inc.*, No. 24-10026 (JKS) (Bankr. D. Del. Dec. 5, 2024) [ECF No. 72] (order closing chapter 15 cases deeming the foreign representative's motion to close the case as the "final report" that satisfies Bankruptcy Rule 5009(c)). Moreover, there already have been two hearings for the Termination Motion in which the sole objector, V.tal, actively participated, and the Court received more than enough evidence[7] to support closing these Chapter 15 Cases. Indeed, during the August 18, 2025 hearing, this Court indicated that based on

---

[5]  *See In re Ace Track Co., Ltd.*, No. 15-13819 (TAB) (Bankr. N.D. Ill. Dec. 14, 2022) [ECF No. 100] (*sua sponte* order to show cause why the chapter 15 case should not be closed); *see also id.*, No. 15-13819 (Bankr. N.D. Ill. Jan. 27, 2023) [ECF No. 104] (order closing chapter 15 case after failure to show cause).

[6]  Aug. 18, 2025 Hr'g Tr. at 34:9–35:8, 148:8–10, 148:17–21 (counsel to Foreign Representative explaining that the purpose of filing the Chapter 15 Cases was to restructure New York law-governed bonds and that purpose has been completed).

[7]  As the Court noted, the relief requested in the Termination Motion was a much higher standard to satisfy. Aug. 18, 2025 Hr'g Tr. at 40:14–18; Aug. 6, 2025 Hr'g Tr. at 40:13–21.

**WHITE & CASE**

Honorable Lisa G. Beckerman, p. 3

what the Foreign Representative has "accomplished so far to date" and the evidentiary record, the Court "probably would find [the Foreign Representative has] satisfied [the standard under section 350]." Aug. 18, 2025 Hr'g Tr. at 71:11–17.

The Foreign Representative also served the Termination Motion on the U.S. Trustee, all parties involved in the Chapter 15 Cases, and even parties that were not previously involved in the Chapter 15 Cases (such as V.tal), and, on July 16, 2025, filed a certificate of service indicating that notice of the Termination Motion had been given. *See Certificate of Service* [ECF No. 50]. Within 30 days of the filing of the certificate of service, V.tal filed the sole objection to the Termination Motion. *See* [ECF No. 58].

If the Court believes that further process is necessary before these cases can be closed, the Foreign Representative respectfully requests a telephonic conference pursuant to Your Honor's Chambers Rules with Your Honor at your earlier convenience off the record, together with counsel to V.tal, counsel to the Ad Hoc Group of Secured Noteholders, and the U.S. Trustee to discuss a path forward in these Chapter 15 Cases.

We thank Your Honor for your consideration of this request, and the Foreign Representative is contemporaneously filing a copy of this letter on the docket of these cases in addition to delivering a copy to the aforementioned counsel.

Respectfully submitted,


Philip M. Abelson

cc:   Counsel to V.tal (via email and ECF)
      Counsel to the Ad Hoc Group of Secured Noteholders (via email and ECF)
      U.S. Trustee (via email and ECF)