**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, 9th Floor, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7341**

WRITER'S EMAIL ADDRESS
**benjaminfinestone@quinnemanuel.com**

August 22, 2025

**By ECF Filing**

Hon. Lisa G. Beckerman
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Re: *In re Oi S.A., et al.* Case No. 23-10193 (LGB)

Dear Your Honor:

We write on behalf of our clients BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A. (collectively, "V.tal"), interested parties in this chapter 15 case, to submit this response to Oi's August 21, 2025 letter (ECF 102, "Aug. 21 Ltr.") that improperly requests that this Court make a "sua sponte" order closing this case under Section 350, even though Oi has failed to make a motion for such relief (as required); V.tal has had no opportunity to substantively respond to Oi's request; and Oi's request otherwise fails on both procedure and the merits.

Oi claims this Court should grant the extraordinary relief it seeks because Oi is short on time, but Oi has done nothing but waste time. Oi filed its motion to terminate over six weeks ago, with no mention of the relief it now seeks, and it has failed to seek such relief at any time since then, despite repeated prompting from this Court. In the meantime, this Court, V.tal, and the witnesses have expended extensive time and resources in addressing the motion that Oi did make (and now seems ready to abandon). The transparent reason for Oi's request is to circumvent its own pending motion and obtain relief without affording due process to any interested parties, including V.tal. The Court should thus disregard Oi's improper letter.[1]

---

[1] To the extent that the second paragraph of Oi's letter suggests that V.tal is resisting compliance with the Court's order directing parties pursuant to Section 1525, ECF 99, that is unequivocally false. V.tal supports mediation centered in Brazil and would comply with this Court's order regardless.

I. **Oi's request fails on procedural grounds because it has failed to file a motion, seek a hearing, file a final report or certificate, or permit objections, among other reasons.**

Oi's request to close the case under Section 350 fails at the threshold because it has failed to satisfy even the most basic requirements for such a request. The laws that Oi flouts are not empty technicalities; instead, they are in place to ensure that interested parties, like V.tal, have the opportunity to be heard because "[t]he fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). As Oi itself recognized during the August 18, 2025 hearing, Oi has failed to (1) file a motion to close the case under Section 350 (Aug. 18 Tr. 40:21-23); (2) file the final report required by Rule 5009(c)(1) in order to close a case under Section 350 (Aug. 18 Tr. 41:13-15); (3) permit 30 days for the filing of objections, as required (Aug. 18 Tr. 41:23-42:3); and (4) address why a Chapter 15 case closed under Section 350(a) would not be reopened under Section 350(b) (Aug. 18 Tr. 42:4-5).

*First*, this Court should not grant Oi the relief it seeks—closing the case under Section 350—because there can be no dispute that Oi failed to make its request via a motion, as is required. *See* Fed. R. Bankr. P. 9013(a) ("A request for an order must be made by written motion unless: (1) an application is authorized by these rules; or (2) the request is made during a hearing."); Fed. R. Bankr. P. 9014(a) ("In a contested matter not otherwise governed by these rules, relief must be requested by motion. Reasonable notice and an opportunity to be heard must be given to the party against whom relief is sought."). Oi's request is clearly a contested matter. *See* Aug. 18 Tr. 153:5-6 (V.tal's counsel stating: "Had [Oi] moved under [Section] 350, we'd have a litigation about whether the Estate is fully administered."). Oi's request for the Court to act "sua sponte" is thus nothing more than a grossly improper request to grant a motion without making a motion.

Excusing Oi's failure to file a motion would be especially inappropriate here because this Court has raised the issue multiple times with Oi, including at the August 6, 2025 hearing, yet Oi elected to not file such a motion. *See* Aug. 6 Tr. 40:14-17 ("[Y]our arguments seem to sound to me like somebody who wants to close this case under 350. And I don't really understand why that wasn't done if that's what you wanted to do."). Indeed, Oi made clear that it had considered Section 350 relief, and that its decision not to seek such relief was intentional, apparently because Oi was concerned that merely closing (as opposed to "terminating") the case would not have the effect upon the operation of Section 1528 that Oi believes termination would. *See* Aug. 18 Tr. 38:20-39:16; 40:19-41:15. Oi thus has had ample time to file a motion under Section 350 but it has deliberately chosen not to—even today, when it has changed its tune and now seeks relief under that section in an improper, roundabout way.

