**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
Philip M. Abelson
Ricardo M. Pasianotto
Claire M. Campbell (*pro hac vice* pending)
David Kim
Peter Strom (*pro hac vice* pending)

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)

111 South Wacker Drive, Suite 5100
Chicago, IL 60606
(312) 881-5400
Jason N. Zakia (admitted *pro hac vice*)

*Attorneys for Rodrigo Caldas de Toledo Aguiar,
as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Oi S.A., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Case No. 23-10193 (LGB)<br><br>Chapter 15<br>(Jointly Administered) |

**REPLY TO V.TAL'S RESPONSE TO STATEMENT NOTIFYING
THE COURT OF DEVELOPMENTS IN THE BRAZILIAN RJ PROCEEDING**

---

[1] The debtors in the above-captioned cases (the "**Chapter 15 Cases**"), along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Oi S.A. – Em Recuperação Judicial (01-43 – Brazil), Oi Brasil Holdings Coöperatief U.A. – Em Recuperação Judicial (8447 – Netherlands), Portugal Telecom International Finance B.V. – Em Recuperação Judicial (5023 – Netherlands).

1. Rodrigo Caldas de Toledo Aguiar (the "**Petitioner**" or "**Foreign Representative**"), the duly-authorized foreign representative with respect to the jointly-administered judicial reorganization (*recuperação judicial* or "**RJ**") proceeding (the "**Brazilian RJ Proceeding**")[1] of Oi S.A. – Em Recuperação Judicial ("**Oi**"), Oi Brasil Holdings Coöperatief U.A. – Em Recuperação Judicial, and Portugal Telecom International Finance B.V. – Em Recuperação Judicial (collectively, the "**Chapter 15 Debtors**" or "**RJ Debtors**" and, together with their non-debtor affiliates, the "**Oi Group**" or the "**Company**"), commenced on March 1, 2023, under Law No. 11,101 of February 9, 2005, as amended, of the laws of the Federative Republic of Brazil before the 7th Business Court of the City and State of Rio de Janeiro, Brazil (the "**Brazilian RJ Court**"), respectfully submits this reply to *V.tal's Response to Oi's Statement [ECF 96] Regarding Brazilian RJ Proceeding* [ECF No. 101] ("**V.tal Response**").

2. The V.tal Response attempts to create ambiguity where none exists. The August 18, 2025 decision from the Brazilian Appellate Court (the "**August 18 Decision**") was issued in response to the Oi Group's request for confirmation that there was no need for this Court to wait for any further rulings from either the Brazilian RJ Court or the Brazilian Appellate Court.[2] Despite V.tal's argument to the contrary,[3] it is clear that in its August 18 Decision the Brazilian

---

[1] The case number for the Brazilian RJ Proceeding before the Brazilian RJ Court is 0090940-03.2023.8.19.0001 (formerly 0809863-36.2023.8.19.0001).

[2] *See Statement Notifying the Court of Developments in the Brazilian RJ Proceeding Pursuant to 11 U.S.C. § 1518* [ECF No. 96], ¶ 3; *see also Notice of Filing of Certified Translation of the Clarification Motion* [ECF No. 100], Ex. A. ("Therefore, in accordance with the principles of transparency and good faith, Oi Group requests that a supplementary official letter be sent to the American Court, in order to clarify that the decisions of August 4 and 8, 2025, handed down by the Distinguished Reorganization Court (…) comply with the order previously issued by Your Honor in the decision of pages 51-70, there being, therefore, no legal obstacle or impediment, nor any pending act to be carried out by the Distinguished Reorganization Court so that the American Court can hear the request for withdrawal from Chapter 15 and the possible requests for processing of Chapter 11").

[3] The issue of whether to terminate the recognition of the Brazilian RJ Proceeding in the United States or dismiss or close these Chapter 15 Cases falls squarely into the jurisdiction of this Court and does not interfere with any matters that are subject to the jurisdiction of Brazilian courts. Indeed, a court cannot interfere with the jurisdiction of another court by terminating an order in its own case or dismissing or closing its own bankruptcy case.

1

Appellate Court is withdrawing its prior request that this Court await further rulings from Brazil. The August 18 Decision is clear:

> [T]he analysis of whether it is proper, or not, the request to dismiss the Chapter 15 and file for Chapter 11, is the sole responsibility of the U.S. court . . . there remains no legal obstacle or impediment arising from this court relating to matters that do not fall within the Brazilian jurisdiction.

Accordingly, there is no longer any need for this Court to await any further orders from the Brazilian courts.

3. V.tal's citation to another Brazilian court decision simply rehashes arguments V.tal has already made. V.tal cites this decision for the proposition that a possible chapter 11 case filed by the Oi Group would not be recognized by courts in Brazil.[4] That issue is not before this Court and does not impact this Court's ability to rule on the matters that are currently pending.

*-*-*-*

[*Remainder of Page Left Intentionally Blank*]

---

[4] Aug. 14, 2025 Hr'g Tr. at 177:22–178:1, 191:23–192:20, 195:8–197:2; Aug. 18, 2025 Hr'g Tr. at 10:12–16, 12:2–6, 16:17–18:9, 22:10–24:7.

Dated: August 23, 2025
New York, New York

Respectfully submitted,

By:   */s/ Philip M. Abelson*
      Philip M. Abelson

**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
Philip M. Abelson
Ricardo M. Pasianotto
Claire M. Campbell (*pro hac vice* pending)
David Kim
Peter Strom (*pro hac vice* pending)

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)

111 South Wacker Drive, Suite 5100
Chicago, IL 60606
(312) 881-5400
Jason N. Zakia (admitted *pro hac vice*)

*Attorneys for Rodrigo Caldas de Toledo Aguiar,
as Petitioner and Foreign Representative*