# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

| Direct Dial Number | E-mail Address |
|---|---|
| +1-212-455-2032 | nbaker@stblaw.com |

August 25, 2025

**Via ECF**

Honorable Lisa G. Beckerman
United States Bankruptcy Judge, Southern District of New York
One Bowling Green, Rm. 623
New York, NY 10004-1408
beckerman.chambers@nysb.uscourts.gov

Re:    *In re Oi S.A., et al.* Case No. 23-10193(LGB)

Dear Judge Beckerman:

We are writing on behalf of Lemvig RJ Infraestrutura e Redes de Telecomunicações S.A., an affiliate of Highline do Brasil II Infraestrutura de Telecomunicações S.A. ("Lemvig"), an interested party in this chapter 15 case, in response to the Chapter 15 Debtors' letter dated as of August 21, 2025 [ECF 102] (the "Oi Letter")[1]. In 2023, Lemvig closed the purchase of certain assets from the Oi Group in connection with the 2016 RJ Proceedings. Lemvig is a post-petition creditor in the ongoing RJ proceeding and is currently engaged in active litigation and arbitration proceedings in Brazil with certain of the Chapter 15 Debtors arising from the 2023 sale.

Lemvig joins V.tal in its response dated August 22, 2025 [ECF 105] (the "V.tal Letter") to Oi's improper request for a *sua sponte* order closing this case. Notwithstanding this Court's recommendation that the Chapter 15 Debtors and V.tal participate in mediation in Brazil, Oi is pressing on with its attempt to abandon Chapter 15 and the ongoing RJ Proceeding in favor of a new Chapter 11 filing. But rather than following the proper procedures under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, Oi suggests that the pleadings to date regarding the Termination Motion are also sufficient to satisfy the requirements to close a Chapter 15 case.

As a procedural matter, Oi must comply with the Federal Rules of Bankruptcy Procedure and the local rules of this Court in order to close a Chapter 15 case. Local Bankruptcy Rule 5009-2(a) provides that a chapter 15 case shall be closed upon the earlier of

---

[1] Capitalized terms used herein but not otherwise defined have the meanings assigned to them in the Oi Letter and the V.tal Letter, as applicable.

(a) "a presumption under Bankruptcy Rule 5009(c) that the case has been fully administered" or (b) "the Court, after notice and a hearing, determines that the purpose of the foreign representative's appearance in the chapter 15 case has been completed." Bankruptcy Rule 5009(c) requires the foreign representative to file a final report describing the nature and results of the foreign representative's activities in the Court when the purpose of the foreign representative's appearance in the Court is completed, along with a certificate that notice of the final report has been given to certain required parties. Only if the U.S. Trustee or any party in interest do not file an objection within 30 days of the certificate is there a presumption that the case has been fully administered. The Chapter 15 Debtors therefore have two pathways to closing this case. They can file the final report and certificate with 30 days' notice, or they can petition the Court for notice and a hearing to determine if the purpose of the Foreign Representative's appearance in this case has been completed.

What the Chapter 15 Debtors cannot do is to wave away these procedural requirements and seek *sua sponte* closure via letter to the Court, particularly as the Foreign Representative did **not** serve notice of the Termination Motion on parties in interest like Lemvig, notwithstanding that Lemvig is one of Oi's largest creditors whose claims would be impacted by a future Chapter 11 filing. S*ee* [ECF 58].

Furthermore, it would be premature and inappropriate to close this case under Section 350(a) because it is not "fully administered." Notwithstanding that the Termination Motion remains pending, there are a number of outstanding issues in the RJ Proceeding, including the decision of the Brazilian Court with respect to the non-compliance with the RJ Plan and the request for an amendment to the RJ Plan proposed by Oi. *See In re Lupatech S.A.*, 611 B.R. 496, 502-3 (Bankr. S.D.N.Y. 2022) ("'Fully administered' means, at a minimum, that administrative claims have been provided for, and there are no outstanding motions, contested matters or adversary proceedings"); *In re OneTRADEx, Ltd.*, 645 B.R. 184, 188-9 (Bankr. S.D.N.Y. 2022) (finding support for closing the case where the remaining items in the foreign proceeding were administrative and would not require the involvement of the Bankruptcy Court). The pending decisions of the Brazilian Court may require the Foreign Representative to seek recognition in this Court. While the Chapter 15 Debtors' financial difficulties may not be what was contemplated at the filing of this case, it is clear that the Foreign Representative's purpose for appearing in this Court is not complete.

Finally, Lemvig objects to the Debtors' request in the alternative for an "off the record" telephonic conference amongst the Debtors, certain creditors and Your Honor to "discuss a path forward in these Chapter 15 Cases." The "path forward" must be addressed in a manner that guarantees all parties in interest, including Lemvig, an opportunity to be heard.

Lemvig reserves all rights to supplement and amend its opposition to the Chapter 15 Debtors' request to close the case.

Respectfully,

                                                    */s/ Nicholas E. Baker*
Nicholas E. Baker
Counsel to Lemvig RJ Infraestrutura e
Redes de Telecomunicações S.A.

cc:    Counsel to the Foreign Representative (via email and ECF)
       Counsel to V.tal (via email and ECF)