**WHITE & CASE**

August 25, 2025

**Via Email and ECF**

Honorable Lisa G. Beckerman
United States Bankruptcy Judge, Southern District of New York
One Bowling Green, Rm. 623
New York, NY 10004-1408
beckerman.chambers@nysb.uscourts.gov

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
**T** +1 212 819 8200

**whitecase.com**

Re:  *Oi S.A., et al.* – Case No. 23-10193 (LGB)

Dear Judge Beckerman:

We write on behalf of Mr. Rodrigo Caldas de Toledo Aguiar, the foreign representative (the "Foreign Representative") of the debtors in these chapter 15 cases (the "Chapter 15 Debtors"),[1] to address the August 22, 2025 letter filed by V.tal [ECF No. 105] (the "V.tal Response Letter").

V.tal's letter claims that it would be deprived of proper notice and due process if the Court were to close these Chapter 15 Cases.  This is not true.  The Foreign Representative's Termination Motion (to which only V.tal objected) provided all necessary support for a request to close under section 350(a) of the Bankruptcy Code,[2] and V.tal obtained extensive discovery, deposed witnesses, filed over nine statements and notices on the docket,[3] and had a 2-day evidentiary hearing to argue its objection.  No further process is needed.

Simply put, these Chapter 15 Cases have run their course in the United States and should be closed.  Only the Foreign Representative can commence and prosecute a chapter 15 case under the Bankruptcy Code.  Even V.tal's counsel has emphatically told this Court that V.tal believes there is nothing left for Oi in the United States in these Chapter 15 Cases.  *See* Aug. 6, 2025 Hr'g Tr. at 12:15-21 ("***There isn't one asset in our 50 states that these debtors own, there isn't one employee that these debtors employ, and there isn't one sense of operations in any respect that Oi conducts itself in this country.***") (emphasis added).  Indeed, V.tal's latest argument that the Foreign Representative "would be required to seek recognition … in this Chapter 15 Court" of the proposed amendment to the RJ Plan (if approved by the Brazilian RJ Court) is plainly not true.[4]  That amendment (filed with this Court at ECF No. 47-1) (the "RJ Plan Amendment") only seeks relief with respect to local Brazilian creditors and parties in interest.  There is nothing about such

---

[1]    The Chapter 15 Debtors are as follows:  Oi S.A. – Em Recuperação Judicial, Oi Brasil Holdings Coöperatief U.A. – Em Recuperação Judicial, and Portugal Telecom International Finance B.V. – Em Recuperação Judicial.

[2]    The Termination Motion specified that the Foreign Representative achieved all results for which these Chapter 15 Cases were commenced—namely to restructure the Chapter 15 Debtors' New York law-governed indebtedness—and represented to this Court that no further relief is required. Aug. 18, 2025 Hr'g Tr. at 34:9–35:8, 148:8–10, 148:17–21.

[3]    *See* ECF Nos. 55, 56, 63, 66, 75, 81, 89, 101, 105.

[4]    V.tal Response Letter at 5.

**WHITE & CASE**

Honorable Lisa G. Beckerman, p. 2

amendment that would require the Foreign Representative to seek recognition and give full force and effect with respect thereto in these Chapter 15 Cases in the United States.[5]

Further, V.tal incorrectly claims that the Foreign Representative must demonstrate that all administrative expenses in the Brazilian RJ Proceeding have been satisfied.[6] V.tal Response Letter at 4. The Court's focus when considering a closing is on whether the Chapter 15 Cases are "fully administered." *In re Lupatech S.A.*, 611 B.R. 496 (Bankr. S.D.N.Y. 2020). And there are no administrative expense claims in chapter 15. Nor does any of V.tal's hypotheses on what relief theoretically could be requested from this Court mean that these Chapter 15 Cases have not been fully administered and cannot be closed. The Foreign Representative—the party who can seek relief— confirmed that nothing further is needed or will be requested in these Chapter 15 Cases.

We thank Your Honor for your consideration of this request.

Respectfully submitted,


Philip M. Abelson

cc:    Counsel to V.tal (via email and ECF)
       Counsel to the Ad Hoc Group of Secured Noteholders (via email and ECF)
       U.S. Trustee (via email and ECF)

---

[5]    Despite the clarifications made at the Hearing, Aug. 18, 2025 Hr'g Tr. at 147:21–148:10, V.tal continues to argue that section 10.3.1 *requires* the Foreign Representative to seek enforcement of the proposed RJ Plan Amendment in the Chapter 15 Cases. That requirement is explicitly limited "to the extent that such recognition is necessary for the implementation of the measures provided for in this Plan concerning the respective Creditors[,]" *see* RJ Plan (JX 35) § 10.3.1 [ECF 38-1], and the proposed RJ Plan Amendment concerns local Brazilian creditors with no connection to the United States for which U.S. court enforcement would never be needed. Aug. 14, 2025 Hr'g Tr. at 127:16–128:22.

[6]    The decisions cited by V.tal include a quote from a 1999 decision commenting on the requirements for closing a chapter 11 case, not a chapter 15 case. *See In re Kliegl Bros. Universal Elec. Stage Lighting. Co., Inc.* 238 B.R. 531, 545-546 (Bankr. E.D.N.Y. 1999). None required that all administrative expense claims—a U.S. concept—in the foreign proceeding be satisfied.