**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Michael Carlinsky
Benjamin I. Finestone
Mario O. Gazzola
Jeremy Baldoni
Lindsay Weber
M. Margaret O'Leary
295 5th Avenue, 9th Floor
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
mariogazzola@quinnemanuel.com
jeremybaldoni@quinnemanuel.com
lindsayweber@quinnemanuel.com
maggieoleary@quinnemanuel.com
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

K. John Shaffer (*pro hac vice* application pending)
865 S Figueroa St, 10th Floor
Los Angeles, CA 90017
johnshaffer@quinnemanuel.com
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Oi S.A. *et al.*,<br><br>    Debtors in a Foreign Proceeding.[1] | Chapter 15<br><br>Jointly Administered<br><br>Case No. 23-10193 (LGB) |

## V.TAL'S NOTICE OF FILING OF AUGUST 29, 2025 RULINGS

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Oi S.A. (01-43 – Brazil), Oi Brasil Holdings Coöperatief U.A. (8447 – Netherlands), Portugal Telecom International Finance B.V. (5023 – Netherlands) ("Oi").

BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A. ("V.tal"), a pre- and post-petition creditor in the Brazilian judicial reorganization of Oi S.A. and its affiliates, hereby informs the Court of two recent rulings in Oi's Brazilian judicial reorganization ("RJ Proceeding"). Taken together, these two rulings confirm that Oi's Motion to Terminate the chapter 15 case should be denied, and that any request by Oi to close the chapter 15 cases would be meritless.

> I. **The Brazilian Appellate Court Explicitly States That The Chapter 15 Case Must Remain Open To Ensure The Effectiveness Of Decisions Issued By The Brazilian Court**

On August 29, 2025, Appellate Judge Monica Maria Costa de Piero (the "Brazilian Appellate Court") issued a ruling ordering an immediate communication be submitted to this Court (the "August 29 Communication Ruling") stating that:

> [I]n line with the need for cooperation between jurisdictions and the duties of communication and assistance that guide the provisions of international insolvency, to note that **the continuation of Chapter 15 is necessary and essential for the effectiveness of decisions handed down within the scope of the Judicial Reorganization** in this Court of Justice, as well as for compliance with the judicial reorganization plan approved and ratified by the [Brazilian] courts, and analysis of any amendments.

Exhibit A at 18 (certified translation of August 29 Communication Ruling). In the August 29 Communication Ruling, the Brazilian Appellate Court once again affirmed that Brazilian jurisdiction should prevail in Oi's insolvency proceedings, including because (1) "[t]he process underway in the Brazilian jurisdiction has been expressly recognized by the Oi Group and the competent authorities as the main process," Ex. A at 14; (2) "[t]here is no doubt that all of the Oi Group's operational activity is located in Brazil, as is the center of [main] interests of the debtor (COMI)," Ex. A at 16; and (3) "[t]he prevalence of Brazilian jurisdiction . . . is also supported by the legal interests involved, which are strongly linked to issues of public law, the provision of a public communication service, social issues and the Oi Group's social function, including its

2

obligations to the TCU and public bodies on various levels of the Brazilian federation," Ex. A at 16.

The Brazilian Appellate Court also explained that Oi's estate is far from being fully administered, including because: (1) "there is a request to amend the judicial reorganization plan approved in the second judicial reorganization, as well as a request to process the judicial reorganization of two wholly-owned subsidiaries," Ex. A at 17; and (2) "we are currently awaiting the decision of the judge of first instance on the request to amend the plan submitted," Ex. A at 17.

In the August 29 Communication Ruling, contrary to Oi's frivolous interpretations of prior Brazilian rulings offered to this Court, the Brazilian Appellate Court also made clear that its July 25, 2025 request that this Court await certain rulings, the Brazilian Appellate Court's request remains standing:

> [R]atify the communication already issued to the Federal Bankruptcy Court of the United States, Southern District of New York . . . with the recommendation to the NY Court that, before issuing any decision in Oi Group's Chapter 15 proceeding, it await (a) the decision of the Brazilian Court on the verification and consequences of the previously reported non-compliance with the Plan for Court-Supervised Reorganization (PRJ) reported earlier, and (b) the request for amendment of the PRJ in the main proceeding underway in Brazil . . . .

Ex. A at 18.

