**<u>Exhibit A</u>**

**Certified Translation of the August 29 Temporary Injunction Ruling**



**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 1



262.603(002) Livro 1761 Fl. 001-035

**I, SWORN PUBLIC TRANSLATOR AND COMMERCIAL INTERPRETER SIGNED BELOW, APPOINTED BY THE PRESIDENT OF THE TRADE BOARD OF THE STATE OF RIO DE JANEIRO (JUCERJA), LICENSED IN THE FOLLOWING LANGUAGES: ENGLISH, FRENCH, AND SPANISH UNDER PERMIT 243 ---------- HEREBY CERTIFY IN GOOD FAITH ---------------------------------------------------------- THAT ON THIS DATE A DOCUMENT WAS PRESENTED TO ME WRITTEN IN PORTUGUESE, WHICH I NOW TRANSLATE INTO THE ENGLISH IDIOM WITH THE BEST OF MY KNOWLEDGE AND IN GOOD FAITH, AS COMMANDED BY MY OFFICIAL DUTY, AS FOLLOWS:----------------------------------------------------------**

 ----------------------------------------------------------

*(Electronic stamp of the Court of Justice on all pages of the document submitted)* ------------------------------------

 ----------------------------------------------------------

*(Digital signature stamp on all pages of the document submitted)* -------------------------------------------------

 ----------------------------------------------------------

**FIRST CHAMBER OF PRIVATE LAW OF THE COURT OF JUSTICE OF THE STATE OF RIO DE JANEIRO** -------------------------------

**Interlocutory appeal no. 0070880-41.2025.8.19.0000** --------

**Aggravating factor: V.TAL - Neutral Telecommunications Network SA Aggravated: OI SA - in judicial reorganization and others** -------------------------------------------------

**Rapporteur: Des. Mônica Maria Costa** ------------------------

**DECISION** -------------------------------------------------

**1.** This is an interlocutory appeal filed against part of the decision of fols. 117.355/117.359 (specifically f.117.356), handed down by the Judge of the 7th Business Court of the District of the Capital of Rio de Janeiro who, in an incident filed in dependence on the judicial reorganization of the OI Group (No. 0090940-





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 2

03.2023.8.19.0001), in view of the imminence of the hearing that is part of the procedure to withdraw from *Chapter 15* initiated by the Oi Group before the United States Federal Bankruptcy Court, Southern District of New York, analyzing requests formulated by V.Tal. (ids. 116.966, 117.289 and 117.339), declared that it "will not order anyone to refrain from filing a lawsuit (judicial procedure) before any jurisdiction", on the grounds that the inafastability of the Judiciary is a cornerstone of a Democratic State of Law. ----------------------------------

The aggravating party contends that the aggravated decision refers to Oi's request to file a main restructuring proceeding under Chapter 11 of the United States Bankruptcy Code ("*Chapter 11*"), to be filed before the American Judiciary, in the event that the Aggravated Parties' request to close *Chapter 15*, which is underway before the Bankruptcy Court of the Southern District of the State of New York, is granted. ------------------------

He goes on to say that the Oi Group's stated intention was for the *Chapter 11* to be processed concurrently with the Judicial Recovery process currently underway before the Recovery Court. --------------------------------------------

It argues that the aggravated decision ended up implicitly rejecting the request formulated by V.tal for the reorganization court to also assess the legality surrounding the alleged *Chapter 11*, including after hearing the i. Court Administrators and a representative of the Public Prosecutor's Office. ------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 3

It points out that the contested decision not only failed to exercise the indispensable control of legality over the intended *Chapter 11*, but also set a dangerous precedent legitimizing a blatantly illegal expedient, incompatible with Brazilian public order and corrosive to the authority of this Court. ---------------------------------------------

It argues that the aggravated decision should be reformed so that the Brazilian court, after hearing the i. Judicial Administrators and the member of the Public Prosecutor's Office, recognize and communicate to the New York Court (167-P, LFR) that a possible *Chapter 11* to be filed by the Oi Group is materially illegal and incompatible with the Judicial Reorganization, based on the following arguments:

(a) *violation of public order*, since the LFR prohibits the filing of a new request for judicial reorganization within 5 (five) years of the decision approving the respective judicial reorganization plan (article 48, II, LFR). It states that this is a rule of public policy, which reflects policies chosen by the national legislator as part of the structure of economic incentives on which the LFR is based, pointing out that the Oi Group had its plan approved just over 15 (fifteen) months ago. He points out that the duplication of domestic and foreign main proceedings is not permitted under Brazilian law. It clarifies that investors who finance debtors in judicial reorganization in Brazil rely on the applicable provisions of the LFR for risk assessment and pricing of financing, and it was based on this predictability and confidence in





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 4

the protection of credit rights that V.tal (through its affiliated company) disbursed the equivalent of US$150 million in DIP Financing to Oi. Points out that, when making the investment, V.tal believed that the Judicial Reorganization Court would be the only one competent to process the reorganization of the Oi Group and, therefore, that (i) the fiduciary guarantees linked to the DIP Financing (e.g., the encumbrances on the shares issued by V.tal) could be enforced in any scenario, in accordance with the governing national law and the guarantee instrument; and (ii) Oi could not file a new judicial reorganization within the period of 5 (five) years from the approval of the Plan - so that the Oi Group would necessarily have to fully comply with the DIP Financing before such period, insofar as it matures in 2027, that is, within such quarantine. It argues that if the Brazilian courts authorize the Oi Group, after having benefited from investments and protections made possible and conferred on it by the Judicial Reorganization, in the form of national legislation, as authorized by the Brazilian creditors and the Judiciary, to file a *Chapter 11* in parallel with the Judicial Reorganization in Brazil in order to restructure off-balance sheet obligations in the US jurisdiction, would be altering the logic and incentives conferred by the national legal system, so that investors who finance companies in judicial reorganization would start to include such elements in their risk analyses. Furthermore, when taking the decision to approve





