# Exhibit B

**Certified Translation of the August 29 Stay Ruling**



**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese



p. 44

262.642(001) Livro 1761 Fl. 044-061

**I, SWORN PUBLIC TRANSLATOR AND COMMERCIAL INTERPRETER SIGNED BELOW, APPOINTED BY THE PRESIDENT OF THE TRADE BOARD OF THE STATE OF RIO DE JANEIRO (JUCERJA), LICENSED IN THE FOLLOWING LANGUAGES: ENGLISH, FRENCH, AND SPANISH UNDER PERMIT 243 ----------**
**HEREBY CERTIFY IN GOOD FAITH ---------------------------------------------------------**
**THAT ON THIS DATE A DOCUMENT WAS PRESENTED TO ME WRITTEN IN PORTUGUESE, WHICH I NOW TRANSLATE INTO THE ENGLISH IDIOM WITH THE BEST OF MY KNOWLEDGE AND IN GOOD FAITH, AS COMMANDED BY MY OFFICIAL DUTY, AS FOLLOWS: ----------------------------------------------------------**
-------------------------------------------------------------------

*(Electronic stamp of the Court of Justice of the State of Rio de Janeiro on all pages of the document submitted) ----*

*(Digital signature stamp on all pages of the document submitted) ----------------------------------------------------*

-------------------------------------------------------------------

**FIRST CHAMBER OF PRIVATE LAW OF THE COURT OF JUSTICE OF THE STATE OF RIO DE JANEIRO ------------------------------**

**Interlocutory Appeal No. 0071515-22.2025.8.19.00000 -------**

**Appellants: OI S.A. - IN JUDICIAL REORGANIZATION, PORTUGAL TELECOM ----------------------------------------------------**

**INTERNATIONAL FINANCE B.V. - IN JUDICIAL RECOVERY and OI BRASIL HOLDINGS COOPERATIEF U.A. - IN JUDICIAL REORGANIZATION ---------------------------------------------**

**Writing for the Court: Appellate Court Judge Mônica Maria Costa ----------------------------------------------------**

**DECISION ---------------------------------------------------**

**This is an interlocutory appeal** filed by OI S.A., PORTUGAL TELECOM INTERNATIONAL FINANCE B.V., and OI BRASIL HOLDINGS COOPERATIEF U.A., all in judicial reorganization, **against the decision of pages 118.173 to 118.176 (index no.**



**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 45

**118.173)**, handed down by the Judge of the 7th Business Court of the Capital District in Case No. 0090940-03.2023.8.19.0001, **which: (I) suspended the enforceability of the obligations inherent in the amendment to the court-ordered reorganization plan presented by the reorganized companies, for the period between 08/13/2025 and 08/31/2025; (II) determined that until the end of the fixed period, ANATEL and the TCU must express their opinion on any transition for the purpose of avoiding any disruption in the public services provided by the OI Group ; (III) imposed on the reorganized companies the duty to present a transition plan for the public services provided and to exercise, if they deem it appropriate, the option set out in clause 4.2.12, 'd', of the PRJ.** ----------------
In the draft of pages 02 to 49 (index no. 02), the appellants contend that the extraordinary circumstances that led them to submit an amendment to the reorganization plan approved on May 28, 2024. They highlight the significant reduction in net debt, from R$25.4 billion to R$9.8 billion between the first quarter of 2024 and May 2025, as well as the payment of a further R$2.8 billion according to the July 2025 RMA. However, they point out that some basic assumptions for the economic rationale of some payment obligations assumed in the PRJ were not verified after the court approval. They point out that (a) the amount intended by the former administration for the sale of *UPI ClientCo* did not reflect market reality and, as a result, the financial asset was sold in February 2025





