**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
Philip M. Abelson
Ricardo M. Pasianotto
Claire M. Campbell (admitted *pro hac vice*)
David Kim
Peter Strom (admitted *pro hac vice*)

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)

111 South Wacker Drive, Suite 5100
Chicago, IL 60606
(312) 881-5400
Jason N. Zakia (admitted *pro hac vice*)

*Attorneys for Rodrigo Caldas de Toledo Aguiar,*
*as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| Oi S.A., *et al.*,[1] | ) Case No. 23-10193 (LGB) |
| | ) |
| | ) Chapter 15 |
| Debtors in a Foreign Proceeding. | ) (Jointly Administered) |
| | ) |

**STATEMENT NOTIFYING THE COURT OF DEVELOPMENTS**
**IN THE BRAZILIAN RJ PROCEEDING PURSUANT TO 11 U.S.C. § 1518**

---

[1]    The debtors in the above-captioned cases (the "**Chapter 15 Cases**"), along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Oi S.A. – Em Recuperação Judicial (01-43 – Brazil), Oi Brasil Holdings Coöperatief U.A. – Em Recuperação Judicial (8447 – Netherlands), Portugal Telecom International Finance B.V. – Em Recuperação Judicial (5023 – Netherlands).

1.      Rodrigo Caldas de Toledo Aguiar (the "**Petitioner**" or "**Foreign Representative**"), the duly authorized foreign representative with respect to the jointly-administered judicial reorganization (*recuperação judicial* or "**RJ**") proceeding (the "**Brazilian RJ Proceeding**")[2] of Oi S.A. – Em Recuperação Judicial ("**Oi**"), Oi Brasil Holdings Coöperatief U.A. – Em Recuperação Judicial, and Portugal Telecom International Finance B.V. – Em Recuperação Judicial (collectively, the "**Chapter 15 Debtors**" or "**RJ Debtors**" and, together with their non-debtor affiliates, the "**Oi Group**" or the "**Company**"), commenced on March 1, 2023, under Law No. 11,101 of February 9, 2005, as amended, of the laws of the Federative Republic of Brazil before the 7th Business Court of the City and State of Rio de Janeiro, Brazil (the "**Brazilian RJ Court**"), respectfully submits this statement pursuant to section 1518 of title 11 of the United States Code (the "**Bankruptcy Code**"), to provide the United States Bankruptcy Court for the Southern District of New York (the "**Court**") with an update on recent developments regarding the Brazilian RJ Proceeding and related appeals before the Brazilian Appellate Judge Monica Maria Costa di Piero of the Court of Justice of the State of Rio de Janeiro (the "**Brazilian Appellate Court**").

2.      As previously reported by the Foreign Representative to this Court,[3] on August 29, 2025, the Brazilian Appellate Court issued a ruling (the "**August 29 Temporary Injunction Ruling**"), in response to an appeal filed by BCG Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A. ("**V.tal**") seeking to prevent the Chapter 15 Debtors from pursuing further restructuring relief in the United States.

---

[2]     The case number for the Brazilian RJ Proceeding before the Brazilian RJ Court is 0090940-03.2023.8.19.0001 (formerly 0809863-36.2023.8.19.0001).

[3]     *See Foreign Representative's Statement Pursuant to 11 U.S.C. § 1518 and Response to August 30, 2025 Notice Filed by V.tal* [ECF No. 117].

1

3.      Among other things, the August 29 Temporary Injunction Ruling—which was issued on a preliminary, *ex parte* basis—denied the main relief sought by V.tal, but reiterated the Brazilian Appellate Court's July 25[4] recommendation that this Court await further orders from the Brazilian RJ Court regarding the Chapter 15 Debtors' compliance with their Brazilian plan of reorganization (the "**Brazilian RJ Plan**") and their request to amend the Brazilian RJ Plan before deciding on the Chapter 15 Debtors' request to terminate recognition and dismiss these Chapter 15 Cases.

4.      On September 2, 2025, the Chapter 15 Debtors sought reconsideration of the August 29 Temporary Injunction Ruling, and (consistent with this Court's recommendation)[5] requested the commencement of a mediation with V.tal and certain other key creditors whose claims are not subject to the Brazilian RJ Proceeding, with the proposed undertaking not to file for chapter 11 in the United States until the mediation is concluded.  Shortly thereafter, on September 4, 2025, the Brazilian Appellate Court issued a ruling (the "**September 4 Ruling**").[6]

5.      The September 4 Ruling clarified and affirmed, among other things, that (i) the jurisdiction of the Brazilian courts is limited to the claims subject to and novated by the Brazilian RJ Plan and listed in the general creditors' list in the Brazilian RJ Proceeding (*i.e.*, not RJ-exempt claims (*extraconcursais*), such as those guaranteed by fiduciary liens, etc.), (ii) the decision on whether to initiate chapter 11 proceedings in the United States remains entirely within the Chapter 15 Debtors' discretion, and (iii) there is nothing preventing the Chapter 15 Debtors from seeking relief from U.S. courts.  Specifically, the September 4 Ruling provides the following:

---

[4]     *See* [ECF Nos. 55-57].

[5]     *See* [ECF No. 99].  As reported to this Court, such recommendation was previously communicated to the Brazilian RJ Court.

[6]     The September 4 Ruling is attached hereto as **Exhibit A** both in its original form and in certified English translation.

> "[T]he jurisdiction of this court is related to the claims listed in the General List of Creditors, and novated at the General Meeting by the majority of creditors . . . [I]t is true that the option (or not) to file a Chapter 11 petition before the American Court is a discretionary act of the parties. Furthermore, there is nothing to prevent the Recovering Companies from voluntarily submitting their claims directly to the Foreign Court."

Ex. A-2 at 5-6.

6.      In the same ruling, the Brazilian Appellate Court granted the Chapter 15 Debtors' request to initiate mediation proceedings with V.tal. Ex. A-2 at 8.  A preliminary hearing has been scheduled for September 11, 2025, at 2:00 p.m. (local time), during which the parties to the mediation are expected to propose a mediator and jointly define the scope, timeline, and objectives of the mediation process.  *Id*.

7.      While the Foreign Representative believes that the prospect of mediation is a positive development, the Oi Group continues to experience severe financial distress.  And while the Oi Group has committed to the Brazilian Appellate Court to temporarily hold off on filing chapter 11 during this proposed mediation, there is no guarantee that such mediation will either resolve the parties' disputes or solve the Company's immediate liquidity crisis.  As such, it is critical that the Foreign Representative continue to pursue relief in these Chapter 15 Cases in parallel with mediation so that the Oi Group retains the option to quickly pivot to a chapter 11 filing in the event no resolution can be achieved.

8.      The Foreign Representative will continue to keep this Court apprised of further developments with respect to the Brazilian RJ Proceeding.

Dated: September 6, 2025
New York, New York

Respectfully submitted,

By:    */s/ Philip M. Abelson*
       Philip M. Abelson

**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
Philip M. Abelson
Ricardo M. Pasianotto
Claire M. Campbell (admitted *pro hac vice*)
David Kim
Peter Strom (admitted *pro hac vice*)

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)

111 South Wacker Drive, Suite 5100
Chicago, IL 60606
(312) 881-5400
Jason N. Zakia (admitted *pro hac vice*)

*Attorneys for Rodrigo Caldas de Toledo Aguiar,
as Petitioner and Foreign Representative*