**Exhibit A**

**September 4 Ruling**

**<u>Exhibit A-1</u>**

**September 4 Ruling (Portuguese)**

**PRIMEIRA CÂMARA DE DIREITO PRIVADO DO TRIBUNAL DE JUSTIÇA DO ESTADO DO RIO DE JANEIRO**

**Agravo de instrumento nº 0070880-41.2025.8.19.0000**

**Agravante: V.TAL - Rede Neutra de Telecomunicações S.A.**
**Agravado: OI S.A. - em recuperação judicial e outros**

**Relatora: Des. Mônica Maria Costa**

### DECISÃO

**1.** OI S.A em recuperação judicial e Outras, ora Agravadas, apresentaram manifestação a fls.97/104 (id.97), acompanhada dos documentos de fls.97 a 111 (ids 97, 104 a106, 108. 109 e 111) tecendo considerações acerca da decisão liminar de fls. 56/73, proferida por esta Relatora, a qual deferiu parcialmente, o pedido de antecipação da tutela recursal formulado pela Agravante.

Afirmam que o Grupo Oi jamais pretendeu frustrar a jurisdição nacional ou desrespeitar determinações dessa e. Câmara e que todos os esforços da administração e assessores têm convergido unicamente para assegurar a continuidade da atividade empresarial, preservar milhares de empregos, honrar compromissos e garantir a prestação de serviços de telecomunicações, de indiscutível essencialidade para a sociedade brasileira.

Informam que em diversas oportunidades, buscaram estabelecer diálogo direto com a V.tal, propondo abertura de negociações sérias, transparentes e construtivas, não alcançando êxito, que condicionou qualquer tratativa à retirada da petição de encerramento do *Chapter 15*.

Argumentam que o *Chapter 15* nada mais é do que um procedimento de reconhecimento do plano de recuperação judicial nos Estados Unidos, para que as Recuperandas pudessem realizar a troca das dívidas dos bondholders e, uma vez que a troca dessa dívida foi realizada nos termos do Plano, exaure-se seu objetivo, de modo que o encerramento é pertinente e consectário lógico do atingimento de sua finalidade.

Asseveram que o encerramento do *Chapter 15* não tem relação necessária com eventual ajuizamento de *Chapter 11*, nem representa óbice a soluções consensuais para o equacionamento das



Rel. Des. Mônica Maria Costa    1



dívidas do Grupo Oi, se constituindo etapas e procedimentos independentes e distintos.

Assinalam que o Grupo Oi busca apenas abrir espaço para negociações transparentes e colaborativas, no âmbito brasileiro, com todos os credores estratégicos, em consonância com os princípios que orientam a Lei nº 11.101/2005, figurando o *Chapter 11* apenas como uma das alternativas disponíveis, dentro de um leque de mecanismos possíveis de reestruturação.

Defendem a necessidade de mediação entre as partes, com fundamento na Lei nº 11.101/2005, em especial com o artigo 20-B, que consagra a utilização de métodos alternativos de resolução de disputas j em cenários de elevada complexidade, como o presente, que envolve credores extraconcursais estratégico.

Ressaltam que a própria Corte Americana recomendou a instauração de mediação entre a Oi e a V.tal, reconhecendo que a via consensual é o instrumento mais adequado para equacionar os conflitos existentes.

Destacam que para assegurar o êxito do procedimento e, em estrita observância ao princípio da boa-fé processual e ao dever de cooperação, se comprometem a não buscar o ajuizamento de pedido de *Chapter 11* até o final da mediação.

Sugerem, por fim, a inclusão de outros credores extraconcursais estratégicos, cuja renegociação reputam indispensável para a viabilidade da reestruturação.

