**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Michael Carlinsky
Benjamin I. Finestone
Mario O. Gazzola
Jeremy Baldoni
Lindsay Weber
M. Margaret O'Leary
295 5th Avenue, 9th Floor
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
mariogazzola@quinnemanuel.com
jeremybaldoni@quinnemanuel.com
lindsayweber@quinnemanuel.com
maggieoleary@quinnemanuel.com
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

K. John Shaffer (*pro hac vice*)
865 S Figueroa St, 10th Floor
Los Angeles, CA 90017
johnshaffer@quinnemanuel.com
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Oi S.A. *et al.*,<br><br>    Debtors in a Foreign Proceeding.[1] | Chapter 15<br><br>Jointly Administered<br><br>Case No. 23-10193 (LGB) |

## RESPONSE TO FOREIGN REPRESENTATIVE'S STATEMENT CONCERNING SEPTEMBER 4 RULING

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Oi S.A. (01-43 – Brazil), Oi Brasil Holdings Coöperatief U.A. (8447 – Netherlands), Portugal Telecom International Finance B.V. (5023 – Netherlands) ("**Oi**").

BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A. ("**V.tal**"), a pre- and post-petition creditor in the Brazilian judicial reorganization of Oi S.A. and its affiliates, hereby files this response to the Foreign Representative's *Statement Notifying the Court of Developments in the Brazilian RJ Proceeding Pursuant to 11 U.S.C. § 1518* [Dkt. No. 121] (the "**Statement**"), to correct the Foreign Representative's continued mischaracterizations of the Brazilian Appellate Court's August 29 and September 4 Rulings.[2]

The Brazilian Appellate Court's request to this Court in its August 29 Temporary Injunction Ruling remains fully in effect, specifically that:

> before issuing any decision in Oi Group's Chapter 15 proceeding, [this Court] await (a) the decision of the Brazilian Court on the verification and consequences of the previously reported non-compliance with the Plan for Court-Supervised Reorganization (PRJ) reported earlier, and (b) the request for amendment of the PRJ in the main proceeding underway in Brazil . . . .

Dkt. No. 118-1 at 33-34.  And, the Brazilian Appellate Court's views on the need for continuing the chapter 15 case also remain in effect, specifically that:

> [I]n line with the need for cooperation between jurisdictions and the duties of communication and assistance that guide the provisions of international insolvency, … the continuation of Chapter 15 is necessary and essential for the effectiveness of decisions handed down within the scope of the Judicial Reorganization in this Court of Justice, as well as for compliance with the judicial reorganization plan approved and ratified by the [Brazilian] courts, and analysis of any amendments.

*Id.*

On September 2, Oi expressly asked the Brazilian Appellate Court to change its recommendation regarding Oi's motion to terminate its chapter 15 case to:

> there is no legal obstacle or pending proceeding before the Brazilian jurisdiction that would prevent the American Court from immediately ruling only on the request *to terminate Chapter 15…*

---

[2]  Capitalized terms not defined herein shall have the meanings given to them in the Statement.

2

Oi Sep. 2 Request at 6 (emphasis added) (English translation attached as **Exhibit A** hereto, with original as **Exhibit B**). The Brazilian Appellate Court declined Oi's request, and simply restated its prior acknowledgment, made in the spirit of "existing cooperation," that there was nothing enjoining Oi from the discretionary act of filing a chapter 11 case. Dkt. No. 121-1 at 226-27. Importantly, the Brazilian Appellate Court did not in any way alter its position on the chapter 15 case and/or on the Foreign Representative's request to terminate it.

The Foreign Representative's Statement completely ignores the fact that the Brazilian Appellate Court *rejected* Oi's request with respect to termination of the chapter 15 case. Indeed, the court restated its prior holdings—referenced above—including that the "maintenance of Chapter 15 is necessary and essential" to the pendency of the RJ Proceeding in Brazil, Dkt. No. 121-1 at 226, and that this Court "should await the decision of the Brazilian Court both in relation to the verification and consequences of the non-compliance with the JRP [Brazilian RJ plan], already reported, and the request for an Amendment to the JRP of the main proceeding underway in Brazil," *id.* at 225-26.

The Foreign Representative improperly tries to equate the Brazilian Appellate Court's limited statement that it cannot enjoin a chapter 11 filing to a wholesale repudiation of that court's prior statements as to the need for the chapter 15 case to remain open, and its request that this Court defer any decision pending further developments in Brazil. Clearly, the Brazilian Appellate Court did not do that, and in fact the Brazilian court *rejected* Oi's request that it inform this Court that it may issue an "immediate[ ] ruling . . . on the request to terminate Chapter 15." Oi Sep. 2 Request at 6 (**Exhibit A** hereto). Nor is the Foreign Representative correct as a matter of U.S. law

3

in tying the filing of a chapter 11 to the termination of the chapter 15 case; Bankruptcy Code section 1528 expressly recognizes that the two cases may co-exist.[3]

Immediately following its misleading and incomplete discussion of the September 4 Ruling, and notwithstanding its pledge to the Brazilian Appellate Court to "temporarily hold off on filing chapter 11" during mediation, the Foreign Representative states its intent to "continue to pursue relief in these Chapter 15 Cases in parallel with mediation so that so that the Oi Group retains the option to quickly pivot to a chapter 11 filing in the event no resolution can be achieved." Statement at ¶ 7. In other words, Oi continues to seek immediate termination of its chapter 15 case. But that is directly contrary to the still-effective request of the Brazilian Appellate Court that the chapter 15 case remain open, and the Brazilian Appellate Court's view that the chapter 15 case is "necessary and essential" to ongoing coordination and cooperation between the courts.

V.tal respectfully requests that the Court proceed in accord with the Brazilian Appellate Court's requests, awaiting the impending rulings from the Brazilian RJ Court and then denying the Foreign Representative's motion, each in furtherance of comity as promoted by the U.S. Court of Appeals for the Second Circuit.

---

[3] In the context of a concurrent foreign main proceeding, section 1528 contemplates a limited chapter 11 filing solely with respect to assets in the U.S. In this way, due respect for a foreign main proceeding is afforded in furtherance of the principles of comity which underlie chapter 15. In contravention of the intent of Congress, however, Oi seeks to file a chapter 11 filing that it believes will conflict with and override its own foreign main proceeding.

Dated: September 9, 2025  
       New York, New York

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/  Benjamin I. Finestone*
Michael Carlinsky
Benjamin I. Finestone
Mario O. Gazzola
Jeremy Baldoni
Lindsay Weber
M. Margaret O'Leary
295 5th Avenue, 9th Floor
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
mariogazzola@quinnemanuel.com
jeremybaldoni@quinnemanuel.com
lindsayweber@quinnemanuel.com
maggieoleary@quinnemanuel.com
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

K. John Shaffer (*pro hac vice*)
865 S Figueroa St, 10th Floor
Los Angeles, CA 90017
johnshaffer@quinnemanuel.com
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel to BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A.*

5