**EXHIBIT A**

# PADIS·MATTAR
## ADVOGADOS

HONORABLE DES. MÔNICA MARIA COSTA DI PIERO – REPORTER FOR INTERLOCUTORY APPEAL No. 0070880-41.2025.8.19.0000 – 1ST CHAMBER OF PRIVATE LAW OF THE COURT OF JUSTICE OF THE STATE OF RIO DE JANEIRO

OI S.A. – IN JUDICIAL RECOVERY, a publicly traded corporation, registered with the CNPJ/MF under No. 76.535.764/0001-43, with headquarters and main establishment at Rua do Lavradio No. 71, Centro, Rio de Janeiro - RJ, CEP 20230-070; ("Oi"), head office and main establishment at Rua do Lavradio nº 71, Centro, Rio de Janeiro – RJ, CEP 20230-070 ( "Oi"); PORTUGAL TELECOM INTERNATIONAL FINANCE B.V. – IN JUDICIAL RECOVERY, a private legal entity incorporated under Dutch law, with headquarters in Amsterdam, Delflandllan 1 (Queens Tower), Office 806, 1062 EA, and main establishment in the city of Rio de Janeiro; and OI BRASIL HOLDINGS COÖPERATIEF U.A. – IN JUDICIAL RECOVERY, a private legal entity incorporated under Dutch law, with headquarters in Amsterdam, Delflandllan 1 (Queens Tower), Office 806, 1062 EA, and main establishment in the city of Rio de Janeiro ("Appellees," "Recuperandas" or "Oi Group"), in the proceedings of the interlocutory appeal in the epigraph, in which they appear as appellees, with V.TAL – REDE NEUTRA DE TELECOMUNICAÇÕES S.A. ("V.tal" or "Appellant") as appellant, hereby

through their attorneys, to state and request the following.

THE DECISION RENDERED IN THIS APPEAL:

OI'S INTENTION IS TO NEGOTIATE IN A TRANSPARENT AND COLLABORATIVE MANNER

1. The Oi Group has taken note of the injunction decision on pages 56/73 ("Injunction Decision"), which partially granted the interim relief requested by the defendant in these proceedings. With the utmost respect for the Reporting Judge — whose actions have

1

**PADIS·MATTAR**
ADVOGADOS

been marked by remarkable sensitivity and genuine concern for the continuity of the Oi Group's business activities —, the Recovering Companies believe it is important to make some comments, especially in view of the decision handed down in the case of interlocutory appeal No. 0059754-91.2025.8.19.0000, on August 18, 2025 ("Decision 08.18.2025").

2. This is because, through Decision 18.08.2025, this Rapporteur understood that "*[c]onsidering the decision handed down by the lower court, in the sense that the analysis of the relevance, or not, of the request to withdraw Chapter 15 and initiate Chapter 11, is the sole responsibility of the US court (pages 117.355/117.359 of the main court files and pages 792/793 of this appeal), there is no legal obstacle or impediment emanating from that court related to issues that do not fall under Brazilian jurisdiction*" (Doc. 1 – highlighted).

3. However, the injunction decision ultimately conditioned the closure of Chapter 15 on the prior definition of the "*verification and consequences of non-compliance with the PRJ, as already reported, regarding the request for an Addendum to the PRJ of the main proceeding pending in* Brazil" (page 72).

4. Hence the importance of pointing out, as previously done, that the Oi Group never intended to frustrate national jurisdiction or disrespect the decisions of this Chamber, to which it has the utmost respect and consideration.

5. On the contrary, all efforts by management and advisors have been focused solely on achieving the legal purpose of the judicial reorganization: <u>ensuring the continuity of business activities, preserving thousands of jobs, honoring commitments, and guaranteeing the provision of telecommunications services, which are indisputably essential to Brazilian society.</u>

6. It should also be noted that the Oi Group has, on several occasions, sought to establish direct dialogue with V.tal, proposing the opening of serious, transparent, and constructive negotiations. All of these attempts, however,

2

**PADIS·MATTAR**
ADVOGADOS

were rejected by the Appellant, which made any negotiations conditional on the withdrawal of the complaint to terminate Chapter 15.

7. It is important to note, however, that Chapter 15 is nothing more than a procedure for recognizing the judicial reorganization plan ("Plan") in the United States, so that the Reorganizing Companies could exchange the *bondholders'* debts. Once the exchange of this debt was carried out under the terms of the Plan, its purpose was fulfilled, so that the closure is pertinent and a logical consequence of the achievement of its purpose.

8. What we see, therefore, <u>is that the closure of Chapter 15 has no necessary connection with any filing under Chapter 11</u>, nor does it represent an obstacle to consensual solutions for the settlement of the Oi Group's debts, such as the measure suggested later in this statement. In reality, the request to close Chapter 15 and any filing of Chapter 11 are independent and distinct steps and procedures.

9. In this context, the Oi Group requests communication to the American Court to inform that, in accordance with Decision 18.08.2025, <u>there is no legal obstacle or pending proceeding before the Brazilian jurisdiction that would prevent immediate deliberation on the request to terminate Chapter 15,</u> since, as the case record examined, its objective has already been achieved and its extinguishment is a logical consequence of the achievement of its purpose, with no connection to the initiation of Chapter 11.

10. On the other hand, what the Oi Group seeks is only to open space for transparent and collaborative negotiations, within the Brazilian context, with all strategic creditors, in line with the principles of the social function of the company, the preservation of economic activity, and *par conditio creditorum*, which guide Law No. 11,101/2005.

