**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Michael Carlinsky
Benjamin I. Finestone
Mario O. Gazzola
Jeremy Baldoni
Lindsay Weber
M. Margaret O'Leary
Julia T. Rodrigues (admitted *pro hac vice*)
295 5th Avenue, 9th Floor
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
mariogazzola@quinnemanuel.com
jeremybaldoni@quinnemanuel.com
lindsayweber@quinnemanuel.com
maggieoleary@quinnemanuel.com
juliarodrigues@quinnemanuel.com
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

K. John Shaffer (admitted *pro hac vice*)
865 S Figueroa St, 10th Floor
Los Angeles, CA 90017
johnshaffer@quinnemanuel.com
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| Oi S.A. *et al.*, | Chapter 15 |
| Debtors in a Foreign Proceeding.[1] | Jointly Administered |
| | Case No. 23-10193 (LGB) |

**V.TAL'S NOTICE OF FILING OF SEPTEMBER 30, 2025 RULING**

---

[1]   The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Oi S.A. (01-43 – Brazil), Oi Brasil Holdings Coöperatief U.A. (8447 – Netherlands), Portugal Telecom International Finance B.V. (5023 – Netherlands) ("Oi").

BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A. ("V.tal"), a pre- and post-petition creditor in the Brazilian judicial reorganization of Oi S.A. and its affiliates, hereby informs the Court of a significant, recent ruling in Oi's Brazilian judicial reorganization ("RJ Proceeding").

On September 30, 2025, the day prior to this Court's disposition of Oi's Motion to Terminate, Judge Simone Gastesi Chevrand (the "Brazilian RJ Court") issued a ruling (the "September 30 Ruling") that, among other things, removed Oi's entire board of directors and executive team, including (1) CFO Rodrigo Caldas de Toledo Aguiar, who is the Foreign Representative; and (2) CEO Marcelo Jose Milliet;[2] and appointed one of the judicial administrators, Dr. Bruno Rezende,[3] to assume control over the Company.  Exhibit A (original); Exhibit B (certified translation).

The September 30 Ruling was issued in response to an *ex parte* motion filed by Oi under seal, without any briefing or response by V.tal or other creditors.  Specifically, Oi filed a motion seeking preliminary emergency relief (1) suspending Oi's post-petition obligations (the very obligations Oi planned to unlawfully impair in a Chapter 11 filing); and (2) granting Oi permission to seize from V.tal six thousand tons of scrap from underground copper cables that are currently stored at V.tal's distribution centers.

The Brazilian RJ Court first analyzed whether it had jurisdiction over the post-petition obligations, and found that it does. Ex. A at 5-10; Ex. B at 4-6.  The Brazilian RJ Court granted a 30-day stay on those obligations, but refused to grant Oi permission to seize V.tal's copper.  Ex. A at 12 and 15; Ex. B at 7 and 9.

---

[2]  Mr. Milliet provided testimony before the Court in putative support of Oi's baseless motion to terminate.

[3]  Dr. Rezende is a principal of Preserva-Judicial Administration Action, one of the court-appointed three Judicial Administrators.  ECF No. 75-2 at 1.

But, the Brazilian RJ Court did not stop there. Citing the Oi board and managers' continued mismanagement of the estate, provision of false information to court-appointed professionals, failure to present a transition plan, and misguided campaign to waste estate resources by pursuing a Chapter 11 filing that would benefit no stakeholders other than Oi's management and professionals,[4] the Brazilian RJ Court removed management effective immediately, and banned Oi from hiring Integra, the financial advisory firm that employs Milliet, Aguiar, and other members of Oi's leadership team:

> Furthermore, due to the alleged asset stripping, the provision of misleading information, the hiring of extremely expensive professionals (given the hiring of lawyers to file for Chapter 11 in the US at a cost of USD100 million – completely incompatible with the reorganization situation), as well as the failure to present a transition plan, this Court considers that the anticipation of the effects of the injunction should extend to the removal of the administrators of the Oi Group, its Executive Committee and Board of Directors, as well as the prohibition of hiring the company of the CEO (Mr. Marcelo Millet), ÍNTEGRA, whose "consulting services" have been repeatedly engaged in the transactions carried out.

Ex. A at 14; Ex. B at 8.

The Brazilian RJ Court appointed Dr. Rezende to lead Oi, as well as to complete the public services transition process necessary to maintain critical services in Brazil in the event Oi's judicial recovery proceedings are converted into liquidation proceedings. Ex. A at 16; Ex. B at 9. Dr. Rezende has previously submitted filings to the Brazilian RJ Court in his capacity as Judicial Administrator highlighting the "importance of preserving Brazilian jurisdiction, given that the activities of the Companies Under Reorganization are carried out within the national territory,

---

[4]  In particular, Oi's former Board and management's repeated refusal to begin the public services transition process further confirmed they were interested only in extracting value for their own benefit, rather than on preserving the company and essential services for Brazil.

keeping the assets, which are used for the provision of essential services, under the custody and supervision of" the Brazilian RJ Court.  ECF No. 75-2 ¶ 42. [5]

Oi's former Board and management instructed Oi's counsel to file an interlocutory appeal challenging the September 30 Ruling before the Rio de Janeiro Appellate Court, seeking to suspend the removal of management and to suspend the initiation of the public services transition process. It is not clear whether Oi's attorneys even had the proper authority to file this appeal, since Dr. Rezende, whose appointment was effective immediately, did not ratify their power of attorney. In any event, Appellate Judge Monica di Piero Costa denied Oi's request for a stay.  In support of that denial, Judge Costa ruled that Oi's allegations lacked sufficient credibility at that stage of proceedings, noting that reports from both the Watchdog and the Judicial Administrator converged toward findings of serious asset depletion from December 2024 onward—a period corresponding to the former administration's tenure.  Ex. E (original); and Ex. F (machine translation).

V.tal will file a certified translation of Ex. E with the Court as soon as possible.

---

[5]  In a subsequent ruling (Ex. C and D hereto), the Brazilian RJ Court ordered Oi's former management to cooperate in the transition, and made clear that Oi's non-management employees may continue to work during the transition.

Dated:  October 2, 2025
        New York, New York

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/  Benjamin I. Finestone*
Michael Carlinsky
Benjamin I. Finestone
Mario O. Gazzola
Jeremy Baldoni
Lindsay Weber
M. Margaret O'Leary
Julia T. Rodrigues (admitted *pro hac vice*)
295 5th Avenue, 9th Floor
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
mariogazzola@quinnemanuel.com
jeremybaldoni@quinnemanuel.com
lindsayweber@quinnemanuel.com
maggieoleary@quinnemanuel.com
juliarodrigues@quinnemanuel.com
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

K. John Shaffer (admitted *pro hac vice*)
865 S Figueroa St, 10th Floor
Los Angeles, CA 90017
johnshaffer@quinnemanuel.com
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel to BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A.*