

faegredrinker.com

**Laura E. Appleby**
Partner
laura.appleby@faegredrinker.com
+1 212 248 3197 direct

Faegre Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 43rd Floor
New York, New York  10036
+1 212 248 3140 main
+1 212 248 3141 fax

March 10, 2026

The Honorable Lisa G. Beckerman
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 623
New York, NY 10004
beckerman.chambers@nysb.uscourts.gov

Re:    *In re Oi S.A., et al.*, Case No. 23-10193 (LGB)

Dear Judge Beckerman:

Faegre Drinker Biddle & Reath LLP serves as co-counsel to UMB Bank, N.A., in its capacity as Indenture Trustee, Registrar, Paying Agent and Transfer Agent (the "Trustee") of the (a) 8.50% PIK Subordinated Notes due 2028, consisting of (i) the 8.50% PIK Subordinated Secured Series A Notes due 2028 (the "Series A Notes") and (ii) the 8.50% PIK Subordinated Secured Series B Notes due 2028 (the "Series B Notes", and with the Series A Notes, the "2028 Notes") and (b) the 10.000% / 13.500% PIK Toggle Senior Secured Notes due 2027 (the "2027 Notes", and with the 2028 Notes, the "Notes") issued by Oi S.A. – in Judicial Reorganization and guaranteed by certain subsidiary guarantors of Oi S.A.

Through its co-counsel, Davis Polk & Wardwell LLP, the Trustee filed with the court that certain *Statement of the Ad Hoc Group of Secured Noteholders and The Indenture Trustee Regarding Developments in the Brazilian RJ Proceeding* [ECF No. 133] on February 13, 2026 (the "Statement").  In the Statement, the Ad Hoc Group and Trustee outlined for this Court the sale process for the UPI V.Tal - – i.e. the Oi's equity stake in V.Tal - and their concern that the process may not be conducted in a way to maximize value for holders of the Notes.

As noted in the *Statement of Chapter 15 Debtors and Foreign Representative Regarding March 10, 2026 Status Conference*, no bids conforming to the RJ Plan were received by the Judicial Administrator at the conclusion of the auction process. The Judicial Administrator received only one non-conforming bid, which the Judicial Administrator has determined to submit for review by creditors of Restructuring Option Creditors 1 (as defined in the RJ Plan). [ECF No. 143, at ¶ 15.] This is because, pursuant to Section 5.2.2.2.4 of the RJ Plan, if the Judicial Administrator does not receive a bid for the UPI V.Tal that exceeds a minimum price, the acceptance of such lower bid is subject to, among other things, approval of at least 60% of the creditors of Restructuring Option Creditors 1 in the RJ Plan – that is the holders of the 2027 Notes.

Yesterday evening, the Judicial Administrator sent an email to an employee of the Trustee, apparently commencing the voting process for holders of the 2027 Notes.  Counsel for the Trustee became aware of the email this morning after being informed by the Judicial Administrator that

The Honorable Lisa G. Beckerman           - 2 -           March 10, 2026

the Trustee is not permitted to send the non-conforming bid directly to Noteholders through the DTC Legal Notice System ("LENS").  Rather, the Judicial Administrator has requested that the Trustee place holders of the 2027 Notes in touch with the Judicial Administrator to receive such information.  Counsel also understands that pursuant to the RJ Plan, the Judicial Administrator is only required to provide 10 days for holders to respond to the non-conforming bid, which is substantially less than the typical period afforded to solicitations under the U.S. Securities Laws.  Given such a short time frame, it is possible that some holders will not receive the notice that they are entitled to the bid information and to vote on the bid until after the Judicial Administrator's voting period has concluded.

As such, and mindful of the truncated period for holders of the 2027 Notes to either accept or reject the non-conforming bid, attached to this Letter is the Notice that the Trustee will be posting to the DTC LENS.  The Notice includes the email received from the Judicial Administrator concerning the process for holders to vote on the non-conforming bid and includes a letter that the Trustee received from the bidder in support of the bid.

The Trustee also would like to note that the Trustee is required to act in compliance with the Indentures pursuant to which the Notes were issued, which govern the Trustee's rights, obligations and authority.  The Trustee's ability to act is and will remain constrained by the terms of the Indentures, as governed by New York law.  The Trustee is identifying this issue because as the matter proceeds, there may be times in which the Trustee will require and would request that the Chapter 15 Debtors and Foreign Representative obtain an order from this Court that is enforceable under New York law to act.

We look forward to discussing these matters during the Court's status conference today.

Very truly yours,

s/  Laura E Appleby

Laura E. Appleby
Faege Drinker Biddle & Reath LLP


LEA/