

March 10, 2026

**NOTICE TO HOLDERS OF THE**
**OI S.A. – IN JUDICIAL REORGANIZATION**
**10.000% / 13.500% PIK TOGGLE SENIOR SECURED NOTES DUE 2027**

**CUSIP & ISIN[1]**

| 144A | Reg. S | IAI |
|---|---|---|
| 67117EAE8 | P7354FAD8 | 67117EAF5 |
| US67117EAE86 | USP7354FAD89 | US67117EAF51 |

**THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT MAY BE OF INTEREST TO THE REGISTERED AND BENEFICIAL HOLDERS OF THE ABOVE-REFERENCED NOTES. PLEASE EXPEDITE RE-TRANSMITTAL OF THIS NOTICE TO SUCH HOLDERS IMMEDIATELY. YOUR FAILURE TO ACT PROMPTLY IN COMPLIANCE WITH THIS PARAGRAPH MAY IMPAIR THE OPPORTUNITY FOR THE REGISTERED AND BENEFICIAL HOLDERS ON WHOSE BEHALF YOU ACT TO TAKE ANY ACTION THEY DEEM APPROPRIATE CONCERNING THE MATTERS DESCRIBED IN THIS NOTICE.**

Reference is made to that certain Indenture, dated as of August 8, 2024 (as supplemented, amended or otherwise modified from time to time, the "***Indenture***"), by and between Oi S.A. - In Judicial Reorganization, a corporation (*sociedade anônima*) organized and existing under the laws of the Federative Republic of Brazil (the "***Company***"), each of the Subsidiary Guarantors from time to time party thereto, and UMB Bank, N.A., as trustee (in such capacity, the "***Trustee***"), registrar, paying agent, and transfer agent, governing the 10.000% / 13.500% PIK Toggle Senior Secured Notes due 2027 (the "***Notes***"). Capitalized terms used herein but not otherwise defined herein shall have the meanings given to such terms in the Indenture.

**GENERAL BACKGROUND**

On May 29, 2024, the 7th Commercial Division of the Court of Rio de Janeiro (*7ª Vara Empresarial da Capital do Estado do Rio de Janeiro*) (the "***Brazilian Bankruptcy Court***"), in the records of the Company's judicial reorganization (*recuperação judicial*) (the "***RJ Proceeding***"), entered an order confirming the Company's reorganization plan (*plano de recuperação judicial*) (the "***RJ Plan***").

Pursuant to the RJ Plan, the Company is authorized to sell, as an isolated productive unit (*unidade produtiva isolate*, or "***UPI***"), the stake held by the Company and its subsidiary[2] in the capital stock of V. Tal – Rede Neutra de Telecomunicações S.A. ("***UPI V.Tal***"). Net proceeds from the sale of UPI V.Tal are to be distributed to creditors in accordance with Section 5.3.2 of the RJ Plan.

As previously reported by the Trustee, on February 3, 2026, acting under the supervision and authorization of the Brazilian Bankruptcy Court, the Judicial Administrator published a public notice (*edital de alienação*

---

[1] CUSIPs and ISINs have been included solely for the convenience of Noteholders. The Trustee assumes no responsibility or liability for the selection or use of such numbers and makes no representation as to the correctness of the CUSIPs or ISINs provided above.
[2] Rio Alto Investimentos e Participações S.A.

*judicial de unidade produtiva isolada por meio de propostas fechadas*) in the official electronic court gazette that initiated a competitive, court-supervised process for the sale of UPI V.Tal.

## THE BID FOR ACQUISITION OF UPI V.TAL

On March 5, 2026, a hearing was held to open the sealed bids submitted in connection with the competitive process for the sale of UPI V.Tal. At the hearing, it was verified that only one bid had been submitted (the "**Bid**"), in an amount below the minimum price established pursuant to Section 5.2.2.2.3 of the RJ Plan (i.e. BRL 12,315,977,451.75) (the "**Minimum Price**").

**Because the bid was below the Minimum Price, pursuant to Section 5.2.2.2.4 of the RJ Plan, the sale of UPI V.Tal for an amount below the Minimum Price is subject to the approval of at least 60% of the beneficial owners of the outstanding Notes ("*Beneficial Owners*").**

## BENEFICIAL OWNER APPROVAL

On March 9, 2026, the Trustee received a written message from the Judicial Administrator[3] with respect to the process for Beneficial Owners to obtain access to the Bid and the related materials, as well as to vote on the Bid (the "**JA Notice**"). Based upon such request, the Trustee is hereby providing a copy of the JA Notice, which is attached hereto as Exhibit A. The attached JA Notice outlines the process by which Beneficial Owners may provide the Judicial Administrator with the information required to be granted access to the Bid and the voting process.

