**Hearing Date and Time: April 15, 2026 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: April 11, 2026 at 4:00 p.m. (Prevailing Eastern Time)**
**Reply Date and Time: April 13, 2026 at 4:00 p.m. (Prevailing Eastern Time)**
**Related CM/ECF No. 162**

**PAUL HASTINGS LLP**
Geoffrey King
Louise Simpson
71 South Wacker Drive, Forty-Fifth Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Email: geoffking@paulhastings.com
         louisesimpson@paulhastings.com

*Counsel to GLAS Americas, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | § § | Chapter 15 |
| Oi, S.A., *et al.*, [1] | § § § | Case No. 23-10193 (LGB) |
| | § | (Jointly Administered) |
| Debtors in a Foreign Proceeding. | § § | |

**STATEMENT OF GLAS AMERICAS, LLC IN RESPECT
OF THE AD HOC GROUP OF SECURED NOTEHOLDERS'
MOTION FOR AN ORDER TO (I) ENFORCE THIS COURT'S PRIOR
ORDER GRANTING FULL FORCE AND EFFECT TO THE BRAZILIAN
RJ PLAN IN THE UNITED STATES AND (II) GRANT RELATED RELIEF**

GLAS Americas, LLC ("GLAS"), hereby submits this statement (the "Statement") in

response to the *Motion For An Order to (I) Enforce This Court's Prior Order Granting Full Force*

*and Effect to the Brazilian RJ Plan in the United States and (II) Grant Related relief* (the "Motion")

[ECF No. 162], filed on behalf of the ad hoc group of secured noteholders (the "Ad Hoc Group").

In support of this Statement, GLAS respectfully states as follows:

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Oi S.A. – Em Recuperação Judicial (01-43 – Brazil), Oi Brasil Holdings Coöperatief U.A. – Em Recuperação Judicial (8447 – Netherlands), Portugal Telecom International Finance B.V. – Em Recuperação Judicial (5023 – Netherlands).

## STATEMENT

1.     GLAS serves as Intercreditor Agent and Collateral Agent for the secured creditors party to the Intercreditor Agreement.[2]  As such, GLAS's role is limited to the explicit rights, duties and responsibilities set forth in the Intercreditor Agreement, which is governed by New York law.

2.     As GLAS previewed at the most recent status conference (the "Status Conference"), certain developments in these Cases may necessitate GLAS to seek certainty from this Court regarding GLAS's role under the Intercreditor Agreement with respect to the Brazilian Judicial Restructuring Proceeding (the "RJ Proceeding") and related judicial restructuring plan (the "RJ Plan").[3]  At present, the RJ Court has not issued any order explicitly compelling GLAS to take action with respect to the disposition of sale proceeds as part of the Sale Transaction (as defined below). However, in light of the Brazil Sale Order (as defined below) and the Motion, GLAS files this brief response to the Motion in order to apprise the Court and the parties in interest that GLAS does not believe it is currently in a position to take any action under the Intercreditor Agreement, in its capacity as Collateral Agent and Intercreditor Agent, prior to this Court ruling on the Motion.

3.     Among other things, GLAS requires further clarity as to the distribution mechanics pursuant to which proceeds of the Sale Transaction (as defined below) will be distributed. As the Court is aware, following the Status Conference, Oi sought and obtained permission from the 7th Lower Commercial Court of the City of Rio de Janeiro, Brazil (the "RJ Court") to sell Oi's equity

---

[2]   The "Intercreditor Agreement" means that certain Intercreditor Agreement, dated as of August 8, 2024 (as supplemented, amended or modified from time to time), among Oi S.A. – in Judicial Reorganization as the Company, Rio Alto Investimentos E Participacoes, S.A., as Grantor, the other Grantors from time to time party thereto, UMB Bank, N.A., as Trustee for the First Priority Noteholders and the Roll-Up Noteholders, BGC Fibra Participacoes S.A., as V. Tal Debentureholder, V. Tal. – Rede Neutra de Telecomunicacoes S.A., as Activation Fee Creditor, the TOP Creditors, GLAS, each of the other Secured Parties from time to time party thereto, and each additional Representative from time to time party thereto. [ECF No. 150-1].

[3]   March 10, 2026 Hr'g Tr. at 39:25–40:1–10.

2

stake in V.tal – Rede Neutra de Telecomunicações S.A. ("V.tal," and such equity, the "V.tal Stake") to V.tal's controlling shareholder, Banco BTG Pactual S.A. ("BTG") (such sale, the "Sale Transaction"). On April 1, the RJ Court authorized the consummation of the sale under Brazilian law (the "Brazil Sale Order"). Under the payment mechanics proposed in the Sale Transaction and approved by the Brazil Sale Order, it is GLAS's understanding that Oi, and not GLAS, is responsible for directing the distribution of sale proceeds. If correct, such payment mechanics are in conflict with the express terms of the Intercreditor Agreement, which explicitly sets forth the terms on which GLAS, as Collateral Agent, may release collateral and apply the proceeds of the collateral at issue. Specifically, under section 5.03 of the Intercreditor Agreement, all proceeds of an asset disposition following acceleration of debt must be paid or distributed to the Collateral Agent for application in accordance with the waterfall set forth under section 7.02 of the Intercreditor Agreement. Accordingly, pursuant to the terms of the Intercreditor Agreement, the proceeds of any disposition of the V.tal Stake must be applied ratably pursuant to the application of proceeds waterfall enumerated under section 7.02 of the Intercreditor Agreement. The Intercreditor Agreement does not provide GLAS with any authority to deviate from its responsibilities in connection with any disposition of the collateral at issue. Therefore, these inconsistencies between the Sale Transaction and Intercreditor Agreement leave GLAS in a position where taking actions in connection with the Sale Transaction may result in a violation of the Intercreditor Agreement and its responsibilities thereunder.

4.      Given the inconsistency between the Sale Order and the terms of the Intercreditor Agreement, GLAS needs clarity with respect to its role as Collateral Agent under the Intercreditor Agreement in relation to implementing the Sale Transaction. Accordingly, GLAS welcomes this Court fashioning a remedy in connection with ruling on the Motion that will provide GLAS with

the necessary clarity to ensure that GLAS is performing its role in connection with the Sale

Transaction in a manner that does not violate the Intercreditor Agreement.

**RESERVATION OF RIGHTS**

5.      GLAS reserves all rights to supplement this Statement and to respond to any filing of the

Debtors, the foreign representative, the Judicial Manager, the Ad Hoc Group or any other party in

interest in these chapter 15 cases.  GLAS further reserves the right to respond to any order with

respect to the Motion.

Dated: April 11, 2026  
      Chicago, Illinois

Respectfully submitted

*/s/  Geoffrey King*

**PAUL HASTINGS LLP**  
Geoffrey King  
Louise Simpson  
PAUL HASTINGS LLP  
71 South Wacker Drive, Forty-Fifth Floor  
Chicago, Illinois 60606  
Telephone: (312) 499-6000  
Facsimile: (312) 499-6100  
Emails: geoffking@paulhastings.com  
        louisesimpson@paulhastings.com

*Counsel to GLAS Americas, LLC*