**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 15** |
| **Oi S.A.** *et al.,* | **Case No.  23-10193 (LGB)** |
| **Debtors in Foreign Proceeding.** | **Jointly Administered** |

### DECLARATION OF THIAGO PEIXOTO ALVES IN SUPPORT OF OBJECTION OF CHAPTER 15 DEBTORS AND FOREIGN REPRESENTATIVE TO MOTION TO ENFORCE FFE ORDER

I, Thiago Peixoto Alves, am a Brazilian citizen, admitted to practice law in Brazil, and a member in good standing of the Brazilian Bar Association and Partner of Ferro, Castro Neves, Daltro & Gomide Advogados ("**FCDG**"), a law firm with offices throughout Brazil.  I hereby declare under penalty of perjury under the laws of the United States of America as follows:

1. I submit this Declaration to assist the Court in consideration of the Ad Hoc Group's Motion to Enforce the Court's Prior Full Force and Effect Order and the Chapter 15 Debtors' and Foreign Representative's Objection thereto.[1]  I am over the age of 18 and, if called upon, could testify to all matters set forth in this declaration, except for those portions specified as being otherwise.

2. I am making this Declaration in accordance with 28 U.S.C. § 1746.

3. FCDG has represented the Oi Debtors, including the Chapter 15 Debtors, since January 2025, in connection with the RJ Proceeding and related matters, including proceedings before the

---

[1] Capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion and Opposition.

RJ Court, the Appellate Court of Rio de Janeiro, and other Brazilian courts and authorities. I have been personally involved in the representation of the Chapter 15 Debtors throughout that engagement and am familiar with the facts and circumstances described herein.

4.      I am a partner at the São Paulo office of FCDG, located at Rua Ramos Batista 198, 7th, 8th and 9th floors, Vila Olímpia, São Paulo, with expertise in civil and commercial litigation, focusing on bankruptcy, corporate recovery, extrajudicial liquidations, and arbitration. I studied law at the Pontifícia Universidade Católica do Rio de Janeiro (PUC-RJ). I received my law degree in 2008 and was admitted to the Brazilian bar in the same year. In 2015, I received my masters degree in Commercial Law from the Universidade de São Paulo.

5.      I am a visiting Professor of the Graduate Program in Business Contracts at the Fundação Getúlio Vargas – FGV Law SP since 2021. I was an Assistant Professor of Commercial Law at the Universidade de São Paulo – USP in 2014. I am a member of the Ordem dos Advogados do Brasil (OAB), Sections of Rio de Janeiro and São Paulo, and of the Bankruptcy and Recovery Law Commission of the Instituto dos Advogados de São Paulo (IASP).

6.      I was recommended by Chambers and Partners in the practice area of Restructuring and Insolvency, by Legal 500 in the area of Restructuring and Insolvency and by Leaders League in the practice area of Restructuring and Insolvency.

7.      I have taken part in numerous judicial and extrajudicial reorganization proceedings, both representing creditors and debtors (e.g. Americanas S.A., Samarco Mineração S.A., Ambipar Participações e Empreendimentos S.A., Odebrecht Óleo e Gás S.A., among others).

8.      On September 30, 2025, the RJ Court appointed Mr. Bruno Rezende as Judicial Manager of the Oi Debtors.  Mr. Rezende's appointment was extended from time to time by subsequent orders of Judge Monica Maria Costa Di Piero, the Reporting Judge of the case in the Appellate Court of Rio de Janeiro (the "**Appellate Court of Rio de Janeiro**"). The Judicial Manager's mandate is currently in effect through April 20, 2026.  While it is possible such mandate will be further extended – or another party could be appointed as Judicial Manager by Judge Monica Maria Costa Di Piero – as of this date, no such extension has been granted.

9.      Attached hereto as Exhibit D is an English translation of the decision dated November 14, 2025, by Appellate Court Judge Costa Di Piero (the "**November 14 Appellate Decision**").[2]

10.     On April 1, 2026, the RJ Court issued the Brazil Sale Order, which directed the Judicial Manager, on behalf of the Oi Companies, to effectuate the sale of the UPI V.tal shares from Oi to BTG consistent with the terms of the now-binding BTG Bid.

11.     The Judicial Manager is obligated to comply with the Brazil Sale Order. Failure to do so could expose the Judicial Manager to criminal penalties and contempt of court under Brazilian law.  The specific applicable law is Article 330 of the Brazilian Penal Code (Decree-Law No. 2,848 of December 7, 1940).  Article 330 defines the crime of disobedience as "disobeying a lawful order issued by a public official," and provides that anyone who commits such a crime is subject to "imprisonment for a term of fifteen days to six months and a fine." Considering that the Brazil

---

[2] This Declaration is being submitted with machine-assisted translations of the Brazilian documents.  Certified translations of these documents have been ordered on an expedited basis, and a supplemental declaration will be filed as soon as those certified translations are available.

Sale Order is a court order issued by a judge, who is a public official, the Judicial Manager's failure to comply with this decision could be classified as a crime of disobedience under Article 330.

12.    The Oi Debtors' UPI V.tal shares are held in Brazil and are registered in the Registry of Securities and Documents in Brazil.  Pursuant to the Fiduciary Transfer of Shares Agreement (the "**V.tal Fiduciary Lien Agreement**"), GLAS holds a fiduciary lien over UPI V.tal shares through its Brazilian agent, TMF Group ("**TMF**"). An English translation of the V.tal Fiduciary Lien Agreement is attached hereto as Exhibit A.

13.    Upon consummation of the sale of the UPI V.tal, the BTG bid proceeds would be transferred into an escrow account that has been established for purposes of this sale.  Oi does not control the Escrow Account and would not be able to direct funds from the Escrow Account for the Oi Debtors' benefit.

14.    At the direction of GLAS, subject to any applicable court order, the UPI V.tal sale proceeds deposited in the Escrow Account would be distributed consistent with the payment waterfall as set out in the RJ Plan and Intercreditor Agreement, or any applicable court order.  All funds held in the Escrow Account are to be distributed immediately unless an interest in such funds is subject to a court order restraining the assets.

15.    I understand the Motion alleges that bankruptcy filings by certain Oi subsidiaries accelerated the Notes.  The particular insolvency filings that I understand are relied upon in the Motion were approved by the Executive Board appointed by the Board of Directors of Oi, which was elected by the Named Defendants.  That approval was despite certain conflicts of interest as I understand these same Named Defendants now allege such filings accelerated the Notes they then

held (and now hold). Thus, the acts that precipitated the same bankruptcy filings and the filings themselves are alleged in Oi's litigation against the Named Defendant creditors as evidence of those Defendants' mismanagement. That conduct also led the Appellate Court of Rio de Janeiro to disband the former Oi Board of Directors and appoint the Judicial Manager. The Named Defendants are among the same creditors that now attempt to use those subsidiary insolvency filings made ten months ago under their watch to argue the Notes were accelerated to prevent the current sale of UPI V.tal.

16. Regardless, according to Brazil case law, acceleration clauses and the unilateral termination of contracts, in the context of judicial reorganization, violate the principles of preserving the company and maintaining balance among creditors (Article 47 of the Brazilian Bankruptcy and Reorganization Law).

\* \* \*

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 under the laws of the United States that the foregoing is true and correct.

Executed on this 11th day of April 2026 in Rio de Janeiro, Brazil.

_____
Thiago Peixoto Alves
FERRO, CASTRO NEVES,
DALTRO & GOMIDE ADVOGADOS