**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, 9th Floor, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7102**

WRITER'S EMAIL ADDRESS
**mariogazzola@quinnemanuel.com**

April 14, 2026

**By ECF Filing**

Hon. Lisa G. Beckerman
U.S. Bankruptcy Judge
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

      Re: *In re Oi S.A., et al.* **Case No. 23-10193 (LGB)**

Dear Judge Beckerman:

We write on behalf of BGC Fibra Participações S.A. and V.tal – Rede Neutra de Telecomunicações S.A. (collectively, "V.tal") to respectfully file with the Court a copy of a decision rendered today, April 14, 2026, by the 7th Business Court of the City and State of Rio de Janeiro (the "RJ Court") in the RJ Proceeding.[1]

After the RJ Court issued its order approving the sale of UPI V.tal (the "Sale Order"), several parties involved in the RJ Proceeding filed motions for clarification (*embargos de declaração*), including UMB Bank N.A. ("UMB"), which filed a motion on behalf of the Ad Hoc Group in its capacity as trustee.

In today's decision, the RJ Court denied UMB's motion, found that UMB's attempt to challenge the RJ Court's Sale Order through means other than seeking an "appropriate appellate remedy" was procedurally improper, and suggested that UMB's actions could give rise to a presumption of bad faith:

> *In truth, [UMB] persists in attempting to uphold his rejection of the submitted proposal and, furthermore, seeks to justify his failure to provide any evidence that he explored alternatives to the sale—a measure contemplated in the Judicial*

---

[1]    A true and correct copy of the decision, in the original Portuguese, is attached hereto as **Ex. A**. A Google Translate machine translation of the decision is also attached hereto as **Ex. B**.

*Reorganization Plan (PRJ). [UMB] even goes so far as to revisit the possibility of conducting a "credit bid"—despite having expressly stated within the proceedings that [UMB] had no intention of doing so, and having reiterated this position during a hearing where [UMB] not only affirmed it verbatim but also insisted that it be formally recorded.* ***Such conduct could give rise to a presumption of bad faith.***

*[…]*

*Accordingly, the unjustified resistance to the natural progression of the proceedings—manifested through an insistence on advancing [UMB]'s legal theory via a motion for clarification rather than through the appropriate appellate remedy—underscores the procedural impropriety of the path chosen.*

Certain individual members of the Ad Hoc Group filed similar motions, which were likewise rejected by the RJ Court.  As to certain of those Ad Hoc Group members, the RJ Court observed that they had failed to raise any challenge to the sale process until after it had concluded, and had contributed nothing proactive to the public bidding process.

The RJ Court's recent ruling further confirms that the objections to the Sale Order have been fully heard, considered, and rejected by the court with primary jurisdiction over the RJ Proceeding.

Respectfully Submitted,

/s/ *Mario O. Gazzola*
Mario O. Gazzola
Counsel to BGC Fibra Participações S.A. and
V.tal – Rede Neutra de Telecomunicações S.A.

2