# EXHIBIT A

Estado do Rio de Janeiro Poder Judiciário
Tribunal de Justiça
Comarca da Capital
Cartório da 7ª Vara Empresarial
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185   e-mail: cap07vemp@tjrj.jus.br



**Fls.**

**Processo: 0090940-03.2023.8.19.0001**

# Processo Eletrônico

Classe/Assunto: Recuperação Judicial - Concurso de Credores / Recuperação Judicial e Falência

Autor: OI S.A.
Autor: PORTUGAL TELECOM INTERNATIONATIONAL FINANCE B.V.
Autor: OI BRASIL HOLDINGS COOPERATIEF U.A.
Administrador Judicial: WALD ADMINISTRAÇÃO DE FALÊNCIAS E EMPRESAS EM ADMINISTRAÇÃO JUDICIAL LTDA
Administrador Judicial: PRESERVAR ADMINISTRACAO JUDICIAL, PERICIA E CONSULTORIA EMPRESARIAL LTDA
Interessado: BANCO BTG PACTUAL S A
Interessado: VITAL S/A
Interessado: LIGGA TELECOMUNICAÇÕES S.A
Amicus Curiae: FEDERAÇÃO NACIONAL DOS TRABALHADORES EM EMPRESAS DE TELECOMUNICAÇÕES E OPERADORES DE MESAS TELEFÔNICAS
Perito: PINTO MACHADO ADVOGADOS ASSOCIADOS

_____

Nesta data, faço os autos conclusos ao MM. Dr. Juiz
Simone Gastesi Chevrand

Em 14/04/2026

## Decisão

PROCESSO Nº 0090940-03.2023.8.19.0001

- I - MANIFESTAÇÃO DA TENDA (ÍNDEXES 132.435 e 134.102)
Alegam erro material, ao fundamento de que constou, na decisão embargada, o termo "SBA" em vez de "TENDA". No mais, sustenta omissão acerca dos valores que serão suportados pela embargante, bem como contradição no que tange à necessidade de expedição de novo alvará para concretização da venda.
Pugna que "os valores comprovadamente despendidos pela TENDA para regularização do imóvel - inclusive aqueles decorrentes de débitos incidentes sobre o bem - deverão ser considerados para fins de abatimento do saldo do preço da aquisição, conforme já reconhecido nas manifestações da recuperanda e do Gestor Judicial, ficando a apuração do montante exato condicionada à adequada comprovação nos autos ou em incidente próprio; (...)"; bem como "seja sanada a contradição existente na decisão embargada quanto à necessidade de expedição de novo alvará para concretização da venda, esclarecendo-se que a alienação do imóvel já foi devidamente autorizada (fls. 96.987), e condicionar a concretização da venda do imóvel à expedição de novo alvará contradiz o quanto previsto contratualmente e homologado por este Juízo anteriormente, além de tornar inviável a operação já que o alvará é um ato prévio a escritura e pagamento e não posterior.".
Manifestação das recuperandas no índex 130.282 e do Gestor Judicial nos índexes 128.117 e 130.055.
O MP se manifestou no índex 131.908.
É o relatório. DECIDO.
De proêmio, impõe-se o reconhecimento do erro material no que tange ao nome do adquirente

Estado do Rio de Janeiro Poder Judiciário
Tribunal de Justiça
Comarca da Capital
Cartório da 7ª Vara Empresarial
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185    e-mail:
cap07vemp@tjrj.jus.br



Tribunal de Justiça do Estado do Rio de Janeiro
Página
136014
Carimbado Eletronicamente

do bem, de sorte que deverá ser lido TENDA.

No mais, assiste razão ao embargante.

As cláusulas 3.5.2 e 3.5.3 da promessa particular de compra e venda preveem que que os valores até então despendidos pela TENDA e aquele que virá a sê-lo, no montante de R$ 825.314,89, serão abatidos do preço a ser pago.

Por sua vez, a AJ e o Gestor Judicial não apresentaram oposição ao requerimento inicial da Tenda, de índex 124.010 e 124.072; condicionando, contudo, o abatimento do preço à prova do dispêndio, conforme se vê dos índexes 128.127 e 130.058.