*Second*, Oi has failed to establish that either of the disjunctive requirements for closing the case under the local bankruptcy rules have been satisfied because (A) the required 30 days have not lapsed without an objection; and (B) the required "notice and a hearing" have not taken place. SDNY Local Bankr. R. 5009-2(a); Fed. R. Bankr. P. 5009(c). The 30-day period under Rule 5009(c)(3) has not started to run because Oi has failed to file the required "certificate" under that rule. Thus, under Local Bankruptcy Rule 5009-2(a), V.tal must be provided notice and a hearing

2

—which Oi has not sought—in order to close the case under Section 350. If such notice and a hearing are provided, V.tal intends to timely object.[2]

**Third,** Oi's request fails because Oi's foreign representative has failed to file the required "final report," nor has he demonstrated that he is permitted to file a final report because the "purpose" of his appearance is "completed." *See* Fed. R. Bankr. P. 5009(c)(1) ("[W]hen the purpose of a foreign representative's appearance is completed, the representative must file a final report describing the nature and results of the representative's activities in the court."). Indeed, the ***purpose*** of Oi's foreign representative is entirely ***incomplete*** because his motion to terminate remains pending before this Court. Oi contends that its motion to terminate should be construed as a "final report," but that it untrue on its face: there is no "final report"; the motion is not a final report; and the motion does not describe "the nature and results of the representative's activities in the court" as required. *Id.* The bare factual assertions of Oi's attorney regarding whether Oi's termination motion is actually a "final report" (Aug. 21 Ltr. 2-3) should be disregarded because it is not evidence, and such factual assertions should at least be subject to challenge via the adversarial process.

**Fourth**, Oi has failed to allow for 30 days for interested parties to file objections to their request to close the case under Section 350, as is required. *See* Fed. R. Bankr. P. 5009(c)(3); Counsel for Oi, Aug. 18 Tr. 42:2-3 ("You have to wait 30 days, objections go in …."). Further, Oi has not satisfied the other requirements of Rule 5009: it has not given notice of its filing of a final report; it has not filed a certificate of notice; nor has it (on information and belief) provided notice to the Brazilian RJ proceedings. *See* Fed. R. Bankr. P. 5009(c).

**II.    Oi's request fails on the merits because a motion remains pending in this case; the Court is awaiting decisions from the Brazilian RJ proceeding before ruling and should await such decisions in the interest of comity; the case has been only partially administered; and the foreign representative's appearance is incomplete.**

While V.tal need not, and does not, set forth here its full basis for opposing Oi's potential (and at this point, speculative) motion to close under Section 350, V.tal notes here that such a motion is doomed to fail for multiple reasons.

***First***, the Court should not close the case under Section 350(a) because the Chapter 15 case is not "fully administered," as required under Section 350, because, among other things, there is an outstanding motion and an outstanding contested matter: Oi's motion to terminate (ECF 46), which was the subject of the recent two-day evidentiary hearing on August 14 and 18, remains pending and *sub judice*. *See In re Lupatech S.A.*, 611 B.R. 496, 503 (Bankr. S.D.N.Y. 2020) ("'Fully administered' means, at a minimum, that administrative claims have been provided for, and there are no outstanding motions, contested matters or adversary proceedings."); *In re: Comair Ltd.*, 2023 WL 1971618, at *22 (Bankr. S.D.N.Y. Feb. 12, 2023) ("[T]he undisputed facts in the record do not support a conclusion that the Debtor's Chapter 15 Case is fully administered."); *In re OneTRADEx, Ltd.*, 645 B.R. 184, 189 (Bankr. S.D.N.Y. 2022). While Oi suggests that it may

---

[2]    *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) (citations omitted) ("A district court should not dismiss an action pending before it without first providing the adversely affected party with notice and an opportunity to be heard."). "Notice serves several important purposes. It gives the adversely affected party a chance to develop the record to show why dismissal is improper; [and] it facilitates *de novo* review of legal conclusions by ensuring the presence of a fully-developed record before an appellate court." *Id.* A "*sua sponte* dismissal absent notice and an opportunity to be heard can itself be grounds for reversal." *Id.*

3

move to withdraw the motion to terminate, it has not done so, and V.tal would oppose such a motion to withdraw unless it is done so with prejudice.  *See In re Morrison*, 375 B.R. 179, 187 (Bankr. W.D. Pa. 2007) ("The proper procedure to follow when seeking the withdrawal of a pending motion is to file a separate motion seeking to have the pending motion withdrawn."); *Walston v. City of New York*, 2023 WL 3570970, at *2 (S.D.N.Y. May 19, 2023) (citation omitted) ("Once a motion is submitted to a court, the motion 'may be withdrawn only if the court consents.' … 'There are few occasions when the court would not permit the withdrawal of a motion, but they can occur.' … Such denials may involve a party engaging in gamesmanship and prejudicing the other side.").