In sum, the August 29 Communication Ruling makes clear that this Court should reject Oi's repeated attempts to terminate, close, or otherwise dismiss these pending chapter 15 proceedings as antithetical to comity. Oi's estate is still being administered in Oi's center of main interests, and the Brazilian Appellate Court has explicitly requested that this Court keep the chapter 15 proceedings open in order to help ensure that the Brazilian court's rulings in Oi's main proceeding in Brazil are effective—not overridden—in foreign jurisdictions.[2]

---

[2] In addition, the Brazilian Appellate Court requested that the Judicial Administrator, trustees appointed in Oi's RJ proceeding, "urgently . . . attach a proper translation of the minutes of the

3

## II. The Brazilian Appellate Court Extends The Stay On Oi's Payment Obligations Until A Public Service Transition Plan Is Filed

On August 29, 2025, the Brazilian Court issued an additional ruling extending indefinitely the stay on Oi's payment obligations (the "August 29 Stay Ruling"), until: (1) the request to amend the plan is decided, and (2) a transition plan for public services is presented by Oi, ANATEL (Brazil's telecommunications regulator), and TCU (Brazil's federal audit office). Ex. B at 11 (machine translation of August 29 Stay Ruling).

The August 29 Stay Ruling makes clear that the Brazilian court is focused on ensuring continuity of Oi's public services, and ensuring that Oi's payment obligations are stayed until the appropriate government entities are able to weigh in and prepare a transition plan. This Court should therefore disregard Oi's claims that Brazilian public services are at risk absent a chapter 11 proceeding in the United States.

## III. Conclusion

V.tal thus respectfully requests that this Court deny Oi's motion to terminate and decline Oi's procedurally-invalid and substantively-void invitation to *sua sponte* close the Chapter 15

---

hearings held before the United States Bankruptcy Court, Southern District of New York, as well as the documents presented in the discovery, for a better analysis of the matter." Ex. A at 18.

Pursuant to this ruling, Oi should immediately provide the following discovery to the Judicial Administrator: (1) the 1,456 documents produced by Oi bearing the bates stamps DEBTORS_TERM00000001 – DEBTORS_TERM00009768; (2) the transcript of the August 4, 2025 deposition of Rodrigo Caldas de Toledo Aguiar; (3) the transcripts of the August 4, 2025 and August 13, 2025 depositions of Marcelo Jose Milliet; and (4) the transcripts of the August 5, 2025 and August 13, 2025 depositions of Paulo Calil Franco Padis. If Oi refuses to do so, V.tal reserves the right to respectfully request that the Court modify the terms of the *Stipulated Confidentiality Agreement And Protective Order*, ECF No. 85, to allow V.tal to share the discovery materials with the trustees. *See* Aug. 6 Hr'g Tr. 25:1-15; 45:2-4 (COURT: prohibiting use of chapter 15 discovery in the RJ Proceeding unless the Brazilian "court decides in South America that you're entitled to discovery and that the discovery that you received here should be provided to you and utilized in that" proceeding; "[I]f the Brazilian court orders that documents that you produced in connection with this proceeding be produced, then that's fine.").

4

proceedings. For the sake of all of Oi's employees, creditors, shareholders, and stakeholders (with the potential exception of management), V.tal also hopes that following these August 29 rulings, Oi stops wasting its limited resources on its misguided attempts to file chapter 11 proceedings in the United States, and instead focuses on complying with the requirements of Brazilian law, and Oi's Brazilian restructuring proceedings.

| | |
|---|---|
| Dated: August 30, 2025<br>New York, New York | **QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP**<br><br>*/s/ Benjamin I. Finestone*<br>Michael Carlinsky<br>Benjamin I. Finestone<br>Mario O. Gazzola<br>Jeremy Baldoni<br>Lindsay Weber<br>M. Margaret O'Leary<br>295 5th Avenue, 9th Floor<br>New York, NY 10016<br>michaelcarlinsky@quinnemanuel.com<br>benjaminfinestone@quinnemanuel.com<br>mariogazzola@quinnemanuel.com<br>jeremybaldoni@quinnemanuel.com<br>lindsayweber@quinnemanuel.com<br>maggieoleary@quinnemanuel.com<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>K. John Shaffer (*pro hac vice* application pending)<br>865 S Figueroa St, 10th Floor<br>Los Angeles, CA 90017<br>johnshaffer@quinnemanuel.com<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>*Counsel to BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A.* |