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 5

the judicial reorganization plan, the creditors who have successive commercial relationships with the debtor in judicial reorganization take into account the terms of payment of their claims in conjunction with the expectations of payment for supplies in future years, which will be made possible with the approval of the plan and the recovery of the debtor. It emphasizes that the negative impacts on the sector resulting from this reckless precedent were even addressed by the Brazilian Association of *Special Situations and Litigation Finance* in its Amicus Brief submitted in the context of *Chapter 15*. It points out that the deleterious effects of this strategy for the market as a whole were also recognized by the Oi Group's advisors at the hearing within the scope of *Chapter 15*, according to whom the Brazilian market would have to adapt to this new reality. ------------------------

(b) *impossibility for Chapter 11 to restructure credits that are not subject to Judicial Reorganization*, given that the transnational insolvency rules included in the LFR (articles 167-A et seq.) prohibit (in the context of the Oi Group) the recognition of a foreign proceeding that restructures credits that are not subject to judicial reorganization (articles 167-M, §3, 167-S, I, and 167-B, III, all of the LFR). It points out that, given the existence of the Judicial Recovery and the fact that the Oi Group's center of main interests is admittedly (including by a final decision) in Rio de Janeiro, the *Chapter 11* cannot be recognized by the Brazilian





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 6

jurisdiction since the Oi Group's stated objective is precisely to affect extrajudicial credits and circumvent the prohibition on a new restructuring request in a period of less than five years. It concludes that, if Oi were to file *Chapter 11*, the restructuring of the Oi Group's obligations of an extra-concurrent nature would not be able to be recognized and apply its effects in Brazil, since the LFR establishes a quarantine of 5 (five) years for a new request for judicial reorganization to be filed (article 48, II, LFR). He claims that the statements made by Mr. Marcelo Milliet, at the *Chapter 15*Hearing, imply that *Chapter 11* may also interfere in the sphere of tender credits that are under the protection of the D. Judgment of Recovery and of this E. Tribunal. Court and which should be kept exclusively subject to Brazilian jurisdiction, as well as revealing that the Oi Group seeks to obtain financing in the debtor-in-possession modality, within the scope of *Chapter 11*, which would have priority both over extra-concurrent credits held against the Oi Group, as well as over the concurrent credits that are already being restructured in the Judicial Reorganization, which would alter the order of payments and priority of cash distribution established in the Judicial Reorganization, in the Plan already approved by the Brazilian jurisdiction. It thus concluded that the Oi Group intends, through *Chapter 11*, to subvert the Brazilian public order from the outside in, by restructuring credits that national law expressly excludes





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 7

from reorganization, creating new priority debts that run over concurrent creditors and rewriting the cascade of payments already approved by the Brazilian judiciary. -----
(c) *risk of conflicting decisions*, given the coexistence of two main insolvency proceedings, which appears to be an unprecedented measure in Brazil. It claims that the Judicial Reorganization and an alleged *Chapter 11* not only protect the restructuring of certain credits, but also the rights, duties, limitations and prerogatives of debtors and creditors subject to them, and that the risk of such rules and consequent judicial decisions conflicting with each other is certain, as already recognized by the New York Court and by Oi, and that such a measure could generate countless losses for various *stakeholders*. It points out that it is uncertain to what extent a *Chapter 11* would potentially impact labor and tax creditors and those owed to Brazilian regulatory authorities, and how Oi intends to give effect in Brazil to the decisions eventually handed down by the American courts in view of the existence and continuity of the Judicial Reorganization, notably in light of articles 167-A et seq. of the LFR. It signals that, in the undesired scenario, in which the Judicial Reorganization is converted into bankruptcy due to the non-compliance with the Plan and the deterioration of the Oi Group's financial situation, already reported by the I. Judicial Administrators and by *Watchdog*, it would be up to the Judicial Reorganization Court and this Court to give effectiveness to the





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 8

collection rules. Court to give effectiveness to the rules of collection and disposal of assets in the event of liquidation of the Aggravated Parties, emphasizing that, simultaneously, however, the New York Court may also adopt (potentially conflicting) measures that will prevent the disposal of assets of the Oi Group, in favor of *Chapter 11.* --------------------------------------------------------

(d) *the need to maintain Chapter 15*, given its necessity for the purposes of implementing the Judicial Reorganization. It states that the judicial reorganization process and plan have not yet been implemented and the Oi Group recently submitted an addendum to the plan, in which, among other things, it intends to sell its main asset (UPI V.tal) and affect guarantees granted to relevant creditors with connections in the United States. It asserts that the scenario of uncertainty is substantial and indisputable, and it is likely that any decisions to be handed down by the reorganization court will have to be confirmed in the context of *Chapter 15*, otherwise the jurisdiction of the reorganization court will be emptied, which is why the termination of that auxiliary procedure is therefore premature and inappropriate. It informs that the New York Court itself recognized that, in the current situation of the Judicial Recovery, it is important that Oi remains with *Chapter 15* open and active in New York. --- Finally, it states that so far the Oi Group has not been able to refute the allegations of illegality surrounding the filing of a *Chapter 11*, as well as clarify the