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 46

for non-cash consideration in the amount of R$5.7 billion; (b) the costs for maintaining the infrastructure necessary for the provision of STFC telephony services continued to be imposed by ANATEL until November 2024, five (5) years after the original projected period.7 billion; (b) the costs for the maintenance of the infrastructure necessary for the provision of STFC telephony services continued to be imposed by ANATEL until November 2024, for five (5) months after the originally projected period, giving rise to significant expenses not previously envisioned by the OI Group; (c) labor liabilities fell from R$808.4 million to just R$803.9 million, between May 2024 and May 2025, a much lower reduction than that projected when the recovery plan was drawn up. Faced with circumstances beyond the control of the new governance, which strained the reorganized companies' cash flow and hindered compliance with their short-term financial obligations, they submitted the amendment in pursuit of a solution that would enable them to continue payments, overcome temporary cash flow difficulties, and preserve their operating business, all while safeguarding the company's social function and continuity. Below, they briefly detail the terms of the amendment, submitted on July 1, 2025, highlighting its viability and the need for approval to be decided at a new General Meeting of Creditors, the convening of which is based on article 35, I, paragraph 'a', of Federal Law 11.101/2005, as well as clauses 9.6, 9.6.1 and 9.6.2 of the reorganization plan. They mention





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 47

doctrine on a possible amendment to judicial reorganization plans and case law precedents on the legal nature of a measure aimed at suspending the enforceability of related obligations. They once again highlight the substantial fulfillment of the obligations of the reorganization plan and the efforts made in favor of its recovery project. They highlight its role in society and the necessary protection of their activities, which involve thousands of direct and indirect jobs generated by it, as well as essential services of notorious public interest at national level, such as emergency services (190, 192 and 193) and those provided to the Integrated Air Defense and Air Traffic Control System (CINDACTA). After weighing up the facts, they believe that the suspension period set by the Court *a quo* is insufficient to reach a consensus among the creditors regarding the amendment to the reorganization plan, especially in view of the complexities involving a new restructuring of the relevant credits and obligations of the OI Group. They argue for the extension of the aforementioned period for a further 120 (one hundred and twenty) days, noting that the procedure inherent to the amendment has not yet been launched, and that there is a need for prior clarification by the reorganization court of the real financial viability of the reorganized companies, a task assigned to the *Watchdog* appointed. They also point out that the determination to present a transition plan for the public services provided goes against the conclusions of *Watchdog*





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 48

and the Joint Judicial Administrator, both in the sense that, once the liabilities of the reorganized companies have been settled, there is a capacity for operating profit and the maintenance of activities in a sustainable manner. They add that it is unnecessary to present a transition plan at this time, as they are not bankrupt, and there are a number of structural, operational, contractual, regulatory and economic reasons to be observed in the event of a transition of the services provided. They point out that in the Self-Composition Agreement already signed to regulate the transition from the OI Group's STFC regime to the private regime for the provision of telecommunications services, ANATEL established as a fundamental premise the continuity of services by the OI Group itself, and not its replacement or definitive and/or total transition to any third party. They assert that investments in infrastructure and maintenance of voice services are expected to amount to R$5.8 billion, which, together with the other forecasts specified in the Self-Composition Agreement, was seen by ANATEL itself as a factor that would bring security to the telecommunications sector in a disruptive context of technological transition in the telecommunications sector. Finally, they list 13 (thirteen) reasons to highlight the likelihood of the right alleged, on pages 40 to 43 (index no. 02), point out the *danger in delay* in the fact that their short-term obligations are currently compromised, there is a risk of requests for the judicial