Diante de tais considerações, requerem:

(a) seja determinada a instauração de mediação entre as Recuperandas, a V.tal e os credores elencados no Anexo I, mediante a assinatura de termo de diretrizes de mediação, com intuito de solucionar as diversas controvérsias existentes entre as partes; e
(b) o aditamento da comunicação à Corte Americana para informar que:
(i) a recomendação para instauração de mediação foi devidamente recebida por essa e. Relatora, tendo o Grupo Oi manifestado expressamente sua concordância com o procedimento, comprometendo-se a não adotar qualquer medida voltada ao ajuizamento de pedido de Chapter 11 enquanto a pleiteada mediação estiver em curso; e



Rel. Des. Mônica Maria Costa                  2



(ii.1) em consonância com a Decisão 18.08.2025, não há qualquer óbice legal ou pendência processual perante a jurisdição brasileira que impeça a imediata deliberação, por parte da Corte Americana, apenas acerca do pedido de encerramento do Chapter 15, ou, alternativamente,

(ii.2) a modulação dos efeitos da r. Decisão Liminar para que, alinhado à Decisão 18.08.2025, seja suspensa até a conclusão da pleiteada mediação.

Por fim, requer-se a juntada de procuração no prazo de 15 (quinze) dias, nos termos do artigo 104, §1º, do CPC.

**2.** É o breve relatório. Passo a decidir.

Em decisão anterior, essa Desembargadora determinou que fosse ratificada a comunicação expedida à Vara Federal de Falências dos Estados Unidos, Distrito Sul de Nova York (procedimento de fls. 115.744 ss.), com a recomendação ao Juízo da Corte de NY, para que, antes de proferir qualquer decisão no processo relacionado ao *Chapter 15* do Grupo Oi, aguardasse a decisão do Juízo brasileiro tanto com relação à verificação e consequências do descumprimento do PRJ, já noticiado, quanto do pedido de Aditamento ao PRJ do processo principal em trâmite no Brasil, bem como fosse informado, nesse mesmo ato que, em alinho com a necessidade de cooperação entre as jurisdições e aos deveres de comunicação e assistência que norteiam as disposições de insolvência transnacional, que a manutenção do *Chapter 15* é necessária e imprescindível para a efetividade das decisões proferidas no âmbito da Recuperação Judicial nesta Corte de Justiça, assim como para o cumprimento do plano de recuperação judicial aprovado e homologado judicialmente, e análise de eventual aditamento.

Ainda, nessa mesma decisão, ficou esclarecido que, nos termos do aviso de protocolo e audiência, datado de 13 de fevereiro de 2023, encaminhado pela Egrégia Vara Federal de Falências dos Estados Unidos, Distrito Sul de Nova York, observou-se que o processo nº 23-10193-JPM se refere a um reconhecimento de tutela cautelar provisória em preparação a um processo de recuperação judicial, que ainda se encontra em trâmite no Brasil.

Já anteriormente havia comunicado, no agravo de instrumento nº 0059754-91.2025.8.19.0000, que envolve as mesmas partes deste recurso, que a competência dessa relatoria se relacionava aos créditos relacionados no Quadro Geral de Credores, e novados em Assembleia Geral pela maioria dos credores (fls. 795/797).



Rel. Des. Mônica Maria Costa    3



Dessa forma, entendo por elucidada a posição deste Juízo em relação aos limites da cooperação internacional.

Em relação ao pedido de pedido de aditamento da comunicação à Corte Americana formulado pelas Recuperandas, de certo que a opção (ou não) de ajuizamento de pedido de *Chapter 11* perante a Corte Americana se constitui ato discricionário das partes.

Ademais, nada obsta que as Recuperandas dirijam suas manifestações, voluntariamente, direto à Corte Estrangeira.

No entanto, diante do acima exposto, determino mais uma vez, para que não pairem dúvidas sobre a cooperação existente, seja encaminhada cópia desta decisão àquele MM. Juízo.

Em relação ao pedido de instauração de mediação, é de conhecimento das partes que essa Relatora se considera defensora e entusiasta, mesmo antes da introdução promovida pela Lei nº 14.112/20 (Seção II-A), da mediação como ferramenta para a solução consensual dos litígios no curso dos processos de recuperação judicial e falência.