11. Therefore, Recuperandas focuses on building viable and sustainable solutions, rather than on artificial litigation or procedural maneuvers. Chapter 11 is just one of the alternatives available within a

3

**PADIS·MATTAR**
ADVOGADOS

range of possible restructuring mechanisms.

12. Given this context, the Oi Group, <u>as an alternative</u> to the application for the issuance of an official letter to the US Court to inform it that there is no legal obstacle or pending proceeding before the Brazilian jurisdiction that would prevent immediate deliberation on the application to terminate Chapter 15, requests <u>that its effects be modulated so that the Injunction is suspended until the conclusion of mediation to be instituted between the parties</u> — a measure that is compatible with objective good faith, the social function of the company, and other principles of judicial reorganization.

<u>NECESSARY MEDIATION BETWEEN THE PARTIES</u>

13. As already reported by the Respondents in the Judicial Reorganization proceedings, as well as in interlocutory appeal No. 0059754-91.2025.8.19.0000, the American Court itself recommended the establishment of mediation between Oi and V.tal, recognizing that consensual means are the most appropriate instrument for resolving existing conflicts (Doc. 2).

14. This guidance is fully in line with the spirit of Law No. 11,101/2005, in particular Article 20-B, which enshrines the use of alternative dispute resolution methods — such as mediation — precisely in highly complex scenarios, such as the present one, which involves strategic non-bankruptcy creditors.

15. In this context, and considering the notorious short-term liquidity crisis faced by Oi, which requires urgent financial recovery measures, the Recuperandas request the initiation of mediation proceedings between the parties, which may be determined by this court. Rapporteur in the context of this appeal, in conjunction with interlocutory appeal No. 0059754-91.2025.8.19.0000.

16. To ensure the success of the procedure — and in strict compliance with the principle of fairness and the duty of cooperation — <u>the Oi Group undertakes not to seek the filing of a Chapter 11 petition until the end of the</u>

4

**PADIS·MATTAR**
ADVOCADOS

<u>mediation to be, we trust, designated by this noble Rapporteur.</u>

17. The proposal to establish mediation for the settlement of extra-bankruptcy debts also reveals that the Oi Group is not a prisoner of a single restructuring path. The aim is to preserve the company through the most appropriate and effective legal instruments. The intention of the Recuperandas to explore the composition in Brazil therefore proves their good faith and genuine willingness to adopt alternative paths capable of generating consensual and sustainable solutions, without the need to resort, at this time, to filing for Chapter 11.

18. In order for the mediation process to produce effective results, it is suggested that other strategic non-bankruptcy creditors be included, whose renegotiation is indispensable for the viability of the restructuring, in line with Article 20-B, item I, of Law No. 11,101/2005.

19. In this regard, it is defendant that the creditors and suppliers listed in <u>Annex I</u>, who are key players in the reorganization process, be subpoenaed in order to broaden the representativeness and effectiveness of the mediation procedure, without prejudice to any other creditors who may be called upon to participate in the mediation, in order to create a legitimate forum for settlement that includes all relevant *stakeholders*.

20. In order to ensure such speed, the Oi Group requests that this Rapporteur appoint a mediator ex officio and, upon submission of a disclosure form ensuring the candidate's independence and impartiality, undertakes not to seek any opposition.

<u>CONCLUSION</u>

21. For all the above reasons, the Oi Group is the defendant:

(a) that mediation be established between the Recuperandas, V.tal, and the creditors listed in <u>Annex I</u>, through the signing of mediation guidelines, with the aim of resolving the various

5

**PADIS·MATTAR**
ADVOGADOS

disputes between the parties; and

(b) the addition of the communication to the American Court to inform that (i) the recommendation for mediation was duly received by the Rapporteur, with the Oi Group expressly agreeing to the procedure and committing not to take any action to file for Chapter 11 while the requested mediation is ongoing; and (ii.1) in accordance with Decision 18.08.2025, there is no legal obstacle or pending proceeding before the Brazilian jurisdiction that would prevent the American Court from immediately ruling _only_ on the request to terminate Chapter 15, or, _alternatively,_ (ii.2) the modulation of the effects of the preliminary injunction so that, in line with Decision 18.08.2025, it is suspended until the conclusion of the requested mediation. Injunction so that, in line with Decision 18.08.2025, it is suspended until the conclusion of the requested mediation.

22. Furthermore, the defendant is required to submit a power of attorney within fifteen (15) days, pursuant to Article 104, §1, of the CPC.

23. Finally, the appellees reserve the right to respond to this appeal within the legal deadline.

Whereupon,
p. approval.
São Paulo, September 2, 2025.

| Paulo Padis | Talitha Aguillar |
|---|---|
| OAB/RJ 139.860-A | Leite OAB/SP 344.859 |

Mariana Leoni Beserra
OAB/SP 443.636

**PADIS·MATTAR**
ADVOGADOS

ANNEX I

1. Pacific Investment Management Company LLC
2. SC Lowy P.I. (Lux) S.À.R.L
3. UMB Bank, N.A.
4. SBA Torres do Brasil Ltda., IHS Brasil – Cessão de Infraestrutura S.A.
5. American Tower do Brasil -Cessão de Infraestrutura S.A.
6. American Tower do Brasil – Comunicação Multimídia Ltda.
7. Lemvig RJ Infraestrutura e Redes de Telecomunicações S.A.
8. Globo Comunicação e Participações S.A.
9. Teravoz Telecom Telecomunicações Ltda.
10. IBM Brasil Indústria Máquinas e Serviços Ltda.
11. Scansource Brasil Technology Distributor Ltda.
12. Ativa Eletro Comercial, LLC, and Electric Power Distributors
13. Electric Power Distribution Companies