**Please note that pursuant to the attached JA Notice, Beneficial Owners must provide their proof of holdings to the Judicial Administrator by March 17, 2026, and must submit their votes directly to the Judicial Administrator by March 19, 2026. The Trustee is not authorized by the Judicial Administrator to accept and/or submit proofs of holding or votes concerning the Bid.[4]**

The Trustee, additionally on March 9, 2026, received a letter from BGC Fibra Participações S.A., identifying itself as the bidder for the UPI V.Tal, which is attached hereto as Exhibit B (the "**BGC Letter**").

Please be advised that the Trustee takes no responsibility for the preparation, review, verification, and/or confirmation of the JA Notice, the BGC Letter and/or any of the information contained therein, and shall not be responsible (or liable) for the accuracy, correctness, and/or completeness of any such information.

## Additional Information

If you wish to obtain further information, please contact the Trustee at the following address:

UMB Bank, N.A.
120 Sixth Street South, Suite 1400
Minneapolis, Minnesota 55402
Attention: Jordana Renert
Email: jordana.renert@umb.com

The Trustee may conclude that a specific response to specific inquiries from a particular Noteholder may not be appropriate either because, among other things, the disclosure in question may not be in the best

---

[3] The Judicial Administrator serves as an agent of the Brazilian Bankruptcy Court to, among other things, oversee and report to the Brazilian Bankruptcy Court on the Company's activities, creditors, and financial situation.

[4] This Notice is intended to provide a summary of the JA Notice. In the event of any inconsistency or conflict between this summary and the JA Notice, the terms of the JA Notice shall govern.

interest of all Noteholders or may not be consistent with the equal and full dissemination of information to all Noteholders. Please note that the foregoing is not intended and should not be construed as investment, accounting, financial, legal or tax advice by or on behalf of the Trustee or its directors, officers, agents, attorneys, or employees. Each Noteholder receiving this Notice should seek any advice it may require of its own advisors in respect of the matters set forth herein.

Respectfully,
**UMB BANK, N.A.**, as Trustee

**<u>Exhibit A</u>**

**JA Notice**

*[see attached]*

| | |
|---|---|
| **From:** | Adriana Campos Conrado Zamponi [████@wald.com.br] <████@wald.com.br> |
| **Sent:** | Monday, March 9, 2026 5:44 PM |
| **To:** | ████@umb.com |
| **Cc:** | Igor Garbois Fernandes Ribeiro ████@wald.com.br]; Gabriela de Barros Sales |
| **Subject:** | NOTICE OF V.TAL SALE PROPOSAL |

Dear Shazia Flores,

As Judicial Administrator appointed by the 7th Business Court of Rio de Janeiro in the Judicial Reorganization proceedings of the Oi Group (nº 0090940-03.2023.8.19.0001), we request that UMB send, directly and/or through DTC, to the holders of the 10.000% / 13.500% PIK Toggle Senior Secured Notes due 2027 ("Senior Secured Notes") issued by Oi S.A. – In Judical Reorganization, the following notice of interest to these creditors.

Important: this notice contains important information that is of interest to the registered and beneficial owners of the subject notes. If applicable, all depositories, custodians and other intermediaries receiving this notice are requested to expedite re-transmittal to such beneficial owners in a timely manner.

*"Reference is hereby made to that certain Indenture dated as of August 8, 2024 (as amended, supplemented or modified from time to time, the "Indenture") among OI S.A. – IN JUDICIAL REORGANIZATION, as issuer (the "Issuer"), the Subsidiary Guarantors from time to time party thereto, and UMB BANK, N.A., as trustee, registrar, paying agent and transfer agent, relating to the Issuer's above mentioned Notes.*

*At the UPI VTAL auction hearing held on March 5, 2026, before the 7th Business Court of Rio de Janeiro, for the receipt of proposals for the acquisition of 100% of Oi S.A.'s shareholding in VTAL, a single bid was submitted by BTG PACTUAL INFRACO MASTER FIP MULTIESTRATÉGIA, BTG PACTUAL INFRACO CO-INVESTOR FUND LP, BTG PACTUAL ECONOMIA REAL" MASTER FIP MULTIESTRATÉGIA, STANS 13 S/A, BGC FIBRA PARTICIPAÇÕES S/A and BTG HOLDING S/A (BTG Group).*

*Given that the proposal submitted for the acquisition of UPI V.tal is lower than the Minimum Price of UPI V.tal, this proposal must be submitted to the analysis and deliberation by the Restructuring Option I Creditors (holders of the Senior Secured Notes), as established in Clause 5.2.2.2.4 of Oi Group's the Judicial Reorganization Plan (PRJ).*