Ante o exposto, conheço dos embargos, eis que tempestivos e, no mérito, DOU-LHES provimento para sanar o erro material, de sorte que a decisão de índex 132.249, item V, deverá ser lida como "TENDA", no lugar de "SBA".

A par disso, atribuo efeitos infringentes aos embargos para que os valores comprovadamente despendidos pela TENDA, em razão das despesas com as indisponibilidades na matrícula e gastos correntes, nos termos do Instrumento Particular de Compromisso de Venda e Compra firmado entre as partes, sejam abatidos do saldo do preço da aquisição, ficando o montante exato condicionado à comprovação nestes autos pela TENDA, a serem corroborados pelo Gestor Judicial e submetidos à fiscalização do WatchDog e Gestor Judicial.

Ressalte-se que a quitação deverá observar a sistemática contratual de Escrow account, por força da preclusa decisão.

Ao sr. GESTOR para avaliar a possibilidade de aproveitamento do alvará já expedido, ainda que sem a quantificação precisa dos "abatimentos".

## - II - MANIFESTAÇÃO DE CONCOURSE TELECOMUNICAÇÕES (ÍNDEX 134.066)

Pretende a credora seja retificado e atualizado o QGC, em virtude de sentença de procedência já prolatada nos autos de impugnação de crédito.

DESPACHO: Desentranhe-se a petição supramencionada, uma vez que não é pertinente aos autos da recuperação judicial. A AJ tomará ciência da necessidade de retificação nos próprios autos da impugnação e adotará as providências cabíveis.

Eventual descumprimento lá deverá ser comunicado.

## - III - MANIFESTAÇÃO CONJUNTA DA AJ E DO GESTOR JUDICIAL (índex 134.070)

a) Equatorial Pará Distribuidora de Energia S.A. (índex 132.335)

Em breve síntese, sustenta que, diante do inadimplemento, a concessionária interrompeu o fornecimento de energia em 29/10/2025.  Porém, sustenta que a recuperanda efetuou o religamento, em múltiplas ocasiões, de forma clandestina.

O Gestor se manifestou no índex 134.005.

A AJ se manifestou no índex 134.070.

O WatchDog se manifestou no índex 134.091 e considerou a questão superada, opinando pela "retirada do ramal e, buscar perante a TIM S/A, a cobrança dos valores inerentes à utilização da unidade, inclusive, indenização por eventuais prejuízos dela decorrentes, pelas vias processuais adequadas.".

As Recuperandas se manifestaram no índex 134.109, ao fundamento de que não se opõem à retirada do ramal, ressalvando que não realizou qualquer interferência nas instalações elétricas.

DESPACHO: Não obstante a decisão retro, que determinou fossem transladadas as manifestações ao incidente de serviço público essencial, aguarde-se a manifestação do MP, já intimado no índex 134.132.

b) AMDOCS BRASIL LTDA (índex 132.368)

Informa que o valor pago à AMDOCS não corresponde ao valor histórico total de seu crédito concursal.  Requer a intimação da AJ e das Recuperandas, a fim de que tragam os comprovantes de pagamentos feitos a todos os credores, bem como os critérios usados para cada um dos pagamentos.

O Gestor se manifestou no índex 134.005, esclarecendo o valor dos rateios.

A AJ se manifestou no índex 134.070 e pugnou pela intimação do credor para ciência dos esclarecimentos outrora prestados.

O WatchDog, por sua vez, entender ser imprescindível "que os comprovantes de pagamento sejam acostados ao presente feito, a fim de que sejam confirmadas as informações contidas

SIMONEGASTESI



Estado do Rio de Janeiro Poder Judiciário
Tribunal de Justiça
Comarca da Capital
Cartório da 7ª Vara Empresarial
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185    e-mail:
cap07vemp@tjrj.jus.br



Tribunal de Justiça do Estado do Rio de Janeiro
Página
136015
Carimbado Eletronicamente

na Planilha Discriminativa," (vide fls. 134.095).
O MP sobre este tópico.
DESPACHO: Acolho o parecer da Administração Judicial para determinar a intimação do credor, via publicação no DJEN, para ciência acerca dos esclarecimentos prestados pelo Gestor Judicial.
No mais, considerando que a Gestão Judicial informou já estar diligenciando junto aos setores responsáveis da recuperanda para apresentar os pagamentos, aguarde-se por trinta dias.
Com a juntada, dê-se vista ao WatchDog para ciência e, se for o caso, realizar os apontamentos pertinentes.