**Second**, this Chapter 15 is case not "fully administered" (11 U.S.C. § 350(a)) because this Court is presently awaiting two decisions from the Brazilian RJ proceedings before issuing a ruling, based on a recommendation from appellate Judge Costa in the RJ proceedings.  *See* Aug. 18 Tr. 156:14-157:2; JX 10 (ECF 56-1) at p. 18/19 (recommending that this Court, "before issuing any decision in Oi Group's Chapter 15 proceeding, … await (i) the decision of the Brazilian Court on the verification and consequences of the previously reported non-compliance with the Plan for Court-Supervised Reorganization (JRP) and (ii) the request for amendment of the JRP in the main proceeding underway in Brazil.").  Moreover, in order for a Chapter 15 to be "fully administered," courts in this District require that administrative expenses be provided for.  *See In re OneTRADEx, Ltd.*, 645 B.R. 184, 187–88 (Bankr. S.D.N.Y. 2022) ("courts in the chapter 15 context have found that 'fully administered' means that administrative claims have been provided for"); *In re Lupatech S.A.*, 611 B.R. 496, 502–03 (Bankr. S.D.N.Y. 2020) ("Fully administered" means, at a minimum, that administrative claims have been provided for …."); *In re Comair Ltd.*, 2023 WL 1971618, at *22 (Bankr. S.D.N.Y. Feb. 12, 2023) ("In the chapter 15 case of *In re Lupatech S.A.*, the court considered fully administered to mean at a minimum, that administrative claims have been provided for, and there are no outstanding motions, contested matters or adversary proceedings") (internal quotations omitted).  Oi has alleged the opposite—that it cannot its satisfy post-petition obligations.  Thus, this case is still being administered.

**Third**, in the interest of comity, this Court should await the same two decisions from the Brazilian RJ proceedings before ruling on Oi's request to close the case under Section 350.  Indeed, the recommendation from appellate Judge Costa, on its face, applies equally to a ruling to terminate and a ruling to close.  *See* JX 10 (ECF 56-1) at p. 18/19.  There is no reason to believe that the Brazilian courts would recommend that this Court await the Brazilian decisions before deciding Oi's motion to terminate but would not recommend the same with respect to a decision to close, and Oi has submitted no evidence to the contrary.

**Fourth,** due to the extensive ongoing administration of Oi's restructuring, both in Brazil and here, the Chapter 15 is case not "fully administered" (11 U.S.C. § 350(a)); the "purpose of [the] foreign representative's appearance" is not "completed" (Rule 5009(c)(1)); and a sufficient "final report describing the nature and results of the representative's activities" has not, and cannot, be filed under Rule 5009(c)(1) at this time.  The case is not "fully administered," and the foreign representative's appearance is not complete, including because: (A) the foreign representative has a pending motion before this Court; (B) the foreign representative is actively involved in coordination between this Chapter 15 Court and the Brazilian RJ courts, including regarding this Court's recommendation that the Brazilian court order mediation; and (C) Oi is seeking to amend the already-approved RJ plan, which this Court recognized and gave "full force and effect within the territorial jurisdiction of the United States" (ECF 42 at 8).

If an amended RJ plan is eventually approved in Brazil, as was the case prior to amendment, the foreign representative would be required to seek recognition of it in this Chapter 15 Court. *See* RJ Plan (JX 35) at 10.3.1 (ECF 38-1 at p. 70/239) ("[T]he Companies under Reorganization undertake to adopt the measures that are within their reach and are necessary for this Plan to be recognized as effective, enforceable and binding in the applicable foreign jurisdictions, to the extent that such recognition is necessary for the implementation of the measures provided for in this Plan concerning the respective Creditors."). Similarly, the foreign representative would likely need to seek recognition in this Chapter 15 Court of other transactions under the current or potential amended RJ plans, such as the sale of Oi's interest in V.tal or additional financing that Oi may raise under such plans.

Further, the foreign representative can file no "final" report (as required by Rule 5009(c)(1)), at least until the Brazilian RJ court decides Oi's motion to amend the plan. Because the "remaining items" in the Brazilian RJ are fundamental issues in Oi's foreign proceeding, such as the consideration of an amended RJ plan and the sale of Oi's largest asset, a "final report" and thus closing the case, is inappropriate. *See In re OneTRADEx, Ltd.*, 645 B.R. 184, 189 (Bankr. S.D.N.Y. 2022) (granting motion to close case because, in part, "the status of the Cayman Action supports closing the case, as the Foreign Representative claims that the remaining items in the case will be administrative").

Oi improperly asserts that "the purpose of the Foreign Representative's appearance before this Court in these cases will be complete" (*see* Rule 5009(c)(1)) based solely on its attorney's bald assertions about such purposes at the August 18 hearing. Aug. 21 Ltr. at 2. Of course, "an attorney's statement or argument is not evidence." *Jamaica Ash & Rubbish Removal Co. v. Ferguson*, 85 F. Supp. 2d 174, 182 (E.D.N.Y. 2000). Thus, Oi has entirely failed to show, via evidence, that "the purpose of a foreign representative's appearance is completed" (Rule 5009(c)(1)) and thus Oi has failed to establish this requirement for closing the case.

\* \* \*

V.tal reserves the right to raise additional, or different, grounds opposing Oi's request to close the case under Section 350, including that such a request would be barred by preclusion doctrines. "[C]laims based upon different legal theories are barred provided they arise from the same transaction or occurrence" notwithstanding the provision of new evidence. *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999).

Respectfully,

/s/ *Benjamin I. Finestone*
Benjamin I. Finestone
Counsel to BGC Fibra Participações S.A. and
V.tal – Rede Neutra de Telecomunicações S.A.

cc:    Counsel to the Foreign Representative (via email and ECF)

5