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 9

uncertainties reiterated by the New York Court itself about the impossibility of coexistence of the *Chapter 11* and the Judicial Reorganization, in addition to not even presenting a study or analysis on the possible results of a *Chapter 11*, the recoverability of credits in such a context, the impacts on creditors or the guarantees to be offered. It emphasizes that it was also demonstrated in the context of *Chapter 15* that the Oi Group does not have the slightest indication that it will obtain DIP financing in the context of *Chapter 11*, in addition to estimating that more than US$ 100 million (i.e., more than half a billion reais) would be spent on advisors' fees to conduct a *Chapter 11*procedure. It assures that the announced request for *Chapter 11* would be a disastrous, unfounded measure that would jeopardize the entire restructuring of the Oi Group, the result of practically a decade of efforts by creditors and the National Judiciary, since:: (i) it would violate public policy principles of Brazilian law; (ii) it would create a reckless precedent for the entire national insolvency system and conflicts of jurisdiction that would make its processing unfeasible from a practical point of view; (iii) it is devoid of any credible analysis of its financial viability; (iv) it would (further) increase litigation involving the Oi Group; (v) it would drain more than half a billion reais in lawyers' and advisors' fees; (vi) it would damage the Oi Group's main asset, impacting the execution of the Plan





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish - Portuguese

p. 10

itself; and (vii) it would reduce the value of the guarantee offered to several creditors under the Plan. ---- It asks for the effects of the appeal to be granted in advance, determining that: (a) if the first interlocutory appeal is recognized as having lost its object, the terms of the decision with suspensive effect issued therein be validated and fully maintained, so that any decision regarding the request for closure of *Chapter 15* awaits the decisions of the Recovery Court regarding the Oi Group's non-compliance with the Plan and the processing of the amendment to the plan; (b) in line with the duties of cooperation and communication that guide the transnational insolvency provisions of the LFR, this E. Court to issue a supplementary communication to the New York Court, informing that, in a summary judgment, (a) the filing of *Chapter 11* would violate Brazilian public policy; (b) the effects of *Chapter 11* on non-recourse creditors could not be recognized in Brazil given the existence of the Judicial Reorganization; and (c) the maintenance of *Chapter 15* is necessary to give effect to the decisions to be handed down under and by virtue of the Judicial Reorganization. ------------------------------------------- Finally, he asks that the appeal be granted, ratifying the requests for advance relief formulated above and reversing the aggravated decision, for all legal purposes and effects. ------------------------------------------------- This is the report. I'll decide. --------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 11

**2.** Under the terms of the decision of the Second Section of the Superior Court, in the judgment of Special Appeal 1707066/MT, submitted to the rite of repetitive appeals (Theme 1022), "an interlocutory appeal is appropriate against all interlocutory decisions handed down in judicial reorganization proceedings and bankruptcy proceedings, by virtue of art. 1.015, sole paragraph, CPC". ------------------------------------------------------
Thus, the intrinsic requirement for admissibility of appeals (suitability) is present. ------------------------
Having gone beyond formal regularity, I will now analyze the appellant's request for a preliminary injunction. -----
Pursuant to art. 1019, I, of the CPC, once the interlocutory appeal has been received by the court and distributed immediately, if art. 932, III and IV do not apply, the rapporteur may, within 5 (five) days, grant suspensive effect to the appeal or grant a preliminary injunction, in whole or in part, to the appeal, informing the judge of his decision. --------------------------------
The granting of suspensive or active effect is subject to the presence of two requirements, namely the verisimilitude of the allegations and the danger of irreparable damage or difficult reparation (article 995, sole paragraph, of the Code of Civil Procedure). ----------
It is worth quoting doctrine on the subject[1]: -------------
[1Comentário ao novo Código de Processo Civil/ coordenação Antonio do Passo Cabral, Ronaldo Cramer - Rio de Janeiro: Forense, 2015, p. 1473;] ----------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 12

"The conditions for granting suspensive effect to appeals are, in our opinion, typically precautionary: risk of serious damage, impossible or difficult to repair and likelihood of the appeal being successful. In other words, periculum in mora and fumus boni iuris. -------------------

This damage, the likelihood of which must be demonstrated in order to obtain the suspensive effect of the appeal, is not necessarily identified with the impairment of the substantive right claimed in the appeal. It is enough for the party to demonstrate that the damage will be aggravated if the measure is not granted. ------------------

The law does not mention the reverse situation: the appeal has suspensive effect by express provision and the appellant needs the decision to be effective. Having demonstrated the likelihood of the appeal being upheld and the occurrence of damage, we believe that the appellant is entitled to the measure corresponding to the provisional advance of the appeal being upheld. This is what has been called the active effect or advance injunctive relief, which is not expressly provided for, but is allowed in the system in relation to all appeals with suspensive effect, for identical reasons. It can be granted in cases where appeals do not have suspensive effect". -------------------

In summary cognizance, I do not see, at a glance, the verisimilitude of the aggravating party's allegations to justify the full granting of the preliminary injunction sought. -----------------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 13

Before examining the relief sought, a brief chronological digression of the facts is necessary. ---------------------
Originally, the reorganized companies submitted an addendum to the approved JRP, requesting the publication of a notice to convene a Creditors' Meeting to vote on it, and also requesting the granting of urgent relief to suspend, for 180 days, the enforceability of the obligations set out in the JRP, with the removal of the consequences of default, including judicial restrictions on their assets. -------------------------------------------
In their petition on pages 113.147/113.190 of the original case files, they state that after the approval, on 28.05.2024, of the JRP approved by the creditors on 19.04.2024, despite having implemented various measures provided for therein necessary to restructure their liabilities, maintain working capital and make their new strategic business plan viable, with a significant reduction in their net debt and the frank development of the strategic operating activities indicated as their current "core business", they were nevertheless faced with a serious cash crisis. -------------------------------------
They claim that the assumptions that served as the basis for the economic rationale of the various payment obligations assumed in the PRJ were not verified after it was ratified by the reorganization court: (i) the sale of UPI ClientCo would result in the receipt of R$7.3 billion in cash in the two-year period 2024-2025; (ii) which would drastically reduce the costs of maintaining the