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 49

reorganization to be converted into bankruptcy, as well as constrictions on the OI Group's assets and termination of contracts, and also emphasize the danger of irreparable damage in the face of severe pressures on cash flow, which even made it essential to submit a request for the sale of credit rights, granted at the origin. ---------------------
Based on these arguments, they request that the appellate relief be anticipated, pursuant to art. 1.019, I, of the Code of Civil Procedure, to: **(I)** for at least 120 (one hundred and twenty) days, suspend the enforceability of the obligations provided for in the JRP relating to credits or obligations subject to the AMENDMENT, with the subsequent prohibition of allegations of non-compliance and/or the filing of bankruptcy actions or executions against the OI Group; **(II)** for at least 120 (one hundred and twenty) days, prohibit any retention, seizure, attachment, sequestration, search and seizure and judicial and/or extrajudicial constriction on the assets of the recovering companies, arising from judicial and/or extrajudicial demands whose credits or obligations are subject to the AMENDMENT; **(III)** prohibit to interrupt any essential services to the OI Group for at least 120 (one hundred and twenty) days, based on the default of obligations provided for in the JRP relating to credits or obligations subject to the AMENDMENT; **(IV)** prevent, for at least 120 (one hundred and twenty) days, the decree of default in the submission of the AMENDMENT (*ipso facto* clauses). --------------------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 50

They also want suspensive effect to be granted, in order to suspend the other terms of the appealed decision, especially the presentation by the reorganized companies, ANATEL and the TCU of a service transition plan, until the final judgment of this instrument. ------------------------

This is the background. My decision follows. --------------

**2.** Pursuant to the decision rendered by the Second Section of the Superior Court of Justice in the decision of the Special Appeal No. 1707066/MT, submitted to the system of repetitive appeals (Theme 1022), "an interlocutory appeal is admissible against all interlocutory decisions issued in judicial reorganization and bankruptcy proceedings, by virtue of art. 1.015, sole paragraph, of the Code of Civil Procedure". ------------------------------------------------

Thus, the intrinsic requirement for admissibility of appeals (appropriateness) is present. ---------------------

Having overcome the issue of formal regularity, I now proceed to the analysis of the request for anticipatory relief on appeal filed by the appellant. ------------------

Pursuant to art. 1019, I, of the Code of Civil Procedure, once the interlocutory appeal has been received by the court and distributed immediately, if art. 932, items III and IV do not apply, the rapporteur may, within 5 (five) days, grant suspensive effect to the appeal or grant a preliminary injunction, in whole or in part, to the appeal, informing the judge of his decision. --------------

The granting of suspensive or active effect is subject to the presence of two requirements, namely the





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 51

verisimilitude of the allegations and the danger of irreparable damage or difficult reparation (article 995, sole paragraph, of the Code of Civil Procedure). ----------
It is worth quoting doctrine on the subject[1]: -------------
"The conditions for granting suspensive effect to appeals are, in our opinion, typically precautionary: risk of serious damage, impossible or difficult to repair and likelihood of the appeal being successful. In other words, periculum in mora (danger in delay) and fumus boni iuris (likelihood of success on the merits). --------------------
This damage, the likelihood of which must be demonstrated in order to obtain the suspensive effect of the appeal, is not necessarily identified with the impairment of the substantive right claimed in the appeal. It is enough for the party to demonstrate that the damage will be aggravated if the measure is not granted. -----------------
The law does not mention the reverse situation: the appeal has suspensive effect by express provision and the appellant needs the decision to be effective. Having demonstrated the likelihood of the appeal being upheld and the occurrence of damage, we believe that the appellant is entitled to the measure corresponding to the provisional advance of the appeal being upheld. This is what has been called the active effect or advance injunctive relief, which is not expressly provided for, but is allowed in the system in relation to all appeals with suspensive effect, for identical reasons. It can be granted in cases where appeals do not have suspensive effect". -------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 52

I can see that the requirements to justify the partial granting of the preliminary injunction sought are present, given that, at least in summary cognition, the likelihood of the final disposition of the interlocutory appeal is evident. ---------------------------------------------

This is an appeal against the decision on pages 118.173 to 118.176 (index no. 118.173), handed down by the 7th Business Court of the Capital District, which: (I) suspended the enforceability of the obligations inherent in the amendment to the judicial reorganization plan presented by the reorganized companies, for the period between 08/13/2025 and 08/31/2025; (II) ordered ANATEL and the TCU to express their views on any transition by the end of this period, in order to ensure that the public services provided by the OI Group are not disrupted; (III) imposed on the reorganized companies the duty to present a transition plan for the public services provided and to exercise, if they deem it appropriate, the option set out in clause 4.2.12, 'd', of the PRJ. ------------------------