O incentivo e aperfeiçoamento dos mecanismos consensuais de solução, pacificação social e prevenção de litígios surgiu com o Código de Processo Civil de 2015, reconhecendo a importância do instituto, elencando os mecanismos de autocomposição de conflitos no rol das normas fundamentais do processo civil, previstas nos parágrafos 2º e 3º, de seu art.3º.

Não se desconhece que a Lei nº 13.140, de 26 de junho de 2015, foi o marco legislativo a disciplinar a mediação como meio de solução de conflitos no âmbito da Administração Pública e entre particulares.

Há, ainda, as diretrizes estabelecidas pela Recomendação nº 58 do Conselho Nacional de Justiça.

As modificações introduzidas pela Lei nº 14.112/2020, acompanharam a necessidade de um tratamento adequado aos conflitos de interesses na recuperação judicial e na falência, equalizando as discussões existentes sobre o cabimento e aplicação do instituto no âmbito dos processos dessa natureza, permitindo com que credor e devedor encontrem uma solução justa e coletiva para a superação da crise econômica e em benefício mútuo.

Como racional das normas inseridas na Seção II-A, da Lei nº 11.101/05, compete ao juiz incentivar a utilização de métodos





consensuais, seja prévia ou no curso do processamento da recuperação judicial (artigos 20-A, da Lei 11.101/2005).

Dessa forma, defiro, desde já, o pedido do Grupo OI quanto à mediação incidental, em segundo grau de jurisdição, com fundamento nos arts.20-A e 20-B, assim como na Lei nº 13.140, cientes de que a adoção desse método de conflito propicia a redução dos custos quanto às incertezas do resultado do procedimento, além de que imprime a celeridade necessária, evitando a propositura de múltiplas contendas dentro do processo de reestruturação.

Visando definir os limites e o escopo da cooperatividade ora solicitada a esse juízo, sobretudo estabelecer as balizas de um ambiente favorável a preservação do relacionamento das partes e o comprometimento de todos os envolvidos no cumprimento do que for ajustado, designo audiência prévia para o dia 11.09.25 (às 14h) na sala de sessão de julgamento desta Câmara Isolada.

Registro que a mediação incidental à recuperação judicial, em segundo grau de jurisdição, não está sendo instaurada por determinação judicial, mas por solicitação das recuperandas, dentro do seio da recuperação judicial, cabendo ao Poder Judiciário proporcionar um ambiente de boas práticas para a negociação.

Assim sendo, e observando os ditames do instituto, ressalto que não há comando legal no sentido de que o encaminhamento das partes à mediação implica na suspensão ou interrupção do processo e dos prazos previstos na Lei nº 11.101/2005.

**3.** Por todo o exposto, defiro, parcialmente, o pedido formulado pelas Recuperandas tão somente para determinar a instauração de mediação entre as Recuperandas e a V.tal, com intuito de solucionar as diversas controvérsias existentes entre as partes, nos autos da recuperação judicial;

**4.** Designo audiência prévia em juízo com os representantes das partes devidamente habilitados, a ser realizada no dia 11.09.25 (às 14h) na sala de sessão de julgamento desta Câmara;

**5.** Na ocasião da audiência preliminar, as partes indicarão, de comum acordo, um mediador a esse juízo a ser por ele decidido, os prazos necessários ao acordo, o escopo (objetivo) da composição e o seu alcance, devendo, portanto, se fazerem representar por procuradores legalmente constituídos e habilitados para tanto;





**6.** Solicito, outrossim, devem ser convidados a comparecer na assentada designada: (i) o E. Desembargador Augusto Alves Moreira, que detém a relatoria de alguns recursos referentes à reestruturação das recuperandas, (ii) a MM. Juíza Dra. Simone Gastesi Chevrand, que conduz o processo em primeiro grau de jurisdição, solicitando que determine a participação dos Administradores Judiciais; (iii) o ilustre órgão de atuação do Ministério Público em primeira instância;