*In order to receive BTG Bid documentation and and cast the vote on the proposal, the Holders must provide proof of holdings to the Judicial Administrator at the link below **by March 17, 2026**.*

*After verifying the proof of holdings, the Judicial Administrator will forward, within 24hs of the receipt of the information, the BTG Bid documentation to the Holder's preferred email, including information on how to vote on the proposal. **To comply with the terms of the V.Tal Sale process pursuant to the Oi's PRJ, Holders have March 19, 2026 to submit their respective votes to the Judicial Administrator**. For further information, contact credoroi@wald.com.br.*

https://recuperacaojudicialoi.com.br/inicio-2/principal-2/comprovacao-bonds-upi-v-tal/ "

We thank you in advance for responding to this request.



**Adriana Conrado Zamponi**

+55 21 2272.9300 | 21 99191.0582

█████@wald.com.br

Av. Ataulfo de Paiva, 1165, 3° andar
Sala 302, Leblon | Rio de Janeiro-RJ

www.wald.com.br

Esta mensagem, incluindo seus anexos, pode conter informacoes privilegiadas e/ou de carater confidencial, nao podendo ser retransmitida sem autorizacao do remetente. Se voce nao e o destinatario ou pessoa autorizada a recebe-la, informamos que o seu uso, divulgacao, copia ou arquivamento sao proibidos. Portanto, se você recebeu esta mensagem por engano, por favor, nos informe respondendo imediatamente a este e-mail e em seguida apague-a.

## **Exhibit B**

**BGC Letter**

*[see attached]*

São Paulo, 9 de março de 2026.

<small>Para :</small>
**UMB Bank, N.A.**,
na qualidade de Agente Fiduciário das
Notas de Primeira Prioridade (First
Priority Notes Trustee)

<small>A/C :</small>
**GLAS Americas, LLC**,
na qualidade de Agente Entre Credores e
Agente de Garantia (Intercreditor Agent
e Collateral Agent)

<small>REF.:</small>
**Acordo Entre Credores (Intercreditor Agreement) – Proposta de Aquisição da
UPI V.tal**

Prezados Senhores:

1.      Na qualidade de representantes da **BGC Fibra Participações S.A.** ("BGC") e
de certas de suas afiliadas ("Ofertantes"), nos referimos ao Acordo entre Credores
(*Intercreditor Agreement*) celebrado em 8 de agosto de 2024 (o "Acordo entre
Credores"), entre a Oi S.A. – Em Recuperação Judicial ("Companhia"); a Rio Alto
Investimentos e Participações S.A., na qualidade de Outorgante (*Grantor*); os demais
Outorgantes (*Grantors*) partes do referido instrumento; a GLAS Americas, LLC, na
qualidade de Agente de Garantia (*Collateral Agent*) das Partes Garantidas (*Secured
Parties*) (o "Agente de Garantia"); a GLAS Americas, LLC, na qualidade de Agente
entre Credores (*Intercreditor Agent*) (o "Agente entre Credores"); e cada outro
Representante (*Representative*) e Parte Garantida (*Secured Party*) que seja parte do
referido instrumento de tempos em tempos. Os termos iniciados por maiúsculas aqui
utilizados e não definidos de outra forma terão os significados a eles atribuídos no
Acordo entre Credores (*Intercreditor Agreement*).

2. Como é do seu conhecimento, em 5 de março de 2026, os Ofertantes apresentaram
uma oferta vinculante (a "Oferta Vinculante") para a aquisição da participação no
Capital Social (*Capital Stock*) da V.tal detida pela Companhia e pela Rio Alto, sob a
forma de uma unidade produtiva isolada ("UPI V.tal"), em conformidade com o edital
de alienação judicial da UPI V.tal por meio de propostas fechadas ("Edital"),
publicado no Diário de Justiça do Estado do Rio de Janeiro em 2 de fevereiro de 2026,
no âmbito do processo de recuperação judicial da Companhia (processo n. 0090940-
03.2023.8.19.0001).

3.    As ações da V.Tal objeto da Oferta Vinculante são objeto da Garantia V.Tal (*V.Tal Collateral*) nos termos do Acordo entre Credores (*Intercreditor Agreement*). Por essa razão, gostaríamos de ressaltar que a Oferta Vinculante observa as regras e requisitos aplicáveis estabelecidos no Plano de RJ (*RJ Plan*), no Edital e no Acordo entre Credores (*Intercreditor Agreement*). Essa conformidade assegura que os recursos decorrentes dessa alienação serão aplicados de acordo com a ordem de pagamentos estabelecida nesses documentos.