c) ORACLE DO BRASIL SISTEMAS (ÍNDEX 132.515)
Opôs embargos de declaração, ao fundamento de que foi excluída do rateio deferido pelo Juízo às fls. 126/653/126.655.
A Gestão Judicial se manifestou, ao passo que a AJ se manifestou no índex 134.070.
As Recuperandas endossaram a manifestação do Gestor Judicial.
O MINISTÉRIO PÚBLICO ficou silente a respeito.
DESPACHO: A Administração Judicial informou que o embargante não era detentor de parcelas em aberto à época do rateio, razão pela qual não foi contemplado na proposta de pagamento.
Além de não vislumbrar hipótese do art. 1022 do Código de Processo Civil, não medram as alegações do credor, na medida em que não era titular de parcela vencida no momento do rateio.
Conheço dos embargos, eis que tempestivos, mas, no mérito, NEGO-LHES provimento, pelas razões supra.

d) ANDERSON DOUGLAS FALI FALLEIROS e ECKER ADMINISTRAÇAO (índex 132.378)
O primeiro alega que, a despeito de regular aquisição de imóvel de propriedade da Oi S.A., várias providências, que dependem do Gestor Judicial, não foram tomadas.
O Gestor se manifestou no índex 134.005 e a Administração Judicial o fez no índex 134.070.
O WatchDog não se opôs ao acolhimento do pleito e pugnou para que o Gestor comunique, nestes autos, a assinatura das Escrituras públicas definitivas de compra e venda (índex 134.091).
O MINISTÉRIO PÚBLICO não se manifestou sobre este tópico.
DESPACHO: Considerando que este Juízo já determinou a expedição de alvará para permitir a alienação e registro de ambos os imóveis (índex 132.433 e 132.668), cabe ao Gestor Judicial adotar as medidas necessárias à transferência definitiva dos imóveis - notadamente a assinatura das escrituras públicas.
Esse foi o teor, inclusive, de sua manifestação de índex 134.005.
Não obstante se reconheça o esforço que vem sendo envidado pela Gestão Judicial na satisfação do PRJ e das decisões deste E. TJRJ, é imperiosa a fixação de prazo para cumprimento do desiderato. Os terceiros que confiaram no processo de recuperação judicial, apesar de cientes de todas as dificuldades e peculiaridades aqui presentes, não podem ser prejudicados pela grandiosidade deste feito.
Assim, ponderando os interesses dos adquirentes, bem como das recuperandas, e sempre atento ao volume de obrigações e determinações a serem cumpridas pelo Gestor Judicial, fixo prazo de dois meses para assinatura das escrituras, que deverão ser comunicadas nos autos tão logo finalizadas.
Com a comprovação da assinatura das escrituras, dê-se ciência à Gestão Judicial e ao MP, dando-se, no mais, publicidade via DJEN.

- IV - MANIFESTAÇÃO DO CADE (ÍNDEX 134.325)
DESPACHO: Informa a inexistência de interesse na UPI. Ciente. Intime-se para ciência dos personagens deste processo e do Ministério Público.

- V - EMBARGOS DE DECLARAÇÃO DE UMB BANK (ÍNDEX 134.364)
As recuperandas se manifestaram no índex 134.528.
Sustenta o embargante a existência dos seguintes vícios na decisão de ID 134048:
1)     Contradições quanto às premissas centrais: maximização de valor e limites do controle

SIMONEGASTESI



Estado do Rio de Janeiro Poder Judiciário
Tribunal de Justiça
Comarca da Capital
Cartório da 7ª Vara Empresarial
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185    e-mail: cap07vemp@tjrj.jus.br



Tribunal de Justiça do Estado do Rio de Janeiro
Página
136016
Carimbado Eletronicamente

judicia: rejeição por 92,08% dos credores Opção de Reestruturação I e ausência de destinação do produto da venda ao reforço do caixa das recuperandas;

2)      Contradições quanto à base probatória adotada: a decisão foi baseada em um único laudo apresentado gestão judicial, sem analisar metodologia do laudo da G5;