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish - Portuguese

p. 14

infrastructure needed to provide STFC telephony services with the adaptation of the concession to the authorization model as of June 2024; and (iii) the disbursement due to labor liabilities would remain at historical levels. ------ They argue that the New Governance began to study alternatives in an attempt to address the pressure for immediate liquidity and, consequently, ensure the continuity of its recovery, in respect for the principle of the social function and preservation of the company, concluding that it is necessary to approve the amendment to the Plan presented, with the following proposal: (i) the alteration of the conditions of payment of Credits held by Labor Creditors (Clause 4.1), Partner Supplier Creditors (Clause 4.2.6), Take or Pay Creditors with Guarantee (Clause 4.2.8), Take or Pay Creditors without Guarantee - Option I (Clause 4.2.9), Take or Pay Creditors without Guarantee - Option II (Clause 4.2.10) and Adhering Unsecured Creditors (Clause 4.10); (ii) the use of recourse deposits to obtain immediate funds and pay creditors (Clauses 5.4); and (iii) the possibility of hiring a specialized company to manage the Properties through a vehicle to be created for this purpose (Clause 5.3.5). ---------------------------------------------------- The lower court deemed it necessary to previously hear the Judicial Administration, the WatchDog (appointed to act in the case according to the decision of id. 114.162, of the original case file) and the Public Prosecutor's Office on the legality of the terms of the amendment and the





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 15

company's minimal financial viability (id. 114.138, of the original case file). --------------------------------------
In a subsequent petition (id.115.354, of the original case files), the Recovering Companies maintain that, in addition to the need to amend the PRJ in order to overcome their temporary short-term cash flow difficulties, they are considering resorting to judicial measures abroad, with the aim of restructuring credits that will not be settled in the amendment, by initiating the procedure provided for in Chapter 11 of the United States Bankruptcy Law ("*Chapter 11*"), before the Supreme Court of the United States. United States Bankruptcy Court for the Southern District of New York. They also inform that, in order to prepare for the potential filing of *Chapter 11*, they filed, on the same date, a request to withdraw *Chapter 15*, which will be decided by the American Court in due course. They justify the need for this strong measure on the grounds that a significant part of GRUPO OI's debts is currently made up of credits that were not covered by the present reorganization process, almost all of which were incurred during the management of the former administration of the reorganized companies. They point out that, in order to ensure the continuity of their operations, they are considering resorting to judicial measures abroad, with the aim of dealing with these debts in an organized manner, since they cannot be included in the judicial recovery process in Brazil. ------------------





**REPÚBLICA FEDERATIVA DO BRASIL**
*Paulo Fernando Santos de Lacerda*
**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish - Portuguese

p. 16

With regard to the addendum and clarifications requested
by the lower court, Watchdog stated in id. 115,773. -------
Regarding the request for an amendment, the Judicial
Administrator also made a statement in id 115.999 of the
original case file. --------------------------------------
The Public Prosecutor's Office offered its opinion, in
summary cognizance, in id. 116,114, highlighting, from the
outset, the existence of illegalities in the addendum
presented, which must be overcome until the eventual
resolution at the AGC, under the terms of article 35, I,
"a" of Law 11,101/2005, with regard to the following
clauses: "a) clause 4.1 et seq.: impossibility of creating
subclasses of labor creditors with claims of less than 150
minimum wages; b) clauses 4.2.6, 4.2.7 and 4.2.8:
substantial change in the form of payment for supplier
partner creditors and take-or-pay creditors; and c) clause
5.4: withdrawal of labor appeal deposits." ----------------
After the above-mentioned submissions were made, the judge
a quo issued a decision on fols. 116.202/116.209 of the
original case files, assessing the claim filed by the OI
Group on pages 113.147/113.190 of the same case,
consisting of the publication of a notice calling
creditors to submit an amendment to the judicial
reorganization plan approved in March/2024 and granting a
preliminary injunction in order to determine the
suspension of the enforceability of outstanding
obligations provided for in the PRJ, for a period of 180
days, without incurring in a situation of bankruptcy, as





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 17

well as any property constrictions in the interim, in the following terms: ------------------------------------------
"(...) In view of the context thus defined, I consider it essential that the Public Prosecutor's Office, the joint Judicial Administration and the Judicial Observer, who has already been appointed, give their prior opinion - albeit briefly - on the amendment to the JRP submitted, and the documents that accompany it, within a common period of 5 (five) calendar days, from the point of view of its legality and the minimum economic and financial viability of the AMENDMENT submitted. Even in the light of the reports drawn up by the reorganized company and attached as of ID 113.679, in possible comparison with the RMAs presented by AJ. ------------------------------------------
In addition, there should be a statement on the following:
(1) With regard to the Joint Judicial Administration, it shall: -------------------------------------------------------
a) clarify, clearly and objectively, compliance and observance of the subparagraphs of item II of article 22 of the LRF; ----------------------------------------------
b) affirm, or not, the effective compliance with the approved PRJ until the date of the AMENDMENT petition (07.01.2025) and the feasibility of maintaining its compliance for the 3 months following that date; c) itemize the values of the assets and liabilities of the reorganized company at the beginning of the 2nd RJ (here considered to be the distribution of the preparatory injunction) and on 07.01.2025 (date of the filing of the