In fact, as stated in the decision under appeal, it is an incontrovertible fact that the Recovering Companies have been failing to punctually fulfill the obligations established in the Judicial Reorganization Plan, as well as the extrajudicial credits. ----------------------------

There is a proposal to make an amendment to the PRJ on the grounds of the supervening of facts that supposedly would have made its execution unfeasible, with the aim of reaching the originally excluded labor creditors,





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 53

renegotiating the conditions and payment terms of suppliers, partner creditors, *take or pay* with and without guarantee, supposedly reaching the specific defaulted obligations provided for in the plan. --------------------
At the same time, the Recovering Companies intend to initiate proceedings under Chapter 11 of the United States Bankruptcy Law ("*Chapter* 11"), before the Hon. United States Bankruptcy Court for the Southern District of New York (*United States Bankruptcy Court for the Southern District of New York*), with the aim of restructuring credits that will not be settled in the amendment and that cannot be included in the judicial reorganization process in Brazil. -------------------------------------------------
As a result of the news of default, there are already requests by creditors to convert the judicial reorganization into bankruptcy in the incident opened by the magistrate *a quo*. -------------------------------------
In this scenario, and weighing the need to balance several factors – particularly regarding the preservation of the company and its social relevance, the creditors, the assessment of the extent of damage that could result from the interruption of crucial and essential public services provided to the country, as well as the need for prior clarification of the real financial viability of the debtors, the Judge *a quo*, based on the general precautionary powers under art. 300 of the Code of Civil Procedure and following the recommendations of the Judicial Administrator (AJ), ordered the suspension of





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 54

enforceability of the obligations provided in the Judicial Reorganization Plan (PRJ) relating to credits or obligations subject to the amendment, and further prohibited the imposition of any restraints on the debtors' assets, for the period from August 13, 2025 to August 31, 2025. ------------------------------------------

The trial court judge also ruled that until the end of the suspension period, ANATEL (ID 117.461) and the TCU should be summoned to appear in the case file, including to say about any transition so that there is no solution of continuity in the public services provided. ---------------

It also established that the Recovering Company must present a transition plan for the public services provided and exercise, if it sees fit, the option set out in clause "4.2.12, "d" of the PRJ. --------------------------------

The debtors appeal against this decision, arguing, in summary, that although they submitted a request for an amendment to the Judicial Reorganization Plan involving a new restructuring of the OI Group's relevant credits and obligations, due to extraordinary circumstances that ended up impacting compliance with the JRP, the Justice of the Court of Appeals, in his opinion, did not grant the request. The reorganization court granted a suspension of obligations to the OI Group for a period that is not compatible with the complexity of the issues dealt with in the amendment, nor with the risks that the OI GROUP will be subjected to if it is required to comply with





REPÚBLICA FEDERATIVA DO BRASIL

*Paulo Fernando Santos de Lacerda*

TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 55

obligations without considering the terms of the amendment. -------------------------------------------------
They emphasize that, despite the correctness of the appealed decision, the Oi Group will not be able to reach a consensus with its creditors in just 18 days regarding the amendment. ------------------------------------------
They add that the new management has been taking essential steps to rebuild the cash flow and enable the recovery of the Recovering Companies, however, the success of the recovery depends on the extension, for a period of no less than 120 days, of the obligations that are the subject of the amendment, in order to ensure that GRUPO OI can conclude these negotiations and submit the proposal to the General Meeting of Creditors ("AGC") for deliberation. ----
In view of these facts, it requests the anticipation of the effects of the appeal so that the period of suspension of the obligations determined by the appealed decision is extended for at least 120 days, until the final judgment of this appeal, thus ensuring the useful result sought by the Recovering Companies. --------------------------------
Notwithstanding the extension of the deadline requested above, the appealed decision regarding the presentation by the Recovering Companies, ANATEL and the TCU of a service transition plan should be suspended until the final judgment of this instrument. ------------------------------
We must not lose sight of the fact that the general precautionary power is a corollary of the constitutional guarantee of adequate judicial protection (art. 5, XXXV,