**7.** Para tanto, encaminhe-se, por e-mail, mediante aviso de recebimento, a Secretaria, convite ao E. Des. Augusto Alves Moreira;

**9.** Da mesma forma proceda-se em relação a Exmo. Juíza da Sétima Vara Empresarial, Dra. Simone Gastesi Chevrand.

**10.** Intime-se a Secretaria, de igual forma, os representantes legais das Agravadas e do Agravante;

**11.** Notifique-se, outrossim, todos os representantes da Administração Judicial Conjunta, individualmente, a eles dando ciência desta decisão, tudo devidamente certificado nesse procedimento;

**12.** Por fim, oficie-se ao Ministério Público de primeira instancia que atua no feito.

**13.** Encaminhe-se cópia da presente decisão à Vara Federal de Falências dos Estados Unidos, Distrito Sul de Nova York, por e-mail, no endereço eletrônico: JPM.chambers@nysb.uscourts.gov, o qual deve conter as seguintes informações na mensagem:

Re: Case No. 23-10193 (JPM) – Chapter 15
To the Honorable Judge John P. Mastando III

**14**. Por formalidade, oficie-se, com urgência, ao juízo *a quo*, dando-lhe ciência desta decisão.

Rio de Janeiro, ___ de _____ de 2025.

**Monica Maria Costa**
**Desembargadora Relatora**



**Exhibit A-2**

**September 4 Ruling (English)**



**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 222



262.699(001) Livro 1761 Fl. 222-231

**I, SWORN PUBLIC TRANSLATOR AND COMMERCIAL INTERPRETER SIGNED BELOW, APPOINTED BY THE PRESIDENT OF THE TRADE BOARD OF THE STATE OF RIO DE JANEIRO (JUCERJA), LICENSED IN THE FOLLOWING LANGUAGES: ENGLISH, FRENCH, AND SPANISH UNDER PERMIT 243 ---------- HEREBY CERTIFY IN GOOD FAITH ------------------------------------------------------- THAT ON THIS DATE A DOCUMENT WAS PRESENTED TO ME WRITTEN IN PORTUGUESE, WHICH I NOW TRANSLATE INTO THE ENGLISH IDIOM WITH THE BEST OF MY KNOWLEDGE AND IN GOOD FAITH, AS COMMANDED BY MY OFFICIAL DUTY, AS FOLLOWS: -------------------------------------------------------**

--------------------------------------------------------------

*(Digital signature information) ---------------------------*

*(Stamp of the Court of Justice of the State of Rio de Janeiro on every page of the document submitted) -----------------*

*(Stamp on all pages of the document submitted: Digitally Signed) -------------------------------------------------------*

**FIRST CHAMBER OF PRIVATE LAW OF THE COURT OF JUSTICE OF THE STATE OF RIO DE JANEIRO ---------------------------------- Interlocutory Appeal No. 0070880-41.2025.8.19.0000 Appellant: V.TAL - Rede Neutra de Telecomunicações S.A. --- Appellee: OI S.A. - in judicial reorganization et al. ----- Rapporteur: Des. Mônica Maria Costa ---------------------- DECISION -------------------------------------------------**

**1.** OI S.A in judicial reorganization and Others, now Appellee, presented a statement on pages 97/104 (id.97), accompanied by the documents on pages 97 to 111 (ids 97, 104 to 106, 108. 109 and 111) commenting on the preliminary injunction of fls. 56/73, handed down by this Rapporteur, which partially granted the request for advance relief formulated by the Appellant. ------------------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 223

They affirm that the Oi Group has never intended to undermine the national jurisdiction or disrespect the determinations of this e. Chamber and that all the efforts of the management and advisors have converged solely to ensure the continuity of the business activity, preserve thousands of jobs, honor commitments and guarantee the provision of telecommunications services, of unquestionable essentiality for Brazilian society. -------------------------------------

They inform that on several occasions they have tried to establish a direct dialog with V.tal, proposing the opening of serious, transparent and constructive negotiations, without achieving success, who made any negotiations conditioned on the withdrawal of the petition for the closure of *Chapter 15*. -----------------------------------------