4.    Especificamente, a Oferta Vinculante envolve o pagamento de uma contraprestação em dinheiro, em uma única parcela, em uma conta *escrow* mantida pela Companhia e alienada fiduciariamente em favor das Partes Garantidas (*Secured Parties*). Os recursos da venda a serem depositados nessa conta escrow serão aplicados para o pagamento das Partes Garantidas (*Secured Parties*), conforme estabelecido na Cláusula 12.02 do Acordo entre Credores (*Intercreditor Agreement*) e na Cláusula 5.3.2 do Plano de RJ (*RJ Plan*).

5.    Como resultado, caso a Oferta Vinculante seja aprovada e homologada pelo Juízo competente, **os Credores Prioritários (*First Priority Creditors*) deverão receber o pagamento, em dinheiro, de uma parcela significativa (aproximadamente 90% dos valor total em aberto, considerando principal e juros acumulados e capitalizados)[1] da Dívida Prioritária (*First Priority Debt*)**, a ser distribuído de forma *pro rata* e *pari passu* entre todas as Obrigações Prioritárias (*First Priority Obligations*) em aberto. As Ofertantes respeitosamente encorajam esses credores a adotar as medidas necessárias para formalizar a sua concordância com a Oferta Vinculante.

6.    Foi tornado público o fato de que, recentemente, três Detentores de Notas Prioritárias (*First Priority Noteholders*) foram sujeitos a uma ordem de arresto emitida por um Juízo brasileiro, no Brasil, o que poderia possivelmente resultar na penhora de suas respectivas parcelas *pro rata* dos recursos decorrentes da venda das Ações da V.tal. Os Ofertantes respeitosamente entendem que essa possível constrição é resultado de um litígio privado em curso, alheio e não relacionado aos termos e condições da Proposta Vinculante e não prejudica a conformidade da Oferta Vinculante aos termos e condições do Acordo entre Credores (*Intercreditor Agreement*) ou do Plano de RJ (*RJ Plan*).

---

1 *A recuperação do crédito excederia 100% do valor principal, cobrindo também um valor sigfnificativo dos juros e taxas acumuladas.*

7.      Adicionalmente, essa possível constrição não deve impactar os direitos dos demais Credores Prioritários (*First Priority Creditors*), que não estão sujeitos à ordem de arresto, de receber o pagamento das suas respectivas parcelas das Notas Prioritárias (*First Priority Notes*) com os dos recursos da venda, em conformidade com a ordem de pagamentos estabelecida.

8.      Os Ofertantes permanecem à sua disposição caso necessitem de qualquer esclarecimento sobre a Oferta Vinculante. Os Ofertantes apenas sol
icitam que qualquer comunicação sobre este assunto seja feita de boa-fé e em conformidade com os acordos aplicáveis, a lei e as ordens judiciais. Ademais, uma vez que estas questões estão intimamente interligadas aos processos de recuperação judicial da Companhia, incluindo o Plano de RJ (*RJ Plan*) e a Garantia V.Tal (*V.Tal Collateral*), quaisquer disputas que possam surgir concernentes ao aqui disposto estarão sujeitas à jurisdição exclusiva do foro central da comarca da capital do Estado do Rio de Janeiro, Brasil, incluindo a 7ª Vara Empresarial da cidade do Rio de Janeiro.

Nada nesta comunicação deverá ser interpretado como uma renúncia a, ou limitação de, quaisquer direitos, reivindicações ou recursos disponíveis aos Ofertantes, todos os quais são aqui expressamente preservados.

Atenciosamente,

**BGC FIBRA PARTICIPAÇÕES S.A.**


c.c.:    **as Ofertantes,**

**BTG PACTUAL INFRACO MASTER FUNDO DE INVESTIMENTO EM PARTICIPAÇÕES MULTIESTRATÉGIA**

**BTG PACTUAL INFRACO CO-INVESTOR FUND LP**

**BTG PACTUAL ECONOMIA REAL MASTER FUNDO DE INVESTIMENTO EM PARTICIPAÇÕES MULTIESTRATÉGIA**

**STANS 13, S.A.**

**BGC HOLDING S.A.**

**São Paulo, March 9th, 2026.**

T O :
**UMB Bank, N.A.**,
in its capacity as First Priority Notes
Trustee

A / C :
**GLAS Americas, LLC**,
in its capacity as Intercreditor Agent
and Collateral Agent

R E F . :
**Intercreditor Agreement – Proposal for Acquisition of UPI V.tal**

Dear Sirs:

1.      In our capacity as representatives of **BGC Fibra Participações S.A.** ("BGC") and certain of its affiliates ("Bidders"), we refer to the Intercreditor Agreement dated as of August 8, 2024 (the "Intercreditor Agreement"), among Oi S.A. – In Judicial Reorganization, (the "Company"); Rio Alto Investimentos e Participações S.A., as a Grantor; the other Grantors party thereto; GLAS Americas, LLC, as Collateral Agent for the Secured Parties (the "Collateral Agent"); GLAS Americas, LLC, as Intercreditor Agent (the "Intercreditor Agent"); and each other Representative and Secured Party from time to time party thereto. Capitalized terms used herein and not otherwise defined herein shall have the meanings assigned to such terms in the Intercreditor Agreement.

2.      As you are aware, on March 5, 2026, the Bidders submitted a binding offer (the "Binding Offer") for the acquisition of the Company's and Rio Alto's Capital Stock of V.tal, in the form of a *unidade produtiva isolada* ("UPI V.tal"), in accordance with the public bidding notice for the sale of UPI V.tal (the "Notice"), published in the Rio de Janeiro State Court's Official Gazette on February 2, 2026, within the Company's judicial reorganization proceedings (docket n. 0090940-03.2023.8.19.0001)[1].

3.      The V.Tal Shares are subject to the V.Tal Collateral under the Intercreditor Agreement. We wish to reaffirm that the Binding Offer complies with applicable rules and requirements set forth in the RJ Plan, the Public Notice and the Intercreditor

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Intercreditor Agreement.

Agreement. This adherence ensures that the proceeds deriving from this acquisition shall be applied in accordance with the established payment waterfall.

4.      Specifically, the Binding Offer involves the payment of a cash consideration, in one installment, into an escrow account held by the Company and encumbered under fiduciary lien in favor of the Secured Parties. The sale proceeds to be deposited into such escrow account shall be applied for the payment of the Secured Parties, as set forth in Section 12.02 of the Intercreditor Agreement and in Clause 5.3.2 of the RJ Plan.

5.      As a result, should the Binding Offer be approved and confirmed by the Court, **the First Priority Creditors would receive payment, in cash, of a significant portion (approximately 90% of the total outstanding amount, considering principal and accrued and capitalized interest)[2] of the First Priority Debt**, to be distributed on a pro rata basis and ranking *pari passu* among all outstanding First Priority Obligations. The Bidders respectfully encourage that such creditors take the necessary steps to formally express their support for the Binding Offer.

6.      It has been made public, recently, that three First Priority Noteholders are currently subject to a seizure order issued by a Brazilian Authority, in Brazil, which could possibly result in the attachment of their respective pro rata portion of the V.tal Shares sale proceeds. The Bidders respectfully understand that such a possible constraint is a result of ongoing private litigation, external and unrelated to the terms and conditions of the Binding Offer or the sale of UPI V.tal and does not impair the Binding Offer's adherence to the terms and conditions of the Intercreditor Agreement or the RJ Plan.

7.      Also, such possible constraint should not impact the rights of the other First Priority Creditors, which are not subject to the seizure order, to receive payment of their respective portion of the First Priority Notes, with the proceeds of the sale of UPI V.tal, in accordance with the established payment waterfall.

8.      The Bidders remain at your disposal should you need any clarification about the Binding Offer. The Bidders merely request that any communication about this matter shall be made in good faith and in accordance with applicable agreements, law

---

[2] Debt recovery would exceed 100% of principal, covering also a significant portion of accrued interest and fees.

and court orders. Moreover, because these matters are intimately intertwined in the Company's judicial reorganization proceedings, including the RJ Plan and the V.tal Collateral, any disputes that may arise concerning the foregoing will be subject to the exclusive jurisdiction of the Courts of the City of Rio de Janeiro, State of Rio de Janeiro, Brazil, including the 7th Business Court of the City of Rio de Janeiro.

Nothing in this communication shall be construed as a waiver of, or limitation on, any rights, claims, or remedies available to the Bidders, all of which are hereby expressly reserved.

Sincerely,

**BGC FIBRA PARTICIPAÇÕES S.A.**

c.c.:    **The Bidders,**

**BTG PACTUAL INFRACO MASTER FUNDO DE INVESTIMENTO EM PARTICIPAÇÕES MULTIESTRATÉGIA**

**BTG PACTUAL INFRACO CO-INVESTOR FUND LP**

**BTG PACTUAL ECONOMIA REAL MASTER FUNDO DE INVESTIMENTO EM PARTICIPAÇÕES MULTIESTRATÉGIA**

**STANS 13, S.A.**

**BGC HOLDING S.A.**