3)      Omissão, obscuridade e contradição quanto às alternativas existentes: credit bid, nova rodada competitiva e dever das recuperandas de maximizar o valor do ativo: o grupo ad hoc suscitou a possibilidade de um credit bid como alternativa à proposta inferior ao preço mínimo;

4)      Contradição e omissões quanto aos prejuízos concretamente demonstrados e alegada "irracionalidade econômica" da rejeição (a rejeição foi de 92,08% dos credores e objeto de contrariedade pelo Ministério Público;

5)      omissão e erros de premissa quanto à garantia fiduciária e às premissas fáticas sobre os credores (houve rejeição da aprovação pela maioria absoluta de credores que não pode ser deslegitimada);

6)      omissões e erros de premissa quanto às violações ao PRJ e instrumentos da dívida: a decisão não analisou os motivos da recusa, especialmente porque a proposta BTF viola o PRJ e os instrumentos de reestrutuação;

7)      omissão quanto a transações futuras: impôs obrigação de não realizar IPO por 24 meses mas deixou de estabelecer que a indenização em caso de alienação que seja realizada fora do ambiente da bolsa de valores;

8)      pede atribuição de efeito suspensivo ao agravo para "sustar" os efeitos da decisão embargada até apreciação do mérito ou pelo TJRJ;

9)      registra que eventual consumação de alienação não será eficaz a terceiros, inclusive ao grupo BTG.

DECIDO:

Não há um só vício na decisão embargada que se afigure minimamente constatável, à luz das razões expendidas pelo embargante. Todas não configuradoras de omissões, contradições, obscuridade, tampouco necessita de qualquer acréscimo, mas sim de evidente irresignação quanto ao teor do decidido.

Não há, portanto, nada a sanar, mostrando-se a decisão clara e eficaz à solução do que havia sido posto no processo.

Na verdade, insiste o embargante em fazer prevalecer sua recusa à proposta apresentada e, também, defender sua omissão de fazer qualquer demonstração de que tenha buscado alternativas à venda - prevista no PRJ. Inclusive voltando a levantar a possibilidade de realizar credit bid quando: se manifestou expressamente no feito no sentido de não pretender fazê-lo; e reiterou sua posição em audiência, na qual inclusive isto afirmou textualmente, e fez questão de consigná-lo. O que poderia fazer vislumbrar hipótese de má-fé.

Mais do que isso, busca impor nova penalidade ao proponente - e adquirente - além da vedação a realização de IPO por 24 meses, imposição esta que decorreu de iniciativa exclusiva deste Juízo e que poderia - e até mesmo deveria - ter sido defendida pelo ora embargante em momento anterior, naturalmente, como alternativa à hipótese de eventual homologação da proposta.

Sendo assim, a resistência injustificada ao prosseguimento natural do feito, com a insistência em ver prevalecer sua tese pela via dos embargos de declaração, e não do recurso adequado, indica a inadequação da via eleita.

E não é só. A situação é de não conhecimento e imediata preclusão da decisão proferida.

Não é outra a orientação da mais elevada Corte do país, o e. Supremo Tribunal Federal, que nesse sentido vem declarando imediato trânsito em julgado da decisões "embargadas" por declaratórios manifestamente inadmissíveis. A propósito:

AR 2802 AgR-ED
Órgão julgador: Tribunal Pleno
Relator(a): Min. LUIZ FUX
Julgamento: 13/11/2023
Publicação: 23/11/2023
Ementa
EMENTA: EMBARGOS DE DECLARAÇÃO NO AGRAVO INTERNO EM AÇÃO RESCISÓRIA. INEXISTÊNCIA DE OMISSÃO. AUSÊNCIA DE VÍCIO APTO A ENSEJAR QUALQUER DAS HIPÓTESES DE CABIMENTO DOS EMBARGOS DE DECLARAÇÃO. PRETENSÃO DE



Estado do Rio de Janeiro Poder Judiciário
Tribunal de Justiça
Comarca da Capital
Cartório da 7ª Vara Empresarial
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185   e-mail: cap07vemp@tjrj.jus.br