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 18

AMENDMENT in pre-filing analysis). The quantification should be based both on the amount computed with PRJ rebates and also without such rebates (i.e. the amount resulting from the enforceability of the debts originating from the repossession); -----------------------------------

d) a breakdown of the cash flow on the date of the filing of the 2nd RJ (herein considered to be the distribution of the preliminary injunction) and on 07.01.2025 (date of the filing of the AMENDMENT in pre-filing analysis); ----------

e) itemize the number of direct and indirect employees of the reorganized company on the date of the application for the 2nd RJ (here considered to be the distribution of the preliminary injunction) and on 07.01.2025 (date of filing of the AMENDMENT in pre-filing analysis). -----------------

f) Break down the amounts paid to CLASS I labor creditors and to secured and unsecured partner creditors in the last 3 months, and what is to be paid in the next 3 months (here we are considering whole months; in other words, we are in the course of June/2025 and the 3 preceding months are: May, April and March/2025, and this is how the projection for future months will be made). ---------------

(2) As for the watchdog, it is determined that it will prioritize, at this time, the manifestation regarding the request for an amendment to the plan filed in this main proceeding, focusing on the results of the reorganized company for the last 6 months immediately past and also on the projections for the 3 months immediately future, in light of what is contained in the case file, as well as





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 19

any and all documents and information that it deems necessary to access. It is expressly authorized to request them directly from the Recovering Party, which must deliver them. He is also vested with all the powers listed in clauses 7.2.2 and 7.2.3 of the approved JRP and, in the event of confidentiality of information (clauses 7.2.4.1 and 7.2.4.1.1 of the approved JRP), he must present it to the court after requesting that it be included in a confidential incident. ------------------------------------

Thus invested, the Judicial Observer must request from the Recovering Company information on any substantial changes in remuneration (including bonuses) practiced in favor of its managers in the last 6 months (with upward or downward fluctuations), Board of Directors, Board of Directors and its senior management bodies ("New Management"), including amounts directed to legal entities that may be part of it, as well as whether such changes were reported to the Judicial Administration in the period. These findings should be included in your statement. ---------------------

I would like to point out that the following people are invited to comment within a common period of five calendar days: Judicial Administration, Watchdog and the Public Prosecutor's Office, requesting the latter to collaborate in issuing its opinion within the common deadline, both due to the delimitation of the object of evaluation established above and because it is an electronic process that makes this possible, notably due to the alleged urgency. ---------------------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 20

Everyone should be notified as a matter of urgency, including by telephone and e-mail. ------------------------
Notice should also be given of the AMENDMENT TO THE PRJ presented by the OI Group in reorganization, as well as the filing of the petition for judicial reorganization of 2 subsidiaries (SEREDE and BRASIL TELECOM CALL CENTER S.A. - TAHTO), ANATEL and CADE. ---------------------------------
Therefore, I allow the reorganized company, within the same period, to express its opinion on any exercise of the option set out in clause 4.2.12, d, of the PRJ. -----------
Finally, please be aware of ID 114.123 (letter from the 1st Chamber of Private Law, regarding the measures taken with regard to the company's lawyers). In this regard, this Court has already adopted its own decision, in item VI of ID 113141. For her part, r. The registry office certified that the procedural representation was in order in the proceedings underway at this first instance (ID 114136). -----------------------------------------------------
I return the case files from completion for IMMEDIATE compliance with everything contained herein. (fls.114.138/114.142)" ------------------------------------
"For all the above reasons: -------------------------------
1. Tell the Recovering Company about the conclusion of the RMA of July 2025 that points to substantial non-compliance with the obligations of the approved PRJ, justifying and providing proof of any claim made; ------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

2. Subsequently, the Recovering Party must state whether it will exercise the option provided for in clause "4.2.12, "d"" of the PRJ; ----------------------------------

3. Then AJ (including on the duty set out in item II, item "b" of the LRE); ------------------------------------------

4. So, to the Public Prosecutor's Office about the whole addition; -------------------------------------------------

5. The WatchDog should be summoned to begin IMMEDIATELY the task entrusted to him and accepted, estimating fees for this purpose, in view of the extension established herein; --------------------------------------------------

6. I suspend the payment of bonuses to the Recovering Company's Senior Management, maintaining, for the time being, their remuneration fixed at the meeting held on April 29, 2025; --------------------------------------------

7. I determine that any sale or encumbrance of assets must be preceded by judicial authorization, under penalty of ineffectiveness of any act that fails to comply with this;

8. I order that a communication be sent by the Judicial Administration, duly translated into English, to the Federal Bankruptcy Court of the United States, Southern District of New York (procedure of fols. 115.744 ff.), informing that "the Oi Group is currently undergoing judicial reorganization proceedings before this Court of the 7th Business Court of Rio de Janeiro, RJ, in which the Recovering Company has failed to comply with obligations assumed in June 2025, without justification, until the present moment. (116.202/116.209 -item IV)" ---------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 22

The aggravating party filed an interlocutory appeal against this decision, filed under No. 0059754-91.2025.8.19.0000, in which the request for a preliminary injunction was partially granted so that: (i) the communication to be sent by the Judicial Administration to the United States Federal Bankruptcy Court, Southern District of New York (procedure of fols. 115.744 ff.), with the recommendation to the NY Court that, before issuing any decision in the proceedings related to the Oi Group's *Chapter 15*, it should await the decision of the Brazilian Court both in relation to the verification and consequences of the non-compliance with the JRP, already reported, and the request for an Amendment to the JRP of the main proceedings underway in Brazil; (ii) a copy of the aforementioned decision should be forwarded to the United States Federal Bankruptcy Court, Southern District of New York (procedure on fols. 115.744 ff.), with the proviso that there is no judicial pronouncement by this jurisdiction agreeing to the initiation of other procedures involving the restructuring of the OI Group in other jurisdictions; (iii) due to the signing of the Self-Composition Agreement (Acordo) for the adaptation of the concession contracts to the authorization regime, a summons was issued, giving unequivocal notice of the Addendum to the PRJ presented by the OI Group in reorganization, as well as the filing of the petition for judicial reorganization of 2 subsidiaries (SEREDE and BRASIL TELECOM CALL CENTER S.A. - TAHTO), the External