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 56

of the CRFB/88) and must be understood with the necessary breadth to ensure its effectiveness, including the guarantee of the effectiveness of the decision to be handed down. ------------------------------------------------
It is worth noting that the general power of caution was maintained by the New Code of Civil Procedure, as can be seen from Statement No. 31 of the Permanent Forum of Civil Proceduralists: "The general power of caution is maintained in the Code of Civil Procedure". ---------------
Accordingly, art. 301 of the CPC lists, in an exemplary manner, the measures for securing the right: --------------
"Emergency protective measures of a precautionary nature can be carried out by means of seizure, sequestration, asset listing, registration of a protest against the sale of assets and any other suitable measure to secure the right." ---------------------------------------------------
Nelson Nery and Rosa Maria de Andrade Nery teach on this legal provision: ------------------------------------------
"2. Unnamed precautionary measure. The *general precautionary power* conferred on the judge by CPC 297 remains unchanged. But this could already be deduced from the fact that there are no longer specific precautionary procedures for certain cases, so that the possibilities are wide-ranging for both the court and the judge." (Código de Processo Civil Comentado e legislação extravagante, editora Revista dos Tribunais. São Paulo, 16ª edição, p.921). -----------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 57

In view of these considerations, the magistrate is entitled, on the basis of the general power of caution, to adopt the measures necessary for the full effectiveness of judicial activity, which falls within the discretion of the judge. ------------------------------------------------

According to Humberto Teodoro Júnior (*Curso de Direito Processual Civil*, vol. 2, 49ª ed. Rio de Janeiro: Forense, 2014, p. 532/533): ----------------------------------------

"The precautionary function is instrumental, because it is not linked to the declaration of a right, nor does it promote its eventual realization; and it only responds, provisionally and on an emergency basis, to a need for security, in the face of a situation that is relevant to future definitive judicial action." ----------------------

In this case, the measure ordered by the magistrate is based on the preservation of the legal order, the security of relations, the magnitude of this judicial reorganization, its countless consequences, the *stakeholders* involved, the vast range of credits, the need to preserve the company and its social function, the need to assess and mitigate the extent of the damage that may result from the interruption of the public services provided, as well as the indispensability of a detailed elucidation of the real financial viability of the Recovering Company, with the manifestation of the auxiliary agents of the court, the state bodies involved and the Public Prosecutor's Office. ----------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese



p. 58

At this point in the proceedings, we are awaiting the first instance judge's decision on the debtors' request to amend the plan. -------------------------------------------
However, the Recovering Companies report that the deadline set by the original court (18 days) is too short to reach a negotiation solution with the creditors and the complexities involved in the restructuring do not allow for a definitive solution in such a short space of time. --
As emphasized by the Judicial Administration, in its opinion of id.117.336, of the original records, the Recovering Companies carry out activities that enable the continuity and regularity of public services, that is, activities that transcend strictly private interests and take on a public dimension, as they are linked to the fulfillment of fundamental rights of the population. ------
In turn, the Recovering Companies report in id. 116.517 that the "OI GROUP's network supports around 70% of the Integrated Air Defense and Air Traffic Control System (CINDACTA), and is fundamental for the control and monitoring of the country's airspace". --------------------
The importance of the services performed was highlighted in the contested decision: -------------------------------
"(...) On the other hand, however, it is also true that the Debtor still provides very important public services to the country, giving thousands of localities access to the fixed telephone network, supporting so-called 'three-digit' services (SAMU, police support and many others) and around 70% of the CINDACTA system." ----------------------