They argue that *Chapter 15* is nothing more than a procedure for recognizing the judicial reorganization plan in the United States, so that the Recovering Companies could exchange the debts of the bondholders and, once the exchange of this debt has been carried out under the terms of the Plan, its purpose is concluded, so that the closure is pertinent and a logical consequence of the achievement of its purpose. -----------------------------------------------

They assert that the closure of *Chapter 15* is not necessarily related to the eventual filing of *Chapter 11*, nor does it represent an obstacle to consensual solutions for the settlement of the Oi Group's debts, and constitutes independent and distinct stages and procedures. -----------





REPÚBLICA FEDERATIVA DO BRASIL

*Paulo Fernando Santos de Lacerda*

TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 224

They point out that the Oi Group only seeks to open space for transparent and collaborative negotiations, in the Brazilian context, with all strategic creditors, in line with the principles that guide Law No. 11.101/2005, with *Chapter 11* appearing only as one of the alternatives available, within a range of possible restructuring mechanisms. ------------------------------------------------

They defend the need for mediation between the parties, based on Law 11.101/2005, in particular article 20-B, which enshrines the use of alternative dispute resolution methods in highly complex scenarios, such as the present one, which involves strategic non-subject creditors. -----------------

They point out that the American Court itself has recommended the commencement of mediation between Oi and V.tal, recognizing that the consensual route is the most appropriate instrument for resolving existing conflicts. --

They emphasize that in order to ensure the success of the procedure and in strict compliance with the principle of procedural good faith and the duty of cooperation, they undertake not to seek to file a *Chapter 11* request until the end of the mediation. -------------------------------------

Finally, they suggest the inclusion of other strategic non-subject creditors, whose renegotiation they consider indispensable for the feasibility of the restructuring. ---

In view of these considerations, they request: ------------

(a) that a mediation be initiated between the Recovering Companies, V.tal and the creditors listed in Annex I, upon





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 225

an agreement on mediation guidelines, with the aim of resolving the various disputes between the parties; and ---
(b) the amendment of the communication to the American Court to state that: ---------------------------------------
(i) the recommendation to initiate mediation was duly received by the Rapporteur, and the Oi Group expressly agreed to the procedure, undertaking not to pursue any measure aimed at filing a Chapter 11 petition while the mediation is in progress; and ----------------------------------------
(ii.1) in line with the Decision dated 18.08.2025, there is no legal or procedural obstacle pending before the Brazilian jurisdiction that would prevent the American Court from immediately ruling only with respect to the request to terminate Chapter 15, or, alternatively, (ii.2) the adjustment of the effects of the Preliminary Injunction so that, in line with the Decision dated 18.08.2025, it is suspended until the conclusion of the requested mediation. Finally, they request leave to file a power of attorney within 15 (fifteen) days, under the terms of article 104, paragraph 1, of the CPC. ---------------------------------
**2.** This is the brief report. I'll decide. ----------------
In a previous decision, this Judge ordered the ratification of the communication sent to the Federal Bankruptcy Court of the United States, Southern District of New York (procedure of fols. 115.744 ff.), with the recommendation to the NY Court that, before issuing any decision in the case related to the Oi Group's *Chapter 15,* it should await the decision of the Brazilian Court both in relation to the





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*
TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL

MAT. JUCERJA Nº 243 - CPF 297.096.447-34
Inglês - Francês - Espanhol - Português
**SWORN PUBLIC TRANSLATOR**
English - French - Spanish - Portuguese