REDISCUTIR MATÉRIA JÁ DECIDIDA. EFEITOS INFRINGENTES. IMPOSSIBILIDADE. EMBARGOS DECLARATÓRIOS DESPROVIDOS. CERTIFICAÇÃO DO TRÂNSITO EM JULGADO E BAIXA IMEDIATA DOS AUTOS, INDEPENDENTEMENTE DA PUBLICAÇÃO DO ACÓRDÃO. 1. Os embargos de declaração são cabíveis quando houver, na sentença ou no acórdão, ambiguidade, obscuridade, contradição ou omissão, ex vi do art. 619 do Código de Processo Penal. Inexistentes quaisquer desses vícios, não se pode falar em cabimento do recurso de embargos de declaração. 2. In casu, a pretensão de rediscutir toda matéria de fundo constante da ação rescisória é inviável na via estreita dos embargos declaratórios, máxime quando inexiste vício a ser sanado. 3. Embargos declaratórios desprovidos com determinação de certificação de trânsito em julgado, com a consequente baixa imediata dos autos, independentemente da publicação do acórdão.
Decisão:
O Tribunal, por unanimidade, negou provimento aos embargos de declaração e determinou a certificação do trânsito em julgado, com a consequente baixa imediata dos autos, independentemente de publicação do acórdão, nos termos do voto do Relator. Plenário, Sessão Virtual de 3.11.2023 a 10.11.2023.

À vista do exposto, DEIXO DE CONHECER dos embargos de declaração manifestamente descabidos e pronuncio a preclusão da presente decisão, quanto a este embargante.
Ficará este juízo atento a postura processual do aludido requerente, a qual, acaso se afigure inadequada, será pontualmente aferida e repreendida.

- VI - MANIFESTAÇÃO DO GESTOR JUDICIAL (ÍNDEX 134.490)
DESPACHO: Ao MP, sugerindo-se urgência na apreciação da medida, ante as alegações ali ventiladas.
Sem prejuízo, e buscando dar efetividade à solução  urgente reclamada, determino como medida atípica a intimação pessoal pelo responsável pelo tabelionato indicado para que proceda à baixa do apontamento em desfavor do gestor judicial em 2 horas, sob pena de, em não o fazendo, colocar-se em situação de flagrante descumprimento de decisão judicial passível de ocasionar sua detenção pelo oficial que realizará a intimação que, desde já, fica ciente de que se fará acompanhar na diligência de autoridade policial. Expeça-se mandado.

- VII - EMBARGOS DE DECLARAÇÃO DE BTG ("PROPONENTES") (ÍNDEX 134.545)
Sustenta o embargante a necessidade de esclarecimentos da decisão de ID 134048.
Com inteira razão o embargante, razão pela qual é inclusive desnecessária manifestação de outros personagens eis que os esclarecimentos pretendidos integraram a decisão embargada, pois nelas estão implícitos, além de serem os efeitos que naturalmente dela defluem.
Passo, assim, a explicitá-los.
Parte a  necessidade de esclarecimentos da premissa segundo a qual este Juízo impôs penalidades ao proponente em caso de realização de IPO no prazo de 24 meses seguidos à aquisição da participação acionária e, ainda, de desistência da proposta apresentada.
Quanto a primeira penalidade, cuidando-se de medida restritiva que efetivamente se impôs, naturalmente não comporta interpretação elástica. Razão pela qual a obrigação de abstenção se atém à hipótese textualmente prevista como eventual fato gerador: a realização de IPO por 24 meses. Não se estende a qualquer outra hipótese de venda que não a abertura de capital em bolsa. Ou seja, não incide em caso de operações de venda, venda de ativos, fusão, cisão, incorporação ou incorporação de ações, independentemente de envolverem sociedade cujos valores mobiliários já sejam admitidos à negociação em mercado regulamentado, nem operações de combinação de negócios, ainda que envolvam companhia aberta ou veículos de investimentos á listados e resultem na admissão à negociação de ações ou valores mobiliários da V.Tal em mercado regulado, e nem qualquer outra forma de admissão à negociação em mercado regulamentado que não decorra de uma oferta pública de distribuição de valores mobiliários, nos termos da regulamentação aplicável.
Tendo em vista ter sido adquirida em UPI participação acionária de 27,5% de ações da V.Tal, caso venha a ocorrer a hipótese vedada pelo Juizo - de realização de IPO em 24 meses, a indenização fixada incidirá exclusivamente sobre o percentual alienado. Evidentemente, não poderá incidir sobre percentual superior ao vendido que não foi objeto da concorrência.
Por fim, a imposição de penalidade ao proponente caso venha a realizar IPO em 24 meses,