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 23

Control Secretariat for Consensual Settlement and Conflict
Prevention (SecexConsenso) of the Federal Court of
Auditors (TCU), and the Securities and Exchange Commission
(CVM); and (iv) finally, I hereby order that the
Securities and Exchange Commission (CVM) be notified ex
officio, and a copy of the last two (2) RMA's be sent.
This appeal is still pending a decision on the merits. ----
Id. 116.966, of the original case files, V.Tal filed a
statement in the case files, requesting the magistrate to
order the summoning of the i. Judicial Administrators and
the representative of the Public Prosecutor's Office to
express their opinion on the possibility of filing the
restructuring request in the US courts (*Chapter 11*) and
its consequences for this Judicial Reorganization process,
in the light of Brazilian legislation and the other facts
and considerations brought up in the context of this
manifestation. -------------------------------------------
In 117.289 of the original case file, reiterated in id.
117.339, the aggravating party filed another motion in the
original case file, requesting that the Bankruptcy Court
of the Southern District of New York be ordered to: (i)
inform that the deadline for the Public Prosecutor's
Office to comment on any non-compliance with the Plan by
the Debtors in the form of Decision No. 2 will only expire
on August 14, 2025, and that any decision by this Court
will only be issued after the expiration of such deadline;
(ii) inform that there is no deadline in progress for the
parties to comment on the Incident regarding the Amendment





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 24

to the Plan, so that it is not even possible to establish as of which date this Court will be able to decide on the Amendment to the Plan presented by the Oi Group; (iii) in observance of the determination made by the E. TJRJ, reiterate (a) the recommendation that the American Court wait to decide on the amendment to the Plan presented by the Oi Group. (iii) in compliance with what has been determined by the E. TJRJ, reiterate (a) the recommendation that the American Court wait until a decision is handed down by this D. Tribunal on the verification and consequences of the decision. Judgment on the verification and consequences of non-compliance with the Plan, as well as the request for an Amendment to the Plan before issuing any decision within the scope of *Chapter 15*; and (b) that this D. Judgment has never issued any formal manifestation in support of the filing of a *Chapter 11* by the Oi Group. --------------------------------
Regarding the above petition, the OI Group expressed its opinion in id.117.335. -------------------------------------
Thus came the contested decision (fols. 117.355/117.359) which, among other provisions, declared that it is impossible to order anyone to refrain from filing a lawsuit (judicial procedure) before any court. ------------
The appellant wants to be granted a preliminary injunction, determining that: (i) that the preliminary ruling issued in the interlocutory appeal, filed under No. 005975491.2025.8.19.0000, be confirmed and fully upheld, should it be recognized that it is prejudicial due to the





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 25

present insubordination; (ii) that a supplementary communication be sent to the New York court, informing it that: (a) the filing of *Chapter 11* would violate Brazilian public policy; (b) the effects of *Chapter 11* on extra-petition creditors could not be recognized in Brazil given the existence of the Judicial Reorganization; and (c) the maintenance of *Chapter 15* is necessary to give effect to the decisions to be handed down under and by virtue of the Judicial Reorganization. ----------------------------------
In this case, as already emphasized by this Rapporteur, associated with the unquestionable uniqueness of this judicial reorganization with regard to the inexorable public interest that arises from the provision of services to the community by the OI Group, is the need for punctual satisfaction of the obligations agreed in the JRP approved by the creditors and homologated in court, subject to inspection during the period of judicial supervision. -----
However, the Recovering Companies submitted a request to suspend payment of the obligations assumed in the reorganization process for a period of 180 days, in addition to having submitted an addendum to the plan, due to a serious cash crisis to honor them, with the aim of reaching the originally excluded labor creditors, renegotiating the conditions and payment terms of suppliers, partner creditors, *take or pay* with and without guarantee. ----------------------------------------------
In a statement in the original records, the Recovering Companies said that these measures would not be enough to





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 26

stop the current economic and financial situation that has arisen, which is why it is still necessary to initiate reorganization proceedings in the North American Court (*Chapter 11*), in which they intend to negotiate debts not covered by the present judicial reorganization. ----------- Id. 118.495, of the original case files, the Recovering Companies informed the court *a quo* that, during the hearing held in the context of *Chapter 15*, on August 18, 2025, after hearing the parties' manifestations, the Justice of the Court of Appeals, in the case of the case file, informed the court of the following facts The American Court recommended the opening of mediation proceedings between the Recovering Companies and V. TAL Rede Neutra de Telecomunicações S.A. ---------------------- The proceedings in progress before the Brazilian courts have been expressly recognized by the Oi Group and the competent authorities as the main proceedings. ------------ As an opportune moment, we transcribe part of the decisions that established national jurisdiction for the processing of the first and second judicial reorganizations of the debtor companies, *in verbis*: ------- "The issue is new and deserves to be tackled. ------------- The first point worth highlighting in this analysis is that the FINCO and PTIF companies are merely financial vehicles created by the OI Group to raise funds abroad in order to finance its production activities. They are wholly-owned subsidiaries, created in the Netherlands, without any operational activity. -------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 27