**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 59

In fact, given the need to continue providing essential services to Brazilian society, it is necessary for ANATEL to act and intervene so that any transition can take place in a safe, structured and organized manner. ---------------
In another step, the Judicial Administration established the need for further clarification by the Recovering Companies, given that the insufficiency of elements would not have allowed an assessment as to the viability of business continuity and the proposed new restructuring (id.117.336) ----------------------------------------------
It is good to see that ANATEL, in its statement of id. 117.461, requested an extension of the deadline for manifestation in the case file, in relation to the request for an amendment to the Judicial Reorganization Plan presented by the OI Group (decision of pages 114,138), in addition to the filing of a request for judicial reorganization of two (2) subsidiaries (case no. 0892154-25.2025.8.19.0001), in view of the complexity and relevance of the matter for the telecommunications sector, no subsequent manifestation has emerged from the records, notably as regards the measures requested by the contested court order. ----------------------------------------------
Likewise, the original files did not contain a statement from the TCU to inform about any transition so that there would be no solution of continuity in the public services provided. ----------------------------------------------------
Furthermore, the contested decision itself provided for the possibility of the suspension period established –





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 60

until 31.08.2025 - being extended, according to what might arise in the course of the proceedings. -------------------
Given this state of affairs, notably the relevance of the interests involved, given the essential public services provided by the Recovering Companies, the finalization of the term set by the court, the need for ANATEL and the TCU to comment on the process, as well as a more accurate examination of the issue, there is evidence of the likelihood of the appeal being partially granted, together with a demonstration of irreparable damage, which justifies granting the preliminary injunction. ------------
**3.** For all the above reasons, **I GRANT, IN PART**, the anticipation of the effects of the relief in this appeal only to **delay the suspension period established in the contested decision** (id.118173) **until the request for an amendment to the plan submitted by the debtors by the 1st instance judge is assessed, also applying the aforementioned term, with regard to the implementation of the measures directed to ANATEL (ID 117.461) and the TCU, as well as to the Recovering Companies, regarding the presentation of a transition plan for the public services provided and to exercise, if deemed appropriate, the option inserted in clause "4.2.12, "d" of the PRJ.** --------
**4.** Information should be requested from the court *a quo*, in accordance with article 1018 of the Code of Civil Procedure. -------------------------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 61

**5.** Notify the appellees to file a reply, within the fifteen-day time limit provided for in art. 1019, II, of the Code of Civil Procedure. ------------------------------
**6.** The Judicial Administrator and the Creditor's Committee. --------------------------------------------------
**7.** To the Illustrious Public Prosecutor's Office. ---------
Rio de Janeiro, *(Blank)* of *(Blank)* 2025. ------------------
**MÔNICA MARIA COSTA** ------------------------------------------
**Judge Writing for the Court** -------------------------------
 -------------------------------------------------------------
[1] Commentary on the new Code of Civil Procedure / coordination Antonio do Passo Cabral, Ronaldo Cramer - Rio de Janeiro: Forense, 2015, p. 1473; -----------------------
*(Electronic signature information)* -------------------------
 -------------------------------------------------------------
**AND WITH NOTHING FURTHER TO BE TRANSLATED FROM THE ABOVE DOCUMENT, I HEREBY FINISH THE TRANSLATION AND SIGN ON THIS DATE.** --------------------------------------------------------------------------------
**PAULO FERNANDO SANTOS DE LACERDA, Ph.D** ---------------------------------------
**SWORN PUBLIC TRANSLATOR AND COMMERCIAL INTERPRETER PERMIT #243** ------------------------------------------------------------------------------------
**September 3, 2025.** ---------------------------------------------------------------------------------



PAULO FERNANDO SANTOS DE LACERDA:29709644734

Assinado de forma digital por PAULO FERNANDO SANTOS DE LACERDA:29709644734
DN: c=BR, o=ICP-Brasil, ou=Secretaria da Receita Federal do Brasil - RFB, ou=RFB e-CPF A1, ou=AC VALID RFB V5, ou=AR CERTSEC, ou=Videoconferencia, ou=09282241000145, cn=PAULO FERNANDO SANTOS DE LACERDA:29709644734
Dados: 2025.09.03 09:39:48 -03'00'