p. 226

verification and consequences of the non-compliance with the JRP, already reported, and the request for an Amendment to the JRP of the main proceeding underway in Brazil, as well as being informed, in the same act that, in line with the need for cooperation between jurisdictions and the duties of communication and assistance that guide the provisions of transnational insolvency, that the maintenance of *Chapter 15* is necessary and essential for the effectiveness of the decisions handed down in the context of Judicial Recovery in this Court of Justice, as well as for compliance with the judicial recovery plan approved and homologated by the courts, and analysis of any amendments. -------------------
In the same decision, it was clarified that, under the terms of the notice of filing and hearing, dated February 13, 2023, forwarded by the Honorable Federal Bankruptcy Court of the United States, Southern District of New York, it was noted that case no. 23- 10193-JPM refers to a recognition of provisional injunctive relief in preparation for a judicial reorganization process, which is still underway in Brazil. ------------------------------------------------------
I had previously communicated, in interlocutory appeal No. 0059754-91.2025.8.19.0000, which involves the same parties as this appeal, that the jurisdiction of this court is related to the claims listed in the General List of Creditors, and novated at the General Meeting by the majority of creditors (fols. 795/797). ----------------------------
In this way, I believe that this court's position on the limits of international cooperation has been clarified. ---





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 227

With regard to the Recovering Parties' request to amend the communication to the American Court, it is true that the option (or not) to file a Chapter 11 petition before the American Court is a discretionary act of the parties. -----
Furthermore, there is nothing to prevent the Recovering Companies from voluntarily submitting their claims directly to the Foreign Court. ------------------------------------
However, in view of the above, I order once again, so that there can be no doubt about the existing cooperation, that a copy of this decision be forwarded to that court. -------
With regard to the request to initiate a mediation, the parties are aware that this Rapporteur considers herself to be an advocate and enthusiast, even before the introduction of Law 14.112/20 (Section II-A), of mediation as a tool for the consensual resolution of disputes in the course of judicial reorganization and bankruptcy proceedings. -------
The encouragement and improvement of consensual mechanisms for the solution, social pacification and prevention of disputes emerged with the 2015 Code of Civil Procedure, recognizing the importance of the institute, listing the mechanisms of self-composition of conflicts in the list of fundamental rules of civil procedure, provided for in paragraphs 2 and 3 of its art. 3. ------------------------
It is not unknown that Law No. 13,140, of June 26, 2015, was the legislative milestone to regulate mediation as a means of resolving conflicts within the scope of the Public Administration and between private individuals. -----------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 228

There are also the guidelines established by Recommendation No. 58 of the National Council of Justice. ----------------
The changes introduced by Law No. 14.112/2020, accompanied the need for an adequate treatment of conflicts of interest in judicial reorganization and bankruptcy, equalizing the existing discussions on the appropriateness and application of the institute in the context of processes of this nature, allowing creditor and debtor to find a fair and collective solution to overcome the economic crisis and for mutual benefit. ----------------------------------------------
As a rationale for the rules set out in Section II-A of Law 11.101/05, it is the judge's responsibility to encourage the use of consensual methods, either prior to or during the processing of the judicial reorganization (articles 20-A of Law 11.101/2005). ----------------------------------------
Accordingly, I hereby grant the OI Group's request for incidental mediation, at the second level of jurisdiction, on the basis of articles 20-A and 20-B, as well as Law No. 13,140, in the knowledge that adopting this method of conflict reduces costs in terms of the uncertainties surrounding the outcome of the procedure, as well as providing the necessary speed, avoiding the filing of multiple lawsuits within the restructuring process. -------
In order to define the limits and scope of the cooperation requested of this court, above all to establish the guidelines for an environment favorable to preserving the relationship between the parties and the commitment of all those involved to comply with what has been agreed, I am