Estado do Rio de Janeiro Poder Judiciário
Tribunal de Justiça
Comarca da Capital
Cartório da 7ª Vara Empresarial
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185    e-mail:
cap07vemp@tjrj.jus.br

específica e pontualmente fixada pelo Juízo, apenas se aplica ao fato gerador fixado. Cuida-se de penalidade que não se confunde com o earn out fixado para outras hipóteses (versadas na proposta) nem com ele se confunde. Ou seja, a penalidade de 90% do produto do que vier a receber com os 27,5% das ações em IPO em 24 meses incide exclusivamente, não se acumulando com o earn out contido na proposta.

ACOLHO, pois, os embargos declaratórios para integrar à decisão embargada os esclarecimentos supra.

- VIII - EMBARGOS DE DECLARAÇÃO DE SC LOWY (ÍNDEX 135.523):
Sustenta o embargante a existência dos seguintes vícios na decisão de ID 134048:
1)	foi baseada em um único laudo como prova da avaliação do ativo, apesar de ter havido expressa renúncia à reavaliação do ativo no PRJ, e foi vendido talvez o mais valioso ativo por 1/3 do valor da avaliação;
2)	o arresto mencionado na decisão não atinge todos os credores opção de reestruturação I e, considerando eles, ainda assim a proposta teria sido rejeitada por 60% dos credores;
3)	a proposta BTG não é conforme ao PRJ;
4)	pede atribuição de efeito suspensivo
DECIDO:
	Não há um só vício na decisão embargada que se afigure minimamente constatável, à luz das razões expendidas pelo embargante. Na realidade, os fundamentos apresentados, também por embargante que omitiu-se no dever de, no momento adequado - naturalmente seguinte à publicação do edital de venda ou ao menos após avanço do procedimento - voltar-se contra os termos da concorrência (a exemplo do feito por UMB), possuem intuito eminentemente infringente de rediscussão da decisão. E isto deve ser desafiado por recurso adequado que não se confunde com a devolução, ao mesmo juízo prolator da decisão, de motivos que levaram à adoção da solução. Aliás, veja-se que os motivos que fundamentam a decisão embargada são suficientes e não decaem ao argumento de que o arresto não atinge todos os credores Opção de Reestruturação I.

Inexiste o que sanar, mostrando-se a decisão clara e eficaz à solução do que havia sido posto no processo.

E não é só. A situação é de não conhecimento e imediata preclusão da decisão proferida.

Não é outra a orientação da mais elevada Corte do país, o e. Supremo Tribunal Federal, que nesse sentido vem declarando imediato trânsito em julgado da decisões "embargadas" por declaratórios manifestamente inadmissíveis. A propósito:

AR 2802 AgR-ED
Órgão julgador: Tribunal Pleno
Relator(a): Min. LUIZ FUX
Julgamento: 13/11/2023
Publicação: 23/11/2023
Ementa
EMENTA: EMBARGOS DE DECLARAÇÃO NO AGRAVO INTERNO EM AÇÃO RESCISÓRIA. INEXISTÊNCIA DE OMISSÃO. AUSÊNCIA DE VÍCIO APTO A ENSEJAR QUALQUER DAS HIPÓTESES DE CABIMENTO DOS EMBARGOS DE DECLARAÇÃO. PRETENSÃO DE REDISCUTIR MATÉRIA JÁ DECIDIDA. EFEITOS INFRINGENTES. IMPOSSIBILIDADE. EMBARGOS DECLARATÓRIOS DESPROVIDOS. CERTIFICAÇÃO DO TRÂNSITO EM JULGADO E BAIXA IMEDIATA DOS AUTOS, INDEPENDENTEMENTE DA PUBLICAÇÃO DO ACÓRDÃO. 1. Os embargos de declaração são cabíveis quando houver, na sentença ou no acórdão, ambiguidade, obscuridade, contradição ou omissão, ex vi do art. 619 do Código de Processo Penal. Inexistentes quaisquer desses vícios, não se pode falar em cabimento do recurso de embargos de declaração. 2. In casu, a pretensão de rediscutir toda matéria de fundo constante da ação rescisória é inviável na via estreita dos embargos declaratórios, máxime quando inexiste vício a ser sanado. 3. Embargos declaratórios desprovidos com determinação de certificação de trânsito em julgado, com a consequente baixa imediata dos autos, independentemente da publicação do acórdão.
Decisão:
O Tribunal, por unanimidade, negou provimento aos embargos de declaração e determinou a certificação do trânsito em julgado, com a consequente baixa imediata dos autos,