The Oi Group's operational activity is in Brazil. This is where the main establishment of companies in Recovery is located; this is where the activity that generates wealth is located, the center of interests that justifies, in theory and in practice, the creation of a system of protection for companies. This is the appropriate forum for the reorganization process. And for this reason, I understand that all issues relating to the holding company and its subsidiaries must be decided in accordance with Brazilian law. Brazilian law does not allow any concurrent jurisdiction of a foreign judicial authority or equivalent when the insolvent debtor has its main establishment in Brazil." ---------------------------------------------------
 -----------------------------------------------------------
**"JURISDICTION AND PROCEDURAL CONSOLIDATION** ----------------
This request for judicial reorganization was filed by Oi S.A., PTIF and Oi Coop. PTIF and Oi Coop are non-operational companies that, in the past, were used as vehicles to raise funds from abroad to finance the Oi Group's activities in Brazil. The obligations of PTIF and Oi Coop, although originally contracted abroad through the issuance of *bonds*, have always been fulfilled in Brazil, backed by the Brazilian operations of its parent company Oi. --------------------------------------------------------
It should be recalled that, when the first judicial reorganization of the Oi Group was processed, the jurisdiction of this court to process the judicial reorganization of the Dutch subsidiary Oi Coop was even





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 28

questioned within the scope of the procedure established on the basis of *Chapter 15* of the North American Bankruptcy Code, whose judgment handed down by the court of the Southern District of New York, in the United States, confirmed that it is in Brazil that the center of the main interests of Oi Coop and the Oi Group is located. When granting the processing of the 1st judicial reorganization, this Court had already understood that: "*And, insofar as the companies that make up the OI GROUP operate in a coordinated and integrated manner in the Brazilian telecommunications system, and under a single corporate, operational, financial, administrative and managerial control - exercised by the controlling company OI - including in relation to non-operational financial vehicle companies incorporated abroad - judicial protection must reach the conglomerate as a whole.*" (fls. 89496 89525 of case no. 0203711-65.2016.8.19.0001). -------
At the time, it was a real *leading case*, since there was little or nothing about transnational insolvency in Brazilian courts and the legislation in force didn't even deal with this hypothesis. The Judiciary has been called upon to fill the legal gap through a systematic and analytical interpretation of the legal system and, in particular, the applicable constitutional principles. Subsequently, Law 14.112/2020 added the Transnational Insolvency chapter (VI-A) to Law 11.101/2005 to regulate this hypothesis. -----------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 29

At that time, the procedural consolidation had not yet been regulated, which occurred with the changes brought about by Law 14.112/2020, under the terms of art. 69-G: *Debtors who meet the requirements set out in this law and are part of a group under common corporate control may file for judicial reorganization under procedural consolidation.* --------------------------------------------

As a result, the requirements for procedural consolidation have been met, under the terms of article 69-G of Law 11.101/05. ------------------------------------------------

It is indisputable that there is a single corporate, operational, financial, administrative and managerial control exercised by the controlling company Oi S.A. in relation to the non-operational financial vehicle companies incorporated abroad, and it is evident that there is an economic group in fact and in law, with all the Plaintiffs having presented documentation individually, which allows for active joint litigation for the purposes of filing for Judicial Recovery. -------------

Thus, reiterating the terms of the preliminary ruling issued in ID 44532251 of Antecedent Preliminary Injunction No. 0809863 36.2023.8.19.0001, procedural consolidation is a measure that should be applied to the present case." ----

As pointed out in this last decision, when the 1st judicial reorganization of the Oi Group was processed, the jurisdiction of the court *a quo* to process the judicial reorganization of the Dutch subsidiary Oi Coop was even questioned in the context of the procedure initiated on





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 30

the basis of *Chapter 15* of the North American Bankruptcy Code, whose judgment handed down by the Southern District of New York, in the United States, confirmed that it is in Brazil that the center of Oi Coop's and the Oi Group's main interests is located. --------------------------------
There is no doubt, therefore, that the entire operational activity of the OI Group is located in Brazil, and that this is where the debtor's (COMI) main interests lie. -----
The prevalence of Brazilian jurisdiction in this case is also supported by the legal interests involved, which are strongly linked to issues of public order, the provision of a public communication service, social issues and the Oi Group's social function, including its obligations before the TCU and public bodies at various levels of the Brazilian national federation. ----------------------------
This is the OI Group's second Judicial Reorganization, and the judicial reorganization plan presented, after successive suspensions of the meeting, was approved by the creditors on 18.04.2024 and 19.04.2024, by 79.87% of the votes ("per head") and 56.15% by value of the voting credits of the unsecured class. --------------------------
And, in a decision dated May 28, 2024, the judicial reorganization plan approved by the creditors at the AGM was judicially ratified in favor of OI S.A. - In Judicial Reorganization ("Oi" or "Company"), PORTUGAL TELECOM INTERNATIONAL FINANCE B.V. - In Judicial Reorganization ("PTIF") and OI BRASIL HOLDINGS COÖPERATIEF U.A. - In Judicial Reorganization ("Oi Coop"), with the exception of





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

clauses 9.1, 9.2 and 9.3.5, so that the extinction(s) of the obligations towards the co-obligor(s) and the suppression of the guarantees only take effect for the creditor(s) who approved the judicial reorganization plan, without any exceptions. ------------------------------------

The appellant, V.Tal, is an IPU, originating from the OI Group's recovery plan, and holds a 27.5% shareholding. ---

In fact, under the terms of the notice of filing and hearing, dated February 13, 2023, sent by the United States Bankruptcy Court, Southern District of New York, it is clear that case no. 23-10193-JPM refers to a recognition of provisional injunctive relief in preparation for a judicial reorganization process, which is still underway in Brazil. ------------------------------

Concurrent claims, including those subject to the effects of the first Judicial Reorganization (Proceeding No. 0203711-65.2016.8.19.0001), are being paid in accordance with the Plan approved in the second Judicial Reorganization (Proceeding No. 0809863 36.2023.8.19.0001).