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 229

appointing a preliminary hearing for 11.09.25 (at 2pm) in the courtroom of this Special Chamber. --------------------
I would like to point out that mediation incidental to judicial reorganization, in the second degree of jurisdiction, is not being imposed by judicial order, but at the request of the recovering companies, within the judicial reorganization, and it is up to the Judiciary to provide an environment of good practice for negotiation. --
Therefore, and observing the dictates of the institute, I emphasize that there is no legal command to the effect that the referral of the parties to mediation implies the suspension or interruption of the process and the deadlines provided for in Law 11.101/2005. --------------------------
**3.** For all the above reasons, I partially grant the request formulated by the Recovering Parties only to order the commencement of mediation between the Recovering Parties and V.tal, with the aim of resolving the various disputes existing between the parties in the judicial reorganization proceedings; ------------------------------------------------
**4.** I appoint a pre-trial hearing with the duly authorized representatives of the parties, to be held on 11.09.25 (at 2 p.m.) in the courtroom of this Chamber; -----------------
**5.** At the preliminary hearing, the parties will agree on a mediator to be chosen by the court, the time limits required for the agreement, the scope (objective) of the settlement and its scope, and must therefore be represented by legally constituted and qualified attorneys; ----------------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 230

**6.** I also request that they be invited to appear at the appointed meeting: (i) the Hon. Augusto Alves Moreira, who is the rapporteur of some of the appeals related to the restructuring of the companies under reorganization, (ii) the Hon. Judge Dr. Simone Gastesi Chevrand, who is conducting the proceedings in the first degree of jurisdiction, requesting that she order the participation of the Judicial Administrators; (iii) the illustrious body acting for the Public Prosecutor's Office in the first instance; ---------

**7.** To this end, the Secretary should send an invitation to the Hon. Augusto Alves Moreira; --------------------------

**9.** In the same way, the Honorable Judge of the Seventh Business Court, Dra. Simone Gastesi Chevrand. -------------

**10.** The legal representatives of the Appellee Parties and the Appellant should also be notified by the Secretary; ---

**11.** Furthermore, all the representatives of the Joint Judicial Administration should be notified individually of this decision, all duly certified in this procedure; ------

**12.** Finally, the Public Prosecutor's Office acting in the case should be notified. ----------------------------------

**13.** A copy of this decision shall be forwarded to the United States Bankruptcy Court, Southern District of New York, by e-mail, at the following address: JPM.chambers@nysb.uscourts.gov, which must contain the following information in the message: ---------------------

Re: Case No. 23-10193 (JPM) - Chapter 15 ------------------

To the Honorable Judge John P. Mastando III ---------------





**REPÚBLICA FEDERATIVA DO BRASIL**

*Paulo Fernando Santos de Lacerda*

**TRADUTOR PÚBLICO JURAMENTADO E INTÉRPRETE COMERCIAL**

MAT. JUCERJA Nº 243 - CPF 297.096.447-34

Inglês - Francês - Espanhol - Português

**SWORN PUBLIC TRANSLATOR**

English - French - Spanish - Portuguese

p. 231

**14.** As a formality, the court *a quo* should be informed of this decision as a matter of urgency. ---------------------
Rio de Janeiro, *(Blank)* of *(Blank)* 2025. -----------------
**Monica Maria Costa** ----------------------------------------
**Reporting Judge** -------------------------------------------
--------------------------------------------------------------
Rel. Des. Mônica Maria Costa ---------------------------------
--------------------------------------------------------------

**AND WITH NOTHING FURTHER TO BE TRANSLATED FROM THE ABOVE DOCUMENT, I HEREBY FINISH THE TRANSLATION AND SIGN ON THIS DATE.**
---------------------------------------------------------------------------------------------
**PAULO FERNANDO SANTOS DE LACERDA, Ph.D ----------------------------------------
SWORN PUBLIC TRANSLATOR AND COMMERCIAL INTERPRETER PERMIT #243 ---------------------------------------------------------------------------------
September 5, 2025.---------------------------------------------------------------------------**

PAULO FERNANDO SANTOS DE LACERDA:29709644734

Assinado de forma digital por PAULO FERNANDO SANTOS DE LACERDA:29709644734
DN: c=BR, o=ICP-Brasil, ou=Secretaria da Receita Federal do Brasil - RFB, ou=RFB e-CPF A1, ou=AC VALID RFB V5, ou=AR CERTSEC, ou=Videoconferencia, ou=09282241000145, cn=PAULO FERNANDO SANTOS DE LACERDA:29709644734
Dados: 2025.09.05 11:15:55 -03'00'