Estado do Rio de Janeiro Poder Judiciário
Tribunal de Justiça
Comarca da Capital
Cartório da 7ª Vara Empresarial
Av. Erasmo Braga, 115 Lna Central 706CEP: 20020-903 - Centro - Rio de Janeiro - RJ Tel.: 3133 2185    e-mail: cap07vemp@tjrj.jus.br

**Página**

**136019**

independentemente de publicação do acórdão, nos termos do voto do Relator. Plenário, Sessão Virtual de 3.11.2023 a 10.11.2023.

À vista do exposto, DEIXO DE CONHECER dos embargos de declaração manifestamente descabidos e pronuncio a preclusão da presente decisão quanto a este embargante.

- X - EMBARGOS DE DECLARAÇÃO FUNDOS PIMCO (ÍNDEX 135.566):
Sustenta o embargante a existência de contradição interna na valoração da conduta dos credores, da autonomia privada e da prova técnica produzida nos autos; bem como de omissões relevantes quanto a questões centrais suscitadas pelas partes, indispensáveis à aferição da legalidade da deliberação dos credores e da própria higidez do procedimento de alienação.

Prossegue o embargante narrando que a decisão silencia sobre aspectos cruciais do certame, notadamente, (i) a ausência de efetiva competição no procedimento de alienação, (ii) a possível caracterização de preço vil para aquisição do ativo alienado  e  (iii)  o paradoxo de se invocar o cenário de crise para mitigar a cautela devida na alienação de ativo qualificado como a "joia da coroa" da Companhia, conforme apontado pelo Ministério Público do Estado do Rio de Janeiro.

Em  que pese este Juízo tenha imensa admiração pela linha redacional de defesa exposta na peça, destacada pela elegância usualmente constatada em manifestações do subscritor, não pode verificar a existência de nenhum dos vícios indicados que maculariam a decisão embargada.

Com efeito, mesmo aqui se infere nítido intuito infringente de buscar fazer prevalecer as conclusões do embargante às teses subjacentes decididas. Contudo, a decisão embargada enfrentou-as, concluindo de forma diversa, e isto enseja eventual revisão pela instância superior, mas não pelo juízo que a prolatou.

Cuida-se também de credor que, a exemplo dos outros dois embargantes (embargos de declaração acima rejeitados), deixou para opor-se à alienação apenas após sua conclusão, não tendo contribuído proativamente para o procedimento público deflagrado senão para discutir seu resultado, sem subsídios probatórios próprios para rebatê-los.

Idêntica solução deve ser aqui adotada, portanto.

Haja vista inexistir qualquer vício atribuído à decisão embargada, mas evidente propósito infringente, a situação é de não conhecimento, conforme acima exposto, com imediata preclusão da decisão proferida.

À vista do exposto, DEIXO DE CONHECER dos embargos de declaração manifestamente descabidos e pronuncio a preclusão da presente decisão quanto a este embargante.

Rio de Janeiro, 14/04/2026.

**Simone Gastesi Chevrand - Juiz Titular**

_____

Autos recebidos do MM. Dr. Juiz

Simone Gastesi Chevrand

Em ____/____/_____

Código de Autenticação: **49GM.YNYR.J785.YLE4**
Este código pode ser verificado em: www.tjrj.jus.br – Serviços – Validação de documentos

SIMONEGASTESI



SIMONE GASTESI CHEVRAND:20762    Assinado em 14/04/2026 21:45:29
Local: TJ-RJ