The plan approved and ratified by the courts is currently being complied with and under judicial supervision, and there is no list in the case file of the extrajudicial claims that are part of the restructuring sought by the Recovering Companies before the Foreign Courts. -----------

Nor are we aware of the presentation of any study analysis on the possible results of a *Chapter 11*, within the context of the present judicial reorganization, notably with regard to the protection and maximization of the





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 32

value of the debtors' assets, the impacts on creditors or the guarantees offered. ------------------------------------

In another step, there is a request to add to the judicial reorganization plan approved in the second judicial reorganization, as well as a request to process the judicial reorganization of two wholly-owned subsidiaries. -

On the other hand, we are currently awaiting the decision of the judge of first instance on the request to amend the plan submitted. -------------------------------------------

In this context, it is essential and important for the Brazilian Court to maintain *Chapter 15* for the effectiveness of the decisions handed down in the context of Judicial Reorganization in this Court of Justice, as well as for compliance with the judicial reorganization plan approved and homologated in court, and analysis of any amendments. --------------------------------------------

It is important to note that, in view of the legal proceedings regarding the fulfillment of the Real Estate Lease Agreement signed between the parties, I designated the establishment of a judicial mediation procedure to attempt an amicable settlement, under the supervision of the Judicial Administration, on a platform, in interlocutory appeal no. 0069445 32.2025.8.19.0000. -------

In view of this scenario, as a precaution, it is necessary to ratify the communication sent to the United States Federal Bankruptcy Court, Southern District of New York (procedure of fols. 115.744 ff.), with the recommendation to the NY Court that, before issuing any decision in the





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 33

case related to the Oi Group's *Chapter 15*, it await the decision of the Brazilian Court both in relation to the verification and consequences of the breach of the JRP, already reported, and the request for an amendment to the JRP of the main case in progress in Brazil, thus accepting the request for appellate advance relief formulated by the Appellant in its item 103, (i). ----------------------------
However, the appellant's other claims in item 103, (ii), paragraphs *a* and *b*, of the appeal, go beyond the duties of international cooperation between different jurisdictions and which guide the implementation of assistance and coordination measures, set out in arts. 167-A, 167-P, 167-Q and 167-T, all of Law No. 11.101/05, arts. 6°, 67 a 69, of the CPC and Resolution n° 350, of 27.10.2020, of the CNJ, at this procedural moment, and the equality of judicial sovereignty must be observed. --------------------
**3.** For all the above reasons, **I partially GRANT the request for a preliminary injunction** only to: **(i)** ratify the communication already sent to the United States Federal Bankruptcy Court, Southern District of New York (procedure of fols. 115.744 ff.), with the recommendation to the NY Court that, before issuing any decision in the case related to the Oi Group's *Chapter 15*, it should await the decision of the Brazilian Court both in relation to the verification and consequences of the non-compliance with the JRP, already reported, and the request for an Amendment to the JRP of the main proceeding underway in Brazil; **(ii)** and, in line with the need for cooperation





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 34

between jurisdictions and the duties of communication and assistance that guide the provisions of transnational insolvency, inform that the maintenance of *Chapter 15* is necessary and essential for the effectiveness of the decisions handed down in the context of Judicial Recovery in this Court of Justice, as well as for compliance with the judicial recovery plan approved and homologated by the courts, and analysis of any amendments. --------------------

**4.** Without prejudice, a copy of this decision should be forwarded **IMMEDIATELY** to the United States Bankruptcy Court, Southern District of New York, **by e-mail**, at the following address: JPM.chambers@nysb.uscourts.gov, which must contain the following information in the message: ----
Re: Case No. 23-10193 (JPM) - *Chapter 15* -------------------
To the Honorable Judge John P. Mastando III ---------------

**5.** As a matter of urgency, the Judicial Administrator should be instructed to attach, duly translated, the minutes of the hearings held before the United States Bankruptcy Court Southern District of New York, within the scope of *Chapter 15*, as well as the documents presented in the *discovery*, for a better analysis of the matter. -------

**6.** As a matter of urgency, the court *a quo* should be informed of this decision and request information; --------

**7.** The Judicial Administrator should be notified; ---------

**8.** The Curator of the Masses should be notified; ----------

**9.** The defendants to file a reply, within the fifteen-day time limit provided for in art. 1019, II, of the CPC; -----

**10.** Afterwards, the Office of the Public Prosecutor. ------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 35

```
Rio de Janeiro, (Blank) of (Blank) 2025. ------------------
```

**Mônica Maria Costa** -----------------------------------------

```
Reporting Judge --------------------------------------------

Rel. Des. Monica Maria Costa ------------------------------
 -----------------------------------------------------------
```

**AND WITH NOTHING FURTHER TO BE TRANSLATED FROM THE ABOVE DOCUMENT, I HEREBY FINISH THE TRANSLATION AND SIGN ON THIS DATE. --------------------------------------------------------------**
**PAULO FERNANDO SANTOS DE LACERDA, Ph.D ---------------------------------------**
**SWORN PUBLIC TRANSLATOR AND COMMERCIAL INTERPRETER PERMIT #243 ----------------------------------------------------------------------**
**September 3, 2025.--------------------------------------------------------------------**

PAULO FERNANDO SANTOS DE LACERDA:29709 644734

Assinado de forma digital por PAULO FERNANDO SANTOS DE LACERDA:29709644734
DN: c=BR, o=ICP-Brasil, ou=Secretaria da Receita Federal do Brasil - RFB, ou=RFB e-CPF A1, ou=AC VALID RFB V5, ou=AR CERTSEC, ou=Videoconferencia, ou=09282241000145, cn=PAULO FERNANDO SANTOS DE LACERDA:29709644734
Dados: 2025.09.03 15:15:34 